*Zabel and Associates, LLC*
Attorneys at law

Matthew A. Zabel

*Member of Pa. Bar

Of Counsel
Bryan A. George*

8 West Main Street
Maple Shade, New Jersey 08052
(856) 779-0060 Fax (856) 779-0032
email: mzabel@zabel-law.com

Of Counsel
Deidre E. Gannon
(1953-2016)

June 3, 2026

RECEIVED

SEP 14 2026

AT 8:30_______________M
CLERK, U.S. DISTRICT COURT - DNJ

Re: Walter Green vs. Gregory Leonberg
Our Client - Walter Green
Docket No. DC-8988-25

To Whom it May Concern:

Pursuant to negotiations and Court Orders that are existing in this action, the attached list of property which is owned by Mr. Green which was to be returned to him from the Defendant Landberg. The return was to occur September 4, 2025 and September 15, 2025. To date, none of this equipment has been returned and Mr. Green has not been paid any kind of compensation for the failure of Mr. Leonberg to return these items.

Respectfully,

ZABEL AND ASSOCIATES, LLC

Matthew A. Zabel

MAZ/pm

2012 towtruck 62,000 mi = $ 36,000

2019 Hellcat = 15,000.00

1969 Shavel = 5,000.00 Missing

Uhaul car ~~trailer~~ trailer with 2 lawn mowers = 10,000

2017 Bucik SUV = 8,500.00

2011 camaro = 8,000.00

Missing
2 John deer tracktor lawn mower = 500.00 Each

westin house generator = 1,200.00

Took in camper (2009) = 2,000.00

---

86,700.00
in total items

**Judiciary eCourts System - Special Civil Part**

**CASE JACKET**

# Docket Number: BUR DC 008988 - 25

Back

**Case Caption:** Green Vs Leonberg Gregory

**Court:** Special Civil Part | **Venue:** Burlington | **Case Initiation Date:**

**Case Type:** Illegal Lock/ Return Of Tenants Prop - Illegal Lockout | **Case Status:** Closed | **Demand Amount:** $0.

**Case Track:** | **Judge:** | **Jury Demand:** None

**Case Disposition:** Dismissed Without Prejudice | **Statewide Lien:**

**Plaintiffs (1)** | Defendants (1) | Case Proceedings (4) | ACMS Documents (17) | Fees (17)

Walter Green (Party No. 1)

Case Actions

| Filed Date | Filings | Docket Text | |
|---|---|---|---|
| 07/02/2025 | | Verified Complaint for BUR-DC-008988-25 submitted by WALTER GREEN, on behalf of WALTER GREEN against GREGORY LEONBERG | SC |
| 07/02/2025 | | General Correspondence submitted by Court | SC |
| 07/03/2025 | | Dock Num Assignd Notice submitted by Case Management | SC |
| 07/03/2025 | | Order to Show Cause(Setting Hearing Date)-GRANTED by Judge JOHN E. HARRINGTON, J.S.C.,RECALL/T.A. | SC |
| 07/03/2025 | | The motion filed on 07/02/2025 will be decided on 07/23/2025. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: COMPLAINT [SCP20252762391] | SC |
| 07/03/2025 | | **CLERK NOTICE:** re: Complaint [SCP20252762391] -Please be advised that the hearing is scheduled for Wednesday, July 23, 2025 at 1:30pm in person. Thank you. | SC |
| 07/10/2025 | | Proof of Service uploaded by Case Management Staff submitted by WALTER GREEN | SC |
| 07/23/2025 | | Order To Amend Order - GRANTED by Judge HARRINGTON, JOHN, E | SC |
| 07/23/2025 | | The motion filed on 07/02/2025 was rescheduled to 08/07/2025. Do not come to the courthouse because no oral argument has been requested. The court's decision will be provided to you. Re: COMPLAINT [SCP20252762391] | SC |
| 07/30/2025 | | NOTICE OF APPEARANCE (OTHER THAN IN LIEU OF ANSWER) submitted by ZABEL, MATTHEW, A of ZABEL & ASSOCIATES LLC on behalf of WALTER GREEN against GREGORY LEONBERG | SC |

| Filed Date | Filings | Docket Text | |
|---|---|---|---|
| 08/06/2025 | | MISCELLANEOUS DOCUMENT - GENERAL CORRESPONDENCE submitted by ZABEL, MATTHEW, A of ZABEL & ASSOCIATES LLC on behalf of WALTER GREEN against GREGORY LEONBERG | SCI |
| 08/07/2025 | | **CLERK NOTICE:** re: ORDER TO AMEND ORDER [SCP20253081210] -Please be advised this matter is scheduled for an in-person ejectment hearing on August 7, 2025 at 1:30PM. Please report to 49 Rancocas Rd, Mount Holly, NJ 08060, 3rd Floor, Courtroom 1COB. | SCI |
| 08/07/2025 | | REQUEST FOR ADJOURNMENT submitted by ROTSIDES, NICOLAS, GORDON of GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of GREGORY LEONBERG against WALTER GREEN | SCI |
| 08/07/2025 | | Order To Amend Order - GRANTED by Judge HARRINGTON, JOHN, E | SCI |
| 08/07/2025 | | Oral argument has been granted. Hearing is rescheduled on 08/15/2025 with Judge HARRINGTON, JOHN, E, Court Room 311. re: COMPLAINT [SCP20252762391] | SCI |
| 08/07/2025 | | **CLERK NOTICE:** re: REQUEST FOR ADJOURNMENT [SCP20253307574] -Request to adjourn proceeding has been granted - This matter is now scheduled for an in-person hearing on August 15, 2025 at 10:00 AM. Please report to 49 Rancocas Rd, Mount Holly, NJ 08060, Courtroom 1COB. | SCI |
| 08/11/2025 | | Answer W/CounterClaim submitted by ROTSIDES, NICOLAS, GORDON of GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of GREGORY LEONBERG against WALTER GREEN | SCI |
| 08/13/2025 | | Answer submitted by ZABEL, MATTHEW, A of ZABEL & ASSOCIATES LLC on behalf of WALTER GREEN against GREGORY LEONBERG | SCI |
| 08/15/2025 | | **CLERK NOTICE:** re: ORDER TO AMEND ORDER [SCP20253308742] -CORRECTION: The hearing scheduled for August 15, 2025 at 10:00 AM will be heard via Zoom. Please join https://njcourts.zoomgov.com/j/1608389630?pwd=LUguxgHkm4pl7b18DETz0O9E9vVJrb.1 Meeting ID: 160 838 9630 Password: 905800 | SCI |
| 08/15/2025 | | Order To Amend Order - Granted by Judge HARRINGTON, JOHN, E | SCI |
| 08/15/2025 | | Oral argument has been granted. Hearing is rescheduled on 09/04/2025 with Judge HARRINGTON, JOHN, E, Court Room 311. re: COMPLAINT [SCP20252762391] | SCI |
| 08/15/2025 | | Order To Amend Order submitted by Court | SCI |
| 08/21/2025 | | OBJECTION/RESPONSE TO MOTION submitted by ROTSIDES, NICOLAS, GORDON of GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of GREGORY LEONBERG against WALTER GREEN | SCI |
| 09/11/2025 | | Other Court-initiated Order - Denied by Judge HARRINGTON, JOHN, E | SCI |
| 09/11/2025 | | ORDER FOR SUMMARY JUDGMENT-Denied by Judge HARRINGTON, JOHN, E re: Complaint [SCP20252762391] | SCI |
| 10/08/2025 | | ORDER - NO MOTION submitted by ZABEL, MATTHEW, A of ZABEL & ASSOCIATES LLC on behalf of WALTER GREEN against GREGORY LEONBERG | SCI |
| 10/15/2025 | | Order For Dismissal - Granted by Judge HARRINGTON, JOHN, E | SCI |

Showing 1 to 27 of 27 entries

Screen ID : ECCV3000 © Copyright NJ Judiciary 2016
BUILD: CivilCaseJacket_2026.03.00.03.5

**Form A**

Filing Attorney Information or Pro Se Litigant:
Name ______
NJ Attorney ID Number ______
Address ______

Email Address greenmoney3997@gmail.com
Telephone Number ______

SUPERIOR COURT
BUR FINANCE
2025 JUN -2 PM 1:54
RECEIVED
BY: 004

Walter Green
Plaintiff/Tenant Name
177 EASTBROOK LN
Street Address
Willingboro, NJ, 08046
Town, State, Zip Code
609-850-3443
Telephone Number

vs.

Gregory Leon Berg
Defendant/Landlord Name
Greenblatt, Lieberman
Street Address
203 high Street
Town, State, Zip Code
Mt. Holly, 08060
Telephone Number 609-267-1301

Superior Court Of New Jersey
Law Division, Special Civil Part
______ County

Docket Number ______

(✓) Cash ( ) Check
( ) Money Order
Fee Paid & Entered
JUL - 2 2025
#.55061
Amount $ 75.00
Batch # 242

**Civil Action**

**Verified Complaint for Wrongful Distraint Seeking Return of Personal Property and Restraints**

The Plaintiff/Tenant, ______, who is now residing at ______, New Jersey, by way of verified complaint says:

1. Plaintiff/Tenant is the legal tenant of ______, under written/oral lease with ______.

2. On ______, 20___, the defendant/landlord ______, locked me out of the premises illegally. My requests for re-entry have not been successful.

3. There is no pending landlord/tenant action in the special civil part court allowing for my eviction or taking of my personal property.

4. There is no other court order allowing for my eviction or the changing of the locks at the premises, including a temporary or final domestic violence restraining order.

5. Plaintiff/Tenant has been deprived of their property without due process of law in violation of *N.J.S.A.* 2A:33-1, *et. seq*.

6. The value of the property is $ 75,000

**Form A**

7. The following is a brief description of what occurred:

Landlord Changed locks and Started selling my property,

**WHEREFORE,** the Plaintiff/Tenant demands judgment against the Defendant/Landlord:

A. Ordering the return of plaintiff/tenant's personal property and awarding Plaintiff/Tenant court costs; or awarding plaintiff/tenant damages in the amount of twice the value of the goods wrongfully distrained and sold pursuant to *N.J.S.A.* 2A:33-17 plus court costs;

B. Awarding plaintiff/tenant double costs pursuant to *N.J.S.A.* 2A:33-19;

C. Any other relief the Court deems appropriate and necessary.

Dated: ____________ Signature

**Verification**

I am the plaintiff/tenant in this action. I have read the verified complaint in this action and certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted or removed from documents now submitted to the court and will be redacted or removed from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Do you need disability accommodations? ☐ Yes ☐ No

If yes, please state request: ____________

Will an interpreter be needed? ☐ Yes ☐ No

If yes, state language: ____________

Dated: ____________

Signature of Plaintiff/Tenant

Type or Print Name

**Form B**

Filing Attorney Information or Pro Se Litigant:
Name ______________________________
NJ Attorney ID Number ______________________
Address ______________________________
______________________________
Email Address ______________________________
Telephone Number ______________________________

Superior Court Of New Jersey
Law Division, Special Civil Part
______________ County

Docket Number ______________

Walter Green
Plaintiff/Tenant Name
179 EASTBROOK LN
Street Address
Willingboro, NJ, 08046
Town, State, Zip Code
609-880-3443
Telephone Number

vs.

Gregory Leonberg
Defendant/Landlord Name
______________________________
Street Address
______________________________
Town, State, Zip Code
______________________________
Telephone Number

**Civil Action**

**Order to Show Cause for Return of Personal Property and Restraints**

This matter having been opened to the court by the plaintiff/tenant, and it appearing from the attached verified complaint and supporting certification that the defendant/landlord has wrongfully withheld the plaintiff/tenant's personal property, and it appearing that the plaintiff/tenant is suffering immediate harm thereby, and the plaintiff/tenant having requested an order (1) compelling the defendant/landlord to restore the plaintiff/tenant to possession of their personal belongings restraining the defendant/landlord and/or defendant's/landlord's agents from using any further self-help means to wrongfully withhold plaintiff's/tenant's personal belongings and award for court costs; or instead (2) awarding damages for defendant's/landlord's failure to return Plaintiff's/Tenant's personal property plus court costs; and it appearing that defendant/landlord was given notice of this application for relief;

**Do Not Write Below This Line – For Court Use Only**

It is on this _____ day of ______________, 20___,

**ORDERED** that the Defendant/Landlord show cause before the undersigned Judge of the ______________ County Superior Court in ______________, New Jersey on the _____ day of ______________, 20 ___, _____ ☐ a.m./☐ p.m. or as soon thereafter as the matter could be heard, why the defendant/landlord should not be stopped from further interference with plaintiff/tenant's personal property, and why judgment should not be entered against defendant/landlord for damages and court costs; and it is

**Form B**

**ORDERED,** that the defendant/landlord immediately restore plaintiff/tenant to possession of their personal property; and it is further

**ORDERED,** that the defendant/landlord, and any agents/employees of defendant/landlord, are restrained from further interference with plaintiff's/tenant's personal property; and it is further

**ORDERED,** that the defendant/landlord shall file written opposition to the order to show cause, by way of an answer, answering affidavit or motion, and proof of service by _____________, 20___.
The original documents must be filed with the Office of the Special Civil Part in the county listed above. A list of these offices is provided. You must send a copy of your opposition papers directly to Judge ___________________________________, whose address is
_____________________________________________________________________________, New Jersey.
You must also send a copy of your opposition papers to the plaintiff/tenant whose name and address appear on the verified complaint. A telephone call will not protect your rights; you must file and serve your opposition (with the fee if you file an answer) if you want the court to hear your opposition to the relief the plaintiff/tenant is seeking, and it is further

**ORDERED,** that if the defendant/landlord does not file and serve opposition to this order to show cause, the application could be decided on the papers on the return date and relief could be granted by default; and it is further

**ORDERED,** that the defendant/landlord take notice that the plaintiff/tenant, named above, has filed a lawsuit against you in the Special Civil Part of the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis for this lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service **within 35 days from the date of service** of this order to show cause, not counting the day you received it.

These documents must be filed with the Office of the Special Civil Part in the county listed above. Include the appropriate filing fee payable to the "*Treasurer, State of New Jersey.*" You can find out the amount of the filing fee by calling the Special Civil Part office. You must also send a copy of your Answer to the Plaintiff/Tenant whose name and address appear on the verified complaint. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment by default could be entered against you. **Please note: Opposition to the Order to Show Cause is not an answer and you must file both.**

If you do not file and serve an answer within 35 days of service of this order, the court could enter a default against you for the relief the plaintiff/tenant demands. If the plaintiff/tenant seeks money damages, then the court could enter a judgment against you, and any interest accrued on the damage's amount and the costs of the lawsuit. If a money judgment is entered against you, a Special Civil Part officer could seize your money, wages, or personal property to pay all or part of the judgment, and it is further

**ORDERED,** that the defendant/landlord could move to modify or dissolve this Order upon ____ day(s) written notice to the plaintiff; and it is further

**ORDERED,** that a copy of this Order to Show Cause, verified complaint, and supporting certification submitted in support of this application shall be served by the plaintiff/tenant upon the defendant/landlord personally, or if such service cannot be made, by certified mail, return receipt requested, and regular mail, within ____ days of the date of this order, and provide proof of such service to the court no later than three (3) days before the hearing date.

If you cannot afford an attorney, free legal advice could be available by contacting Legal Services at ________________. If you can afford to pay an attorney but do not know one, you can call the Lawyer Referral Services of your local county Bar Association at ______________.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

Dated: __________ ______________________________

J.S.C.

Filing Attorney Information or Pro Se Litigant:
Name ______________________
NJ Attorney ID Number ______________________
Address ______________________
______________________
Email Address ______________________
Telephone Number ______________________

SUPERIOR COURT
BUR FINANCE
2025 JUL -2 PM 1:56
RECEIVED
BY: 002

Superior Court of New Jersey
Law Division, Special Civil Part
______________________ County

WALTER GREEN
Plaintiff/Tenant Name
177 EASTBROOK LN
Street Address
Willingboro, NJ, 08046
Town, State, Zip Code
609-880-3443
Telephone Number

Docket Number ______________________

vs.

Gregory Leon Berg
Defendant/Landlord Name
______________________
Street Address
______________________
Town, State, Zip Code
______________________
Telephone Number

**Civil Action**

## Certification in Support of Order to Show Cause for Return of Personal Property and Restraints

I, ______________________, residing at ______________________, make this certification in support of my application of relief:

1. I was illegally locked out of my rented house/apartment. My personal property was confiscated by the defendant/landlord and has not been returned.

2. There is no pending landlord/tenant action in the Special Civil Part court allowing for my eviction or taking of my personal property.

3. There is no temporary or final domestic violence restraining order allowing for my eviction or the changing of the locks at the premises.

4. I have been unsuccessful in my attempts to regain my personal belongings since the illegal lockout.

5. I have suffered and will continue to suffer hardships because my personal belongings have been kept from me.

**Form C**

6. I hereby certify that I notified the landlord (or the landlord's lawyer) that I was going to make this application for relief today. Explain how you notified the landlord or lawyer and what they said:

---

---

---

7. In view of the above, I respectfully request that the court grant me immediate relief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

Dated: 7-2-2025 [signature]

Signature of Plaintiff/Tenant

WALTER GREENS

Type or Print Name

**Form A**

Filing Attorney Information or Pro Se Litigant:
Name ____________
NJ Attorney ID Number ____________
Address ____________

Email Address greenmoney3997@gmail.com
Telephone Number ____________

SUPERIOR COURT
BUR FINANCE
2025 JUN -2 PM 1:54
RECEIVED
BY: 004

Superior Court Of New Jersey
Law Division, Special Civil Part
____________ County

Walter Green
Plaintiff/Tenant Name
177 EASTBROOK LN
Street Address
Willingboro, NJ, 08046
Town, State, Zip Code
609-850-3443
Telephone Number

vs.

Gregory Leon Berg
Defendant/Landlord Name
Greenblatt, Lieberman
Street Address
205 high Street
Town, State, Zip Code
Mt. Holly, 08060
Telephone Number 609-267-1301

Docket Number ____________

(✓) Cash ( ) Check
( ) Money Order
Fee Paid & Entered
JUL - 2 2025
# 55061
Amount $ 75.00
Batch # 342

**Civil Action**

## Verified Complaint for Wrongful Distraint Seeking Return of Personal Property and Restraints

The Plaintiff/Tenant, ____________, who is now residing at ____________, New Jersey, by way of verified complaint says:

1. Plaintiff/Tenant is the legal tenant of ____________, under written/oral lease with ____________.
2. On ____________, 20___, the defendant/landlord ____________, locked me out of the premises illegally. My requests for re-entry have not been successful.
3. There is no pending landlord/tenant action in the special civil part court allowing for my eviction or taking of my personal property.
4. There is no other court order allowing for my eviction or the changing of the locks at the premises, including a temporary or final domestic violence restraining order.
5. Plaintiff/Tenant has been deprived of their property without due process of law in violation of *N.J.S.A.* 2A:33-1, *et. seq*.
6. The value of the property is $ 75,000

**Form A**[21]

7. The following is a brief description of what occurred:
Landlord Changed locks and Started selling my property,

**WHEREFORE,** the Plaintiff/Tenant demands judgment against the Defendant/Landlord:

A. Ordering the return of plaintiff/tenant's personal property and awarding Plaintiff/Tenant court costs; or awarding plaintiff/tenant damages in the amount of twice the value of the goods wrongfully distrained and sold pursuant to *N.J.S.A.* 2A:33-17 plus court costs;

B. Awarding plaintiff/tenant double costs pursuant to *N.J.S.A.* 2A:33-19;

C. Any other relief the Court deems appropriate and necessary.

Dated: ____________ [signature]
Signature

**Verification**

I am the plaintiff/tenant in this action. I have read the verified complaint in this action and certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

I certify that the matter in controversy is not the subject of any other court action or arbitration proceeding, now pending or contemplated, and that no other parties should be joined in this action.

I certify that confidential personal identifiers have been redacted or removed from documents now submitted to the court and will be redacted or removed from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Do you need disability accommodations? ☐ Yes ☐ No

If yes, please state request: ____________

Will an interpreter be needed? ☐ Yes ☐ No

If yes, state language: ____________

Dated: ____________ ____________
Signature of Plaintiff/Tenant

____________
Type or Print Name

**Form B**

Filing Attorney Information or Pro Se Litigant:
Name ______________________________
NJ Attorney ID Number ______________________________
Address ______________________________
______________________________
Email Address ______________________________
Telephone Number ______________________________

Superior Court Of New Jersey
Law Division, Special Civil Part
______________________ County

Docket Number ______________________

Walter Green
Plaintiff/Tenant Name
177 EASTBROOK LN
Street Address
Willingboro, NJ, 08046
Town, State, Zip Code
609-880-3443
Telephone Number

vs.

Gregory Leonberg
Defendant/Landlord Name
______________________________
Street Address
______________________________
Town, State, Zip Code
______________________________
Telephone Number

**Civil Action**

**Order to Show Cause for Return of Personal Property and Restraints**

This matter having been opened to the court by the plaintiff/tenant, and it appearing from the attached verified complaint and supporting certification that the defendant/landlord has wrongfully withheld the plaintiff/tenant's personal property, and it appearing that the plaintiff/tenant is suffering immediate harm thereby, and the plaintiff/tenant having requested an order (1) compelling the defendant/landlord to restore the plaintiff/tenant to possession of their personal belongings restraining the defendant/landlord and/or defendant's/landlord's agents from using any further self-help means to wrongfully withhold plaintiff's/tenant's personal belongings and award for court costs; or instead (2) awarding damages for defendant's/landlord's failure to return Plaintiff's/Tenant's personal property plus court costs; and it appearing that defendant/landlord was given notice of this application for relief;

**Do Not Write Below This Line – For Court Use Only**

It is on this _____ day of ______________, 20___,

**ORDERED** that the Defendant/Landlord show cause before the undersigned Judge of the ______________ County Superior Court in ______________, New Jersey on the _____ day of ______________, 20 ___, ______ ☐ a.m./☐ p.m. or as soon thereafter as the matter could be heard, why the defendant/landlord should not be stopped from further interference with plaintiff/tenant's personal property, and why judgment should not be entered against defendant/landlord for damages and court costs; and it is

**Form B**

**ORDERED,** that the defendant/landlord immediately restore plaintiff/tenant to possession of their personal property; and it is further

**ORDERED,** that the defendant/landlord, and any agents/employees of defendant/landlord, are restrained from further interference with plaintiff's/tenant's personal property; and it is further

**ORDERED,** that the defendant/landlord shall file written opposition to the order to show cause, by way of an answer, answering affidavit or motion, and proof of service by ______________, 20___. The original documents must be filed with the Office of the Special Civil Part in the county listed above. A list of these offices is provided. You must send a copy of your opposition papers directly to Judge _______________________________________, whose address is ____________________________________________________________________________, New Jersey. You must also send a copy of your opposition papers to the plaintiff/tenant whose name and address appear on the verified complaint. A telephone call will not protect your rights; you must file and serve your opposition (with the fee if you file an answer) if you want the court to hear your opposition to the relief the plaintiff/tenant is seeking, and it is further

**ORDERED,** that if the defendant/landlord does not file and serve opposition to this order to show cause, the application could be decided on the papers on the return date and relief could be granted by default; and it is further

**ORDERED,** that the defendant/landlord take notice that the plaintiff/tenant, named above, has filed a lawsuit against you in the Special Civil Part of the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis for this lawsuit. If you dispute this complaint, you, or your attorney, must file a written answer to the complaint and proof of service **within 35 days from the date of service** of this order to show cause, not counting the day you received it.

These documents must be filed with the Office of the Special Civil Part in the county listed above. Include the appropriate filing fee payable to the "*Treasurer, State of New Jersey.*" You can find out the amount of the filing fee by calling the Special Civil Part office. You must also send a copy of your Answer to the Plaintiff/Tenant whose name and address appear on the verified complaint. A telephone call will not protect your rights; you must file and serve your Answer (with the fee) or judgment by default could be entered against you. **Please note: Opposition to the Order to Show Cause is not an answer and you must file both.**

If you do not file and serve an answer within 35 days of service of this order, the court could enter a default against you for the relief the plaintiff/tenant demands. If the plaintiff/tenant seeks money damages, then the court could enter a judgment against you, and any interest accrued on the damage's amount and the costs of the lawsuit. If a money judgment is entered against you, a Special Civil Part officer could seize your money, wages, or personal property to pay all or part of the judgment, and it is further

**ORDERED,** that the defendant/landlord could move to modify or dissolve this Order upon ____ day(s) written notice to the plaintiff; and it is further

**ORDERED,** that a copy of this Order to Show Cause, verified complaint, and supporting certification submitted in support of this application shall be served by the plaintiff/tenant upon the defendant/landlord personally, or if such service cannot be made, by certified mail, return receipt requested, and regular mail, within ____ days of the date of this order, and provide proof of such service to the court no later than three (3) days before the hearing date.

If you cannot afford an attorney, free legal advice could be available by contacting Legal Services at _______________. If you can afford to pay an attorney but do not know one, you can call the Lawyer Referral Services of your local county Bar Association at _______________.

If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

Dated: ____________ ____________________________

J.S.C.

**Form C**

Filing Attorney Information or Pro Se Litigant:
Name ______________________
NJ Attorney ID Number ______________________
Address ______________________
______________________
Email Address ______________________
Telephone Number ______________________

SUPERIOR COURT
BUR FINANCE
2025 JUL -2 PM 1:56
RECEIVED
BY: 002

WALTER GREEN
Plaintiff/Tenant Name
177 EAST BROOK LN
Street Address
Willingboro, NJ, 08046
Town, State, Zip Code
606-880-3443
Telephone Number

vs.

Gregory Von Berg
Defendant/Landlord Name
______________________
Street Address
______________________
Town, State, Zip Code
______________________
Telephone Number

Superior Court of New Jersey
Law Division, Special Civil Part
______________ County

Docket Number ______________

**Civil Action**

**Certification in Support of Order to Show Cause for Return of Personal Property and Restraints**

I, ______________________, residing at ______________________, make this certification in support of my application of relief:

1. I was illegally locked-out of my rented house/apartment. My personal property was confiscated by the defendant/landlord and has not been returned.

2. There is no pending landlord/tenant action in the Special Civil Part court allowing for my eviction or taking of my personal property.

3. There is no temporary or final domestic violence restraining order allowing for my eviction or the changing of the locks at the premises.

4. I have been unsuccessful in my attempts to regain my personal belongings since the illegal lockout.

5. I have suffered and will continue to suffer hardships because my personal belongings have been kept from me.

**Form C**

6. I hereby certify that I notified the landlord (or the landlord's lawyer) that I was going to make this application for relief today. Explain how you notified the landlord or lawyer and what they said:

7. In view of the above, I respectfully request that the court grant me immediate relief.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statement made by me are willfully false, I am subject to punishment.

Dated: 7-2-2025

[signature]
Signature of Plaintiff/Tenant

WALTER GREEAS
Type or Print Name

WALTER GREEN

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
BURLINGTON County

Docket Number BUR-DC-008988-25

WALTER GREEN
Vs.
GREGORY LEONBERG

**Civil Action**
**Order to Show Cause - Illegal Lockout**

This matter having been brought to the court by WALTER GREEN, Plaintiff, seeking relief by way of summary action based upon the facts set forth in the verified complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding and for good cause shown,

It is on this_____, ORDERED that the defendant(s) appear and show cause before the undersigned Judge on the ___ before the Superior Court at BURLINGTON, New Jersey, or soon thereafter as the parties can be heard, why judgment should not be entered:

Request to return the property of Walter Green located at 209-211 St Mihiel Drive, Lot 14 and Lot 15, Riverside, NJ 08075 will be heard by Judge Harrington

And it is further ORDERED that:

1. A copy of this order to show cause, verified complaint, and all supporting affidavits or certifications submitted in support of this application be served by the plaintiff upon the defendant(s) personally within ___ days of the date hereof, or if such service cannot be personally made, plaintiff shall either serve the defendant(s) by regular and certified mail or by regular mail upon the defendant's attorney, if known, within ___ days of the date hereof in accordance with R. 4:4-4 and R. 6:2-3(a), this being original process.
2. The plaintiff must file with the Court his/her proof of service of these pleadings upon the defendant(s) no later than ___ days before the scheduled hearing or return date scheduled by this Court.
3. The defendant(s) may file and serve the plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this Court and shall appear in response to this

order to show cause. Any documents filed by the defendant must be filed with the Clerk of the Special Civil Part in the county listed above and a copy must be sent to the plaintiff, if the plaintiff has no attorney, or plaintiff's attorney named above. A telephone call will not protect the defendant's rights, defendant(s) must appear in Court at the designated date and time scheduled by this Court.

4. Defendant(s) take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit and the relief sought. If you dispute this complaint then you may submit, before the scheduled hearing date to this order to show cause, and answering affidavit or motion returnable on the hearing date and proof of its service. You must also appear on the hearing date set forth above to answer this complaint.
5. If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

**BURLINGTON COUNTY
OMMUNITY RESOURCES
FOR
,ANDLORDS & TENANTS
UPDATED 2/3/25**

**Superior Court of New Jersey Burlington Vicinage**
Terrence R. Cook, Assignment Judge
Alba R. Rivera, Esquire Trial Court Administrator

Office of the Ombudsman
3urlingtonHelp.Mailbox@njcourts.gov
(609) 288-9500 ext. 38118

Landlord Tenant Civil Case Management Office
(609) 288-9500 ext. 38094

Forms and Information:
www.njcourts.gov
Link:
https://www.njcourts.gov/self-help/landlord-tenant

'ilings are accepted in person, via regular mail, or electronically through the Judiciary Electronic Document System (JEDS) at www/njcourts.gov. Attorneys must file via eCourts.

New Jersey Courts
Independence • Integrity • Fairness • Quality Service

**Resource Navigator: Family Promise**
Family Promise of Southwest New Jersey and Volunteer UP Legal Clinic have partnered together to provide comprehensive case management and legal services to residents who have been served an eviction. To apply for assistance, please go to our website at www.familypromiseswnj.org and click on the "Need Help" at the top of the home page and complete an online application. A Resource Navigator will contact within 1 business days to complete a full intake assessment. If you are unable to apply online, please call (856) 243-5971 extension 1 and leave a message for Angelica Russert.

**Abundant Life Community Development Corp** – ALCDC is here to improve the quality of life and economic status of families by providing solutions that make a long-lasting difference. We focus on making the maximum positive effort for our community. 4151 Burlington Pike, Edgewater Park, NJ (856) 461-7000

**Affordable Homes** - A family of non-profit companies providing affordable housing and related services for the homeless, lower income individuals and families, social services, licensed Real Estate brokerage, property remodeling and new construction and property management. (609) 261-4571.

**Beacon of Hope, Inc**. - A nonprofit organization located in Mount Holly. The organization provides a multitude of services including food pantry, life skills training, utility assistance, clothes, and shelter which includes code blue, rental assistance, mortgage assistance, security deposit assistance, first month's rent, emergency transportation, and emergency food delivery to individuals in need. Preferred method of contact is email at beaconofhopei@yahoo.com or through the Burlington County Housing HUB (609)265-5185.

**Belmont Homes** - This initiative is designed to address the emergency housing need of families by using support services and resources from trained staff professionals, volunteers, and interns in collaborations with organizations through the State of New Jersey. For assistance contact (609)518-7082.

**Beloved Project NJ** - Provides meals, and essential personal items and resources to the most vulnerable individuals and families in our communities, through various partnerships with local agencies, food banks, soup kitchens, homeless shelters, motels, and police stations. The Beloved Project partners with a multitude of professionals to provide critical services in the community, including legal services, immigration assistance, medical/mental health referrals, youth groups, domestic violence support, support groups, justice involved services, and veteran's services. Fees are based on a sliding income scale and requirements must be met to receive consultant/contractor services. Fees are used to purchase toiletries.
1105 Sunset Road, Suite E-F, Burlington NJ 08016. 609-699-6139 www.thebelovedproject.org

**Burlington County Board of Social Services** - Committed to excellence in providing services to individuals, to families, and to the community by:

- Preserving and Restoring Families
- Promoting Self-Sufficiency
- Providing Information and Referrals
- Protecting the Well-Being of Children, the Elderly, and the Disabled.

Emergency services include emergency shelter placement, assistance with security deposits, first month's rent, delinquent rent, temporary rental assistance (TRA), utility deposits, delinquent utility payments, and essential items and furnishings. Apply for cash or medical assistance via www.njhelps.org or call (609)261-1000 to find out about other ways to apply. Burlington County residents seeking emergency assistance can call (609)518-4871 to be screened for eligibility.

**Burlington County Community Action Partnerships** - The Burlington Community Action Partnership, Inc. (BCCAP)exists to combat the causes and reduce the effects of poverty in Burlington County. For assistance contact (609) 835-4329 x 4044.

**Burlington County Department of Community Development** - The Burlington County Department of Community Development and Housing administers federally funded Housing and Urban Development programs, Home Improvement Loan Programs, Home Investment Partnership Program, First-Time Homebuyers Program, Community Development Block Program, include emergency home repair and heater replacement. The Burlington County Continuum of Care (CoC) implements comprehensive strategies for the response to, reduction in, and hopeful elimination of homelessness in our community. This planning includes federal, state, and locally funded programs to ensure the safety, rapid re-housing, and prevention of homelessness to our most vulnerable citizens. The CoC is authorized by the Homeless Emergency Assistance and Rapid Transition to Housing (HEARTH) Act and the CoC Interim rule (24 CFR 578) to provide a comprehensive response to homelessness. It is governed by a board delegated by the CoC to direct the development and implementation of the Coc plan and ensure compliance. (609)265-5072.

**Burlington County Housing Hub** - Provides housing advocacy and supportive services to all Burlington County residents. The goal of the Housing Hub is to provide assistance to those who are housing insecure, experiencing housing hardships, at-risk of, or currently experiencing homelessness. (609)265-5185.
EBT/SNAP/TANF/Adult Medicaid – (609) 261-1000.
Housing Assistance for Clients with no income or SSI – (609) 261-1000
Housing – Emergency Home Repair (609) 265-557 or communitydev@co.burlington.nj.us
First Time Home Buyer – (609) 265-5450 or communitydev@co.burlington.nj.us
Housing assistance (mortgage, back rent, utility) for clients with income – (609) 265-5185 or housinghub@co.burlington.nj.us

**Catholic Charities** - Provides the highest quality of care to those seeking housing, believing that everyone deserves a chance to achieve self-sufficiency, our programs are designed to support immediate basic needs while providing opportunities for developing financial literacy, marketable job skills and help in obtaining permanent, affordable housing. Our Homelessness Prevention and Rapid Rehousing Program emphasize both immediate and longer-term strategies for reducing homelessness and strengthening self-sufficiency. While housing units are not offered at all locations, we help individuals and families remain housed through rent and utilities assistance in Burlington County. We provide case management services and employment support to consumers in our housing programs. Our food pantry and clothing store to open to Consumer in our program and the residents of Burlington County. 450-460 Veterans Drive, Burlington, NJ 08016. (856)764-6940.

**Christian Caring Center** - Christian Caring Center's mission is to offer people in need the opportunity to participate in assisting and preserving the community. Our agency, in collaboration with public and private partners and its own strong service component, has provided low-income families with housing choices, economic opportunity, and consumer goods and services. In collaboration with a network of partners. This nonprofit agency runs 12 programs: Rental assistance (based on available funding), Rapid Rehousing (based on available funding), Salvation Army Service Unit. Also available is wrap around programs to strengthen the households such as: Food pantry, clothing, holiday baskets, community lunch, street outreach, men's shelter, code blue shelter, Village Thrift Shop. Preferred method of contact is email at christiancaringcenter@yahoo.com or through the Burlington County Housing HUB 609-265-5185 or (609)894-0700.

**Clarifi** - Financial literacy education - specializing in eviction prevention services, financial management, credit building, debt management. Eviction Prevention Hotline (267)765-2711 or (215)563-5665.

**Community Hope** - Supportive services for veteran families (SSVF), we help veterans and their families with immediate support when facing homelessness. We provide rapid re-housing to

homeless veterans in addition to keeping veteran households from losing their housing when they are facing eviction. (855)483-8466.

**Consumer Credit and Budget Counseling** - Statewide Non-Profit Housing and Credit Counseling Agency - Rental Counseling, Homebuyer Counseling, Landlord Education, Mortgage Foreclosure and Delinquency Counseling, Credit Counseling. (888)738-8233.

**County and Municipal Welfare Agencies** - County and municipal welfare agencies have programs to help with rent and other expenses. You can find more information about these programs and where to apply at: **www.NJHELPS.org**.

**Extended Hand Ministries** – Provides the poor and needy of Burlington County with temporary shelter, food and clothing. 275 Holeman Street, Mt. Holly NJ 08060 (609) 914-4270 www.theextendedhandministry.org

**Generations Family Success Ctr.** - Brings together community agencies, residents and leaders to address the problems that threaten the safety and stability of our families and communities and give you the tools to succeed. Generations Family Success Center is designed to strengthen families and empower individuals to acquire the knowledge and skills necessary to raise healthy and happy children. Our professional staff of experts helps individuals, couples, and children in Burlington County by offering supports and assistance to help build healthy relationships and stable lives. We offer services to help build and sustain strong, emotionally healthy families. We help coordinate the many county and state services available to assist you and offer a variety of free events and services for family members of all ages. Our goal is to empower families to successfully meet life's challenges and thrive with security and stability. Family Support Specialists are available to answer questions and guide you on the path to success. We encourage you to sign up for our free services and take advantage of all we have to offer. 45 High Street, Mt. Holly NJ 08060 (609) 267-4001

**Godsquad** The God Squad Inc. Homeless Prevention Program is for homeless or at risk of homelessness; individuals and households that need assistance with either paying back rent and/or utilities to avoid eviction or that need help to pay a security deposit and a few additional months of rent on a new lease. 790 Woodlane Road Westampton NJ 3d Fl (609) 518-2378

**New Jersey Department of Community Affairs** - The New Jersey Department of Community Affairs (NJDCA) received over $1B in Emergency Rental Assistance funds to provide rental assistance to eligible families who have been impacted during the COVID-19 pandemic. There are three programs in which impacted families may be eligible. A description of the programs and eligibility criteria can be found at the website FAQ section. https://njdca.onlinepha.com/en-US/Pages/View/215/what-programs-are-available
DCA Contact Information: https://njdca.onlinepha.com/ 609-490-4550. DCA has a variety of assistance programs that may help you with rental and heating costs, prevention of eviction, reduction of utility bills and removal of lead hazards from your home. The screening process for these programs is available at: **https://njdca-housing.dynamics365portals.us/en-US/**.

**New Jersey Housing and Mortgage Finance Agency** - To get free financial counseling on meeting your rental obligations, go to **https://www.nj.gov/dca/hmfa**.

**NJ 211** - A free, multilingual, and confidential information and referral service that connects people in need to programs and services that can help. We are open 24/7 and provide live assistance. We have a resource database of 10,000 programs and services. Reach us by dialing 211; text your zip code to 898-211; search our online database or chat with us at www.nj211.org or (877)652-1148.

**Oaks Integrated Care** – Oaks provides compassionate health and social services to children, adults and families in over 230 programs with office and residential locations in 19 counties throughout New Jersey. Burlington County Administrative Office: 770 Woodlane Road Mt. Holly NJ 08060 (609) 267-5928 www.oaksintcare.org

**St. Vincent DePaul Society** – Willingboro NJ (609) 835-7757

**Soldier On** - A private nonprofit organization committed to ending veteran homelessness. https://wesoldieron.org/Contact Information: Corey Panatti cpanati@wesoldieron.org

**VMC/Supportive Services for Veteran Families (SSVF)** - The Veterans Multi-Service Center (VMC)/Supportive Services for Veteran Families (SSVF) is a program that provides comprehensive supportive services to low-income Veterans who are currently experiencing homelessness or are at-risk of losing their leased homes or apartment units. Veteran households are provided with outreach, assessment, case management, advocacy, and assistance in obtaining VA and other benefits, which may include housing counseling, legal support, credit repair, financial planning services, and time-limited, temporary financial assistance. There are no costs to access these programs and they may be able to help individuals obtain the documents needed to apply. Contact SSVF to apply for services and to learn more. (856) 293-7321, **NJInfo@VMCenter.org** Location for Southern New Jersey is: 16 E. Landis Avenue, Floor 1, Suite 2, Vineland, NJ. 08360

**U.S. Department of Housing and Urban Development (HUD)** - has a variety of New Jersey specific rental assistance resources for both landlords and tenants available at: **https://www.hud.gov/states/new_jersey/renting**.

## Legal Assistance:

**Community Health Law Project** - Provides Legal Services for Civil Law issues to low-income residents who are also disabled. For assistance contact (609)392-5553.

**Legal Services of New Jersey** The court system can be confusing. It is a good idea to get a lawyer if you can. If you cannot afford an attorney, you may contact the Legal Services office in the county where you live: **https://www.lsnj.org/LegalServicesOffices.aspx** or the Legal Services of New Jersey (LSNJ) Statewide Hotline at 1-888-LSNJ-LAW (1-888-

576-5529) or apply online at https://lsnjlawhotline.org. If you are not eligible for free legal assistance, you may obtain a lawyer referral from a lawyer referral program in your county at: **https://tcms.njsba.com/PersonifyEbusiness/Default.aspx?TabID=2011**.

- LSNJ's Tenants' Rights Manual may be of assistance and is available at: **https://www.lsnjlaw.org/Pages/default.aspx**.
- Legal help may also be available from other statewide organizations. Some examples are Volunteer Lawyers for Justice and Community Health Law Project.

**South Jersey Legal Services** - SJLS provides legal advice and representation in certain civil (non-criminal) cases to qualifying lower-income residents of Burlington County. Applications can be made through our Central Intake Unit at (800) 496-5670 from 9:00 a.m. - 5:00 p.m. or online at https://www.sjlsintake.org. *TDD/TTY Services Available for deaf and hearing impaired by using the Verizon Relay Service (dial 711, ask to be connected to (800)496-4570, ext. 6501).*

BURLINGTON SPECIAL CIVIL PART
49 RANCOCAS ROAD
COUNTY OFFICE BUILDING
MT HOLLY NJ 08060
TELEPHONE: (609) 288-9500

WALTER GREEN

177 EASTBROOK LANE

WILLINGBORO NJ 08046

JULY 02, 2025

CV0205

CASE NUMBER: BUR DC-008988-25
GREEN
VS
LEONBERG GREGORY

DOCKET NUMBER DC-008988-25 HAS BEEN ASSIGNED TO YOUR CASE. YOU WILL BE ASKED FOR IT WHEN INQUIRING ABOUT YOUR CASE. PLEASE BE SURE TO INCLUDE IT ON ALL CORRESPONDENCE.

YOU WILL BE NOTIFIED WHEN A SUMMONS HAS BEEN SERVED.

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
BURLINGTON County

WALTER GREEN

vs.

GREGORY LEONBERG

Docket Number BUR DC 008988-25

**Civil Action**

**Order to Show Cause - Illegal Lockout**

**GRANTED**

This matter having been brought to the court by **WALTER GREEN**, Plaintiff, seeking relief by way of summary action based upon the facts set forth in the verified complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding and for good cause shown,

It is on **07/02/2025**, ORDERED that the defendant(s) appear and show cause before the undersigned Judge on **07/23/2025, 1:30 pm** before the Superior Court at **BURLINGTON** county, New Jersey, Court Room: **1COB** or soon thereafter as the parties can be heard, why judgment should not be entered:

Request to return the property of Walter Green located at 209-211 St Mihiel Drive, Lot 14 and Lot 15, Riverside, NJ 08075 will be heard by Judge Harrington

And it is further ORDERED that:

1. A copy of this order to show cause, verified complaint, and all supporting affidavits or certifications submitted in support of this application be served by the plaintiff upon the defendant(s) personally within **3** days of the date hereof, or if such service cannot be personally made, plaintiff shall either serve the defendant(s) by regular and certified mail or by regular mail upon the defendant's attorney, if known, within **3** days of the date hereof in accordance with R. 4:4-4 and R. 6:2-3(a), this being original process.
2. The plaintiff must file with the Court his/her proof of service of these pleadings upon the defendant(s) no later than **3** days before the scheduled hearing or return date scheduled by this Court.
3. The defendant(s) may file and serve the plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this Court and shall appear in response to this order to show cause. Any documents filed by the defendant must be filed with the Clerk of the Special Civil Part in the county listed above and a copy must be sent to the plaintiff, if the plaintiff has no attorney, or plaintiff's attorney named above. A telephone

call will not protect the defendant's rights, defendant(s) must appear in Court at the designated date and time scheduled by this Court.

4. Defendant(s) take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit and the relief sought. If you dispute this complaint then you may submit, before the scheduled hearing date to this order to show cause, and answering affidavit or motion returnable on the hearing date and proof of its service. You must also appear on the hearing date set forth above to answer this complaint.
5. If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

Form D

**Plaintiff or Filing Attorney Information**

RECEIVED
JUL 10 2025
Superior Court of NJ - Burlington
CIVIL DIVISION

Name ~~Wa Hef~~ Walter Green
NJ Attorney ID Number
Address 177 Eastbrook ln
Email Address Greenmoney3997@gmail.com
Telephone Number 609-880-344 ext.

Walter Green, Plaintiff(s),

v.

Defendant(s).

Superior Court of New Jersey
Law Division, Special Civil Part
County
Docket Number DC-008988-25

**Civil Action**
**Certification/Proof of Service**

☐ 1. I hand delivered on ________, to each defendant named in this lawsuit, a copy of my Order to Show Cause, verified complaint, contact information sheet, supporting certification and any other documentation that I filed with the Court that I have used in support of this application.

________ defendant ________ defendant
________ defendant ________ defendant

☒ 2. In the alternative, if I was unable to personally serve each defendant named in this lawsuit with a copy of my Order to Show Cause, verified complaint, contact information sheet, supporting certifications and any other documentation that I filed with the Court that I have used in support of this application, I hereby certify that I mailed a copy to each defendant, by regular and certified mail, return receipt requested, on ________, and I have saved my return receipt green card;

GreGory Leonberg defendant ________ defendant
________ defendant ________ defendant

☐ 3. In the alternative, if the defendant(s) are represented by an attorney, I hereby certify that I sent, by regular mail, a copy of my Order to Show Cause, verified complaint, supporting certifications and any other documentation that I filed with the Court that I have used in support of this application to that attorney,
________, Esq. on ________ at the following address
________.

I hereby certify that the foregoing statements by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I may be subject to punishment.

Dated 7-9-2025 s/ Walter Green
Plaintiff(s)

UNITED STATES POSTAL SERVICE.

RANCOCAS
130 MAIN ST
RANCOCAS, NJ 08073-9998
www.usps.com

07/10/2025 02:07 PM

TRACKING NUMBERS
9589 0710 5270 2232 3089 51

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $2.87 |
| Moorestown, NJ 08057 | | | |
| Weight: 0 lb 5.30 oz | | | |
| Estimated Delivery Date Sat 07/12/2025 | | | |
| Certified Mail® | | | $4.85 |
| Tracking #: 9589 0710 5270 2232 3089 51 | | | |
| Return Receipt | | | $4.10 |
| Tracking #: 9590 9402 8837 4005 4000 18 | | | |
| Total | | | $11.82 |
| First-Class Mail® Large Envelope | 1 | | $2.31 |
| Moorestown, NJ 08057 | | | |
| Weight: 0 lb 3.80 oz | | | |
| Estimated Delivery Date Sat 07/12/2025 | | | |

Grand Total: $14.13

Cash $20.00

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®

Moorestown, NJ 08057

| | |
|---|---|
| Certified Mail Fee | $4.85 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $4.10 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $0.00 |
| Postage | $2.87 |
| Total Postage and Fees | $11.82 |

Postmark Here: RANCOCAS 07/10/2025 JUL 10 2025 0073 04

Sent To: Gregory D. Lemberg, SR
Street and Apt. No., or PO Box No.: PO Box 426
City, State, ZIP+4®: Moorestown, NJ 08057

9589 0710 5270 2232 3089 51

PREPARED BY THE COURT

| | |
|---|---|
| **WALTER GREEN,**<br>**Plaintiff,**<br>**v.**<br>**GREGORY LEONBERG,**<br>**Defendant.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>Docket No. DC-8988-25<br><br>Civil Action<br><br>**AMENDED**<br>**ORDER TO SHOW CAUSE – EJECTMENT** |

This matter having been brought to the court by Plaintiff, Jasmine Scrutchins, seeking relief by way of summary action based upon the facts set forth in the verified complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding; and for good cause shown:

It is on this _23 day of July_ 2025

**ORDERED** that the defendant(s) appear and show cause before the undersigned Judge on the_7h_ of August 2025 at 1:30pm, or soon thereafter as the parties can be heard in **Hearing Room 311**, why judgment should not be entered granting plaintiff Judgment for Possession and Writ of Possession located at 209-211 St. Mihiel Drive, Lot 14 and Lot 15, Riverside, NJ 08075, and other relief as the court deems equitable and just; and it is further **ORDERED** that:

1. A copy of this order to show cause, verified complaint, and all supporting affidavits or certifications submitted in support of this application be served by the plaintiff upon the defendant(s) personally within __3__ days of the date hereof, or if such service cannot be personally made, plaintiff shall either serve the defendant(s) by regular and certified mail or by

regular mail upon the defendant's attorney, if known, within __3__ days of the date hereof in accordance with R. 4:4-4 and R. 6:2-3(a), this being original process.

2. The plaintiff must file with the Court his/her proof of service of these pleadings upon the defendant(s) no later than __3__ days before the scheduled hearing or return date scheduled by this Court.

3. The defendant(s) may file and serve the plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this Court and shall appear in response to this order to show cause. Any documents filed by the defendant must be filed with the Clerk of the Special Civil Part in Burlington County and a copy must be sent to the plaintiff, if the plaintiff has no attorney, or plaintiff's attorney named above. A telephone call will not protect the defendant's rights, defendant(s) must appear in Court at the designated date and time scheduled by this Court.

4. Defendant(s) take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit and the relief sought. If you dispute this complaint then you may submit, before the scheduled hearing date to this order to show cause, an answering affidavit or motion returnable on the hearing date and proof of its service. You must also appear on the hearing date set forth above to answer this complaint.

5. If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral services. A directory with contact information for local Legal Services Offices

and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ John E. Harrington
JOHN E. HARRINGTON JSC ON RECALL

Matthew A. Zabel, Esquire
Attorney ID: 015331985
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Plaintiff

| | |
|---|---|
| WALTER GREEN,<br><br>Plaintiff(s)<br><br>vs.<br><br>GREGORY LEONBERG,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: DC-008988-25<br><br>Civil Action<br><br>**NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF, WALTER GREEN** |

Please take notice that Matthew A. Zabel, Esquire of Zabel & Associates, LLC hereby enters an appearance on behalf of the Plaintiff, Walter Green, in the above captioned matter.

ZABEL & ASSOCIATES, LLC

BY:______________________________
MATTTHEW A. ZABEL, ESQUIRE

Date: 7/30/2025

# EXHIBITS FOR PLAINTIFF'S ORDER TO SHOW CAUSE TO BE HEARD 8/07/2025

EXHIBIT "A"

CANCELLED CHECKS FROM WALTER GREEN
TO
GREG LEONBERG

WELLS FARGO

# Operation Image Browser 2.0

| | | | | | |
|---|---|---|---|---|---|
| Site | VIEWPOINTE | Paid Date | 12192023 | Serial No | 6768303649 |
| Routing | 10700543 | Account | 4861513554 | PC | 000062 |
| Amount | 5200.00 | Sequence | 4185109364 | Capture Source | 00010061 |

## Front Black & White Image

PRINTED ON LINEMARK PAPER · HOLD TO LIGHT TO VIEW · FOR ADDITIONAL SECURITY FEATURES SEE BACK

CASHIER'S CHECK 6768303649

0067583 Office AU #

11-24 1210(8)

Remitter: WALTER GREEN
Operator I.D.: n002803

December 8, 2023

PAY TO THE ORDER OF **GREG LEONBERG***

**$5,200.00**

***Five Thousand Two Hundred and 00/100 US Dollars**

VOID IF OVER US $ 5,200.00

Payee Address:
Memo: FOR STORAGE LOT UNTIL MAY 2024

WELLS FARGO BANK, N.A.
6016 ROUTE 130 N
DELRAN, NJ 08075
FOR INQUIRIES CALL (480) 394-3122

CONTROLLER

Security Features Included. Details on Back.

⑈6768303649⑈ ⑆121000248⑆4861 513554⑈

## Back Black & White Image

0275764609

ENDORSE HERE

☐ CHECK HERE IF MOBILE OR REMOTE DEPOSIT

X

DO NOT CASH IF...

# IMPORTANT - Please Read

Outstanding cashier's checks are subject to state or territorial unclaimed property laws.

If the cashier's check is lost, stolen, or destroyed, you may request a stop payment and reissuance reissuance can only be completed within a branch location. As a condition of stop payment and re Bank will require an indemnity agreement. In addition, for cashier's checks over $1,000.00, the w stop payment and reissuance of an outstanding cashier's check may be processed is 90 days (30 Wisconsin and 91 days in the state of New York). The waiting period can be avoided with the pur surety bond. This can be purchased through Wells Fargo's approved insurance carrier or through the customer's choice. The cost of a surety bond varies depending on the amount of the bond and Surety bonds are subject to the insurance carrier's underwriting requirements before issuance. If provided, the waiting period applies.

Purchaser Copy - Page 2 of 2

0067683 Office AU #

11-24 1210(8)

CASHIER'S CHECK

Remitter: WALTER GREEN
Purchaser: WALTER GREEN
Purchaser Account: xxxxxx7417
Operator I.D.: nj002603
Funding Source: Electronic Item(s)

PAY TO THE ORDER OF ***GREG LEONBERG***

**Five Thousand Two Hundred and 00/100 -US Dollars **

Payee Address:
Memo: FOR STORAGE LOT UNTIL MAY 2024

WELLS FARGO BANK, N.A.
8016 ROUTE 130 N
DELRAN, NJ 08075
FOR INQUIRIES CALL (480) 394-3122

Purchaser Copy - Page 1 of 2

FB004 (10/19) 30118152

AC

D

**

VOI

NO

EXHIBIT "B"

LIST OF ITEMS TOWED
ALONG WITH
TWO ITEMS THAT ARE MISSING

2012 towtruck 62,000 mi = $ 36,000

2019 Hellcat = 15,000.00

1969 Shavel = 5,000.00

Missing

Uhaul car trailer with 2 lawn mowers = 10,000

2017 Bucik SUV = 8,500.00

2011 Camaro = 8,000.00

Missing

2 John deer tractor lawn mower = 500.00 Each

Westin house generator = 1,200.00

Took in camper (2009) = 2,000.00

86,700.00
in total items

EXHIBIT "C"

LIST OF RENTAL HISTORY AND EVENTS

Greenblatt
Lieberman, Richards
& Weishoff, LLC

The New Jersey Eviction Law Firm

Michael S. Greenblatt, Esq.
Jules A. Lieberman, Esq.
Travis J. Richards, Esq.
Robert P. Weishoff, Esq.
Nicolas G. Rotsides, Esq.
Joel Aronow, Esq.

203 High Street, Mt. Holly, NJ 08060
Tel. 609.267.1301
Fax. 609.267.1305

August 7, 2025

**VIA ECOURTS ELECTRONIC FILING**

Honorable John E. Harrington, J.S.C.
Burlington County Civil Courthouse
49 Rancocas Road
Mount Holly, New Jersey 08060

RE: Green v. Leonberg
Docket No.: DC-8988-25

Your Honor:

Please be reminded that this office represents Defendant, Gregory Leonberg, in regards to the above-captioned matter. Please accept this correspondence as Defendant's request for a brief adjournment of the hearing scheduled for this afternoon, August 7, 2025 at 1:30 p.m. I have conferred with Plaintiff's counsel, Matthew A. Zabel, Esq., and he consents to this request. Due to a recent emergent staffing issue with our office, we were not able to exchange discovery or file an Answer and Counterclaim by the prior Court-Ordered deadline of August 1, 2025. Further, our office has no attorneys available this afternoon to appear. If the Court requires anything further in order to consider this request for a brief adjournment, please do not hesitate to contact me.

Your attention to this matter is greatly appreciated.

Respectfully submitted,

NICOLAS G. ROTSIDES, ESQ.

NGR:

cc: Matthew A. Zabel, Esq. (via email only)
Gregory Leonberg (via email only)

Greenblatt
Lieberman, Richards
& Weishoff, LLC

The New Jersey Eviction Law Firm

Michael S. Greenblatt, Esq.
Jules A. Lieberman, Esq.
Travis J. Richards, Esq.
Robert P. Weishoff, Esq.
Nicolas G. Rotsides, Esq.
Joel Aronow, Esq.

203 High Street, Mt. Holly, NJ 08060
Tel. 609.267.1301
Fax. 609.267.1305

August 7, 2025

**VIA ECOURTS ELECTRONIC FILING**

Honorable John E. Harrington, J.S.C.
Burlington County Civil Courthouse
49 Rancocas Road
Mount Holly, New Jersey 08060

RE: Green v. Leonberg
Docket No.: DC-8988-25

Your Honor:

Please be reminded that this office represents Defendant, Gregory Leonberg, in regards to the above-captioned matter. Please accept this correspondence as Defendant's request for a brief adjournment of the hearing scheduled for this afternoon, August 7, 2025 at 1:30 p.m. I have conferred with Plaintiff's counsel, Matthew A. Zabel, Esq., and he consents to this request. Due to a recent emergent staffing issue with our office, we were not able to exchange discovery or file an Answer and Counterclaim by the prior Court-Ordered deadline of August 1, 2025. Further, our office has no attorneys available this afternoon to appear. If the Court requires anything further in order to consider this request for a brief adjournment, please do not hesitate to contact me.

Your attention to this matter is greatly appreciated.

Respectfully submitted,

NICOLAS G. ROTSIDES, ESQ.

NGR:

cc: Matthew A. Zabel, Esq. (via email only)
Gregory Leonberg (via email only)

PREPARED BY THE COURT

| | |
|---|---|
| **WALTER GREEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREGORY LEONBERG,**<br><br>**Defendant.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>Docket No. DC-8988-25<br><br>Civil Action<br><br>**AMENDED**<br>**ORDER TO SHOW CAUSE – ILLEGAL LOCKOUT** |

This matter having been brought to the court by Plaintiff, Walter Green, seeking relief by way of summary action based upon the facts set forth in the verified complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding; and for good cause shown:

It is on this 7th day of August 2025

**ORDERED** that the defendant(s) appear and show cause before the undersigned Judge on the 15th of August 2025 at 10:00 AM, or soon thereafter as the parties can be heard in **Hearing Room 311**, why judgment should not be entered granting plaintiff Judgment for the return of the property of Walter Green located at 209-211 St. Mihiel Drive, Lot 14 and Lot 15, Riverside, NJ 08075, and other relief as the court deems equitable and just; and it is further **ORDERED** that:

1. A copy of this order to show cause, verified complaint, and all supporting affidavits or certifications submitted in support of this application be served by the plaintiff upon the defendant(s) personally within 3 days of the date hereof, or if such service cannot be

personally made, plaintiff shall either serve the defendant(s) by regular and certified mail or by regular mail upon the defendant's attorney, if known, within 3 days of the date hereof in accordance with R. 4:4-4 and R. 6:2-3(a), this being original process.

2. The plaintiff must file with the Court his/her proof of service of these pleadings upon the defendant(s) no later than 3 days before the scheduled hearing or return date scheduled by this Court.

3. The defendant(s) may file and serve the plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this Court and shall appear in response to this order to show cause. Any documents filed by the defendant must be filed with the Clerk of the Special Civil Part in Burlington County and a copy must be sent to the plaintiff, if the plaintiff has no attorney, or plaintiff's attorney named above. A telephone call will not protect the defendant's rights, defendant(s) must appear in Court at the designated date and time scheduled by this Court.

4. Defendant(s) take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit and the relief sought. If you dispute this complaint then you may submit, before the scheduled hearing date to this order to show cause, an answering affidavit or motion returnable on the hearing date and proof of its service. You must also appear on the hearing date set forth above to answer this complaint.

5. If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the

Lawyer Referral services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ John E. Harrington
JOHN E. HARRINGTON JSC ON RECALL

GREENBLATT, LIEBERMAN, RICHARDS AND WEISHOFF, LLC
By: Nicolas G. Rotsides, Esq. (NJ Attorney Id #123682014)
203 High Street
Mount Holly, New Jersey 08060
(609) 267-1301
Attorney for Defendant, Gregory Leonberg

| | |
|---|---|
| WALTER GREEN, | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION, SPECIAL CIVIL PART |
| Plaintiff, | : BURLINGTON COUNTY<br>: DOCKET NO. DC-8988-25 |
| Vs. | : |
| GREGORY LEONBERG, | : ANSWER, AFFIRMATIVE DEFENSES,<br>: AND COUNTERCLAIM |
| Defendants. | : |

Defendant, Gregory Leonberg, located at PO Box 426, Moorestown, New Jersey 08057, by way of answer to Plaintiff's Complaint, says:

**AS TO ALL COUNTS**

1. Defendant denies all counts and allegations set forth in Plaintiff's Complaint and leaves her to her proofs at trial.

WHEREFORE, Defendant demands judgment dismissing Plaintiff's Complaint.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by a failure of consideration.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Laches.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his own unclean hands.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the Doctrine of Waiver.

SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Estoppel.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to deal in good faith.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unconscionability

NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, must be diminished due to his failure to mitigate damages.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages, if any, are the result of acts and omissions of third parties over whom defendant has no control.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not the lawful owner of the vehicles which he claims have allegedly been distrained.

TWELFTH AFFIRMATIVE DEFENSE

The lawful owner of the subject property and Plaintiff's former landlord is Cinnaminson Properties, LLC, and thus Defendant was sued improperly

THIRTEENTH AFFIRMATIVE DEFENSE

Defendant hereby reserves the right, under the Court Rules, to interpose and

submit additional separate defenses and any equitable doctrine which is ascertained through the course of discovery.

## COUNTERCLAIM

Defendant/Counterclaimant, by way of Counterclaim, says:

1. In or about 2019, the parties entered into an oral lease agreement whereby Plaintiff would rent from Defendant real property located at 209-211 St. Mihiel Drive, Riverside, New Jersey 08075 (hereinafter the "Property").

2. The lease agreement was contemplated to be for Plaintiff's commercial use, but as Plaintiff was never obtain proper permitting and licensure, Plaintiff paid rent primarily for the storage of vehicles and other items at the Property.

3. Effective in or about October, 2024, the rent between the parties was agreed to be $900.00 per month.

4. Plaintiff was locked out of the Property by an officer of the Special Civil Part on or about April 29, 2025. However, Plaintiff has continued to utilize space at the Property to store items.

5. As of this filing, Plaintiff owes to Defendant $9000.00 in unpaid rent for the months of November, 2024 through August, 2025.

## FIRST COUNT – BREACH OF CONTRACT

6. Defendant/Counterclaimant repeats the allegations contained in the above counts of the Complaint as if they were stated at length herein.

7. Plaintiff failed and continues to fail to perform the terms and conditions of the written Lease Agreement by which he is bound. Plaintiff breached the lease by, among other things, failing to pay rent and additional rent due and owing.

8. Defendant performed all duties, conditions and obligations that were required of it pursuant to the terms of the Lease Agreement.

9. The breaches of the agreement by Plaintiff herein alleged are the direct and proximate cause of damages to Defendant as described herein.

WHEREFORE Defendant demands compensatory damages, costs of suit, attorney fees, punitive damages and such other damages as this court shall consider just or equitable.

DATED: August 11, 2025

Nicolas G. Rotsides, Esquire
Attorney for Defendant/Counterclaimant
Gregory Leonberg

**CERTIFICATION AS PER RULE 4:5-1**

The Defendant herein certifies that there are no other parties known to the Defendant who should be joined in this action. The Defendant further certifies that this action is not the subject of any arbitration proceedings nor any other litigation. The Defendant further certifies that all confidential personal identifiers have been redacted from this submission pursuant to R. 1:38-7.

DATED: August 11, 2025

Nicolas G. Rotsides, Esquire
Attorney for Defendant,
Gregory Leonberg

**DESIGNATION OF TRIAL COUNSEL**

It is hereby designated that Nicolas G. Rotsides acts as Counsel for the Defendant Gregory Leonberg, in this matter, pursuant to the provisions of R. 4:25-4.

DATED: August 11, 2025

Nicolas G. Rotsides, Esquire
Attorney for Defendant,
Gregory Leonberg

**CERTIFICATION AS PER RULE 4:6-1(d)**

I hereby certify that a copy of the within Answer was served within the time prescribed by Rule 4:6.

DATED: August 11, 2025

Nicolas G. Rotsides, Esquire
Attorney for Defendant,
Gregory Leonberg

ZABEL & ASSOCIATES, LLC
By: Matthew Zabel, Esquire (NJ Attorney Id# 015331985)
8 West Main Street
Maple Shade, NJ 08052
(856) 779-0060
Attorney for Plaintiff, Walter Green

| | |
|---|---|
| WALTER GREEN,<br><br>Plaintiff,<br><br>vs.<br><br>GREGORY LEONBERG,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br>DOCKET NO.: BUR-DC-8988-25<br><br>PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM AND FIRST COUNT |

Plaintiff, Walter Green, located at 177 Eastbrook Lane, Willingboro, New Jersey, 08046, by way of Answer to Defendant's Counterclaim and First Count, says:

**COUNTERCLAIM**

Plaintiff, by way of Answer says:

1. Denied.
2. Denied.
3. Denied.
4. Denied.
5. Denied.

**FIRST COUNT - BREACH OF CONTRACT**

6. Denied.
7. Denied.
8. Denied.
9. Denied.

WHEREFORE, Plaintiff demands compensatory damages, costs of suit, attorney fees, punitive damages and such other damages as this court shall consider just or equitable.

DATED: August 13th, 2025

MATTHEW ZABEL, ESQUIRE
Attorney for Plaintiff
Walter Green

**CERTIFICATION AS PER RULE 4:5-1**

The Plaintiff herein certifies that there are no other parties known to the Plaintiff who should be joined in this action. The Plaintiff further certifies that this action is not the subject of any arbitration proceedings nor any other litigation. The Plaintiff further certifies that all confidential personal identifiers have been redacted from this submission pursuant to R.1:38-7.

DATED: August 13th, 2025

MATTHEW ZABEL, ESQUIRE
Attorney for Plaintiff
Walter Green

**DESIGNATION OF TRIAL COUNSEL**

It is hereby designated that Matthew Zabel acts as Counsel for the Plaintiff Walter Green, in this matter, pursuant to the provisions of R.4:25-4.

DATED: August 13th, 2025

MATTHEW ZABEL, ESQUIRE
Attorney for Plaintiff
Walter Green

**CERTIFICATION AS PER RULE 4:6-1(d)**

I hereby certify that a copy 21of the within Answer was served within the time prescribed by Rule 4:6-1(d).

DATED: August 13th, 2025

MATTHEW ZABEL, ESQUIRE
Attorney for Plaintiff
Walter Green

PREPARED BY THE COURT

| | |
|---|---|
| **WALTER GREEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREGORY LEONBERG,**<br><br>**Defendant.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>Docket No. DC-8988-25<br><br>Civil Action<br><br>**AMENDED**<br>**ORDER TO SHOW CAUSE – EJECTMENT** |

This matter having been brought to the court by Plaintiff, Walter Green, seeking relief by way of summary action based upon the facts set forth in the verified complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding; and for good cause shown:

It is on this 15th day of August 2025

**ORDERED** that the defendant(s) appear and show cause before the undersigned Judge on the 4th of September 2025 at 1:30pm, or soon thereafter as the parties can be heard in **Hearing Room 311**, why judgment should not be entered granting plaintiff Judgment for Possession and Writ of Possession located at 209-211 St. Mihiel Drive, Lot 14 and Lot 15, Riverside, NJ 08075, and other relief as the court deems equitable and just; and it is further **ORDERED** that:

1. A copy of this order to show cause, verified complaint, and all supporting affidavits or certifications submitted in support of this application be served by the plaintiff upon the defendant(s) personally within 3 days of the date hereof, or if such service cannot be

personally made, plaintiff shall either serve the defendant(s) by regular and certified mail or by regular mail upon the defendant's attorney, if known, within __3__ days of the date hereof in accordance with R. 4:4-4 and R. 6:2-3(a), this being original process.

2. The plaintiff must file with the Court his/her proof of service of these pleadings upon the defendant(s) no later than __3__ days before the scheduled hearing or return date scheduled by this Court.

3. The defendant(s) may file and serve the plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this Court and shall appear in response to this order to show cause. Any documents filed by the defendant must be filed with the Clerk of the Special Civil Part in Burlington County and a copy must be sent to the plaintiff, if the plaintiff has no attorney, or plaintiff's attorney named above. A telephone call will not protect the defendant's rights, defendant(s) must appear in Court at the designated date and time scheduled by this Court.

4. Defendant(s) take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit and the relief sought. If you dispute this complaint then you may submit, before the scheduled hearing date to this order to show cause, an answering affidavit or motion returnable on the hearing date and proof of its service. You must also appear on the hearing date set forth above to answer this complaint.

5. If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the

Lawyer Referral services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

JOHN E. HARRINGTON JSC ON RECALL

PREPARED BY THE COURT

| | |
|---|---|
| **WALTER GREEN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREGORY LEONBERG,**<br><br>**Defendant.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION-SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>Docket No. DC-8988-25<br><br>Civil Action<br><br>**AMENDED**<br>**ORDER TO SHOW CAUSE – EJECTMENT** |

This matter having been brought to the court by Plaintiff, Walter Green, seeking relief by way of summary action based upon the facts set forth in the verified complaint filed herewith and the Court having determined that this matter may be commenced by Order to Show Cause as a summary proceeding; and for good cause shown:

It is on this 15th day of August 2025

**ORDERED** that the defendant(s) appear and show cause before the undersigned Judge on the 4th of September 2025 at 1:30pm, or soon thereafter as the parties can be heard in **Hearing Room 311**, why judgment should not be entered granting plaintiff Judgment for Possession and Writ of Possession located at 209-211 St. Mihiel Drive, Lot 14 and Lot 15, Riverside, NJ 08075, and other relief as the court deems equitable and just; and it is further

**ORDERED** that:

1. A copy of this order to show cause, verified complaint, and all supporting affidavits or certifications submitted in support of this application be served by the plaintiff upon the defendant(s) personally within 3 days of the date hereof, or if such service cannot be

personally made, plaintiff shall either serve the defendant(s) by regular and certified mail or by regular mail upon the defendant's attorney, if known, within __3__ days of the date hereof in accordance with R. 4:4-4 and R. 6:2-3(a), this being original process.

2. The plaintiff must file with the Court his/her proof of service of these pleadings upon the defendant(s) no later than __3__ days before the scheduled hearing or return date scheduled by this Court.

3. The defendant(s) may file and serve the plaintiff with an answering affidavit or motion returnable on the hearing date scheduled by this Court and shall appear in response to this order to show cause. Any documents filed by the defendant must be filed with the Clerk of the Special Civil Part in Burlington County and a copy must be sent to the plaintiff, if the plaintiff has no attorney, or plaintiff's attorney named above. A telephone call will not protect the defendant's rights, defendant(s) must appear in Court at the designated date and time scheduled by this Court.

4. Defendant(s) take notice that the plaintiff has filed a lawsuit against you in the Superior Court of New Jersey. The verified complaint attached to this order to show cause states the basis of the lawsuit and the relief sought. If you dispute this complaint then you may submit, before the scheduled hearing date to this order to show cause, an answering affidavit or motion returnable on the hearing date and proof of its service. You must also appear on the hearing date set forth above to answer this complaint.

5. If you wish to hire an attorney and cannot afford one, you may call the Legal Services offices in the county in which you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJLAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the

Lawyer Referral services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Case Management Office in the county listed above and online at www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ John E. Harrington
JOHN E. HARRINGTON JSC ON RECALL

GREENBLATT, LIEBERMAN, RICHARDS AND WEISHOFF, LLC
By: Nicolas G. Rotsides, Esq. (NJ Attorney Id #123682014)
203 High Street
Mount Holly, New Jersey 08060
(609) 267-1301
Attorney for Defendant, Gregory Leonberg

| | |
|---|---|
| WALTER GREEN, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION, SPECIAL CIVIL PART |
| Plaintiff, | : BURLINGTON COUNTY |
| | : DOCKET NO. DC-8988-25 |
| Vs. | : |
| | : |
| GREGORY LEONBERG, | : CERTIFICATION OF COUNSEL |
| | : |
| Defendants. | : |

I, Nicolas G. Rotsides, Esq., hereby certify to the Court as follows:

1. I am an attorney-at-law licensed to practice in the State of New Jersey and I am the attorney for Defendant/Counterclaimant, Gregory Leonberg, in the above matter.

2. I make this certification to oppose Plaintiff's Order to Show Cause currently returnable for September 4, 2025.

3. Plaintiff's assertions constitute a gross mischaracterization of what actually led to the vehicles at issued being towed by Cioffi's Towing on or about June 27, 2025; the vehicles were removed after conclusion of a lawful Eviction action, after compliance with both the New Jersey Abandoned Property Act and New Jersey involuntary towing law, and after Defendant having waited months for Plaintiff to voluntarily remove the vehicles.

4. As a threshold matter, Defendant was removed from the subject property located at 209-211 St. Mihiel Drive, Riverside, New Jersey 08075 (hereinafter the "Property") pursuant to a lawful Eviction action filed in Burlington County on or about February 20, 2025 (Cinnaminson Properties v. Walter Green, LT-798-25). (hereinafter the "Eviction").

5. On or about April 9, 2025, a default Judgment for Possession of the Property was entered in favor of Defendant in the Eviction. ("Exhibit A").

6. Thereinafter, a Warrant of Removal was issued and executed by Officer Jenkins of the Burlington County Special Civil Part at the Property on or about April 29, 2025 ("Exhibit B.").

7. As of this time, no Rule 4:50-1 Motion has been filed to vacate the Judgment for Possession entered and executed in the Eviction. Insofar as Plaintiff may now seek to challenge service or notice in the Eviction, I would respectfully note that Rule 6:2-3(b) states in part that "In summary actions for the recovery of premises, service of process shall be by ordinary mail and by delivery personally pursuant to R. 4:4-4. When the person serving process is unable to

effectuate service by delivering process personally, service may be effectuated by affixing a copy of the summons and complaint on the door of the unit occupied by the defendant or, if that is not possible, on another conspicuous part of the subject premises." (emphasis added).

8. Attached hereto as "Exhibit C" is a Proof of Service showing that Officer Jenkins properly posted the Eviction pleadings to the Property on or about March 14, 2025.

9. Further, attached hereto as "Exhibit D" is correspondence Defendant sent to Plaintiff's residence via regular and certified mail on or about January 21, 2025 advising that an Eviction action would be forthcoming.

10. Thus, Plaintiff was provided ample notice and placed on alert that there was a dispute as to rent due and owing and that legal action was pending which could threaten removal of the vehicles from the Property.

11. After conclusion of the lawful Eviction lockout, on or about April 30, 2025, Defendant sent to Plaintiff an abandoned property letter pursuant to N.J.S.A. 2A:18-72, advising that Plaintiff had thirty three (33) days to remove his vehicles, or else they would be abandoned, despite not being required to do so ("Exhibit E").

12. Specifically, N.J.S.A. 2A:18-84 states that "[t]his act shall not be applicable to abandoned motor vehicles."

13. Thus, Defendant was under no obligation to provide Plaintiff with an Abandoned Property Act notice before having his vehicles towed, yet did so anyway in an abundance of caution.

14. Rather, pursuant to N.J.A.C. 13:45A-31.6, Defendant was authorized to involuntarily remove Plaintiff's vehicles as Defendant had entered into a written contract with Cioffi's Towing ("Exhibit F") and had the required signage posted to the Property ("Exhibit G").

15. I would further note that Defendant waited nearly two (2) months between the expiration of the Abandoned Property Letter before eventually having the vehicles towed from the Property on or about June 27, 2025; during this time, upon information and belief, Defendant attempted to contact Plaintiff repeatedly to advise that the vehicles must be removed from the Property, yet received no response.

16. Further, in order to grant the Plaintiff the relief he is seeking, I would respectfully ask that Plaintiff be required to show proof of his ownership of the vehicles at issue. Upon information and belief, Plaintiff was storing vehicles at the Property pursuant to an unlicensed towing operation, and thus some or all of the vehicles may not actually be his.

17. Lastly, I would respectfully advise this Court that the instant matter was improperly brought against Defendant, Greg Leonberg, personally. Attached hereto as "Exhibit H" is the deed to the Property showing that the lawful owner of the Property is Cinnaminson Properties, LLC, an active Limited Liability Company incorporated under the laws of the state of New Jersey. Thus, Cinnaminson Properties, LLC is the actual landlord to the parties' oral lease agreement, and the true party in interest, not Defendant.

18. As set forth above, there was no illegal lockout or illegal dispossession of property in this matter. Simply put, Defendant did everything right to the best of his ability. Defendant warned Plaintiff in advance that an Eviction action was forthcoming. An Eviction was then filed in the Special Civil Part and seen through to conclusion. An Abandoned Property Letter was sent despite not being required. Proper signage and contracts were procured before the vehicles were towed. Defendant waited months before the vehicles were removed, after taking every precaution imaginable. Defendant eventually grew tired of waiting and took lawful action to remove the subject vehicles, as was entirely his right.

19. Based on the forgoing, and in the interests of justice, Plaintiff's application for relief must be denied.

20. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DATED: August 20, 2025

Nicolas G. Rotsides, Esquire
Attorney for Defendant/Counterclaimant
Gregory Leonberg

# EXHIBIT A

**PREPARED BY THE COURT**

| | |
|---|---|
| CINNAMINSON PROPERTI ES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WALTER GREEN,<br><br>Defendant (s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>DOCKET No. BUR LT 000798-25<br>COMMERCIAL NON-PAYMENT<br><br>*CIVIL ACTION*<br><br>**JUDGMENT FOR POSSESSION BY DEFAULT** |

This matter having been brought by verified complaint by the Plaintiff Landlord CINNAMINSON PROPERTI ES, LLC, represented by TRAVIS RICHARDS, in an action for possession of the premises for: Non-payment of Rent, against Defendant/Tenant(s) WALTER GREEN, and the Defendant/Tenant(s) having been noticed of and having failed to appear on the date of trial on 04/08/2025 and the Plaintiff/Landlord having submitted the appropriate proofs by way of a Landlord's Certification and a Certification by the Landlord's Attorney, if any, as required by R. 6:6-3(b), that a judgment for possession should be entered by default in this case;

And the landlord having shown that there is rent due and owing to the Landlord in the amount of $5682 and a judgment for possession should enter in this case;

On this 9th day of April 2025,

Default Judgment for Possession is hereby entered in favor of the Plaintiff/Landlord for the property at issue in the Complaint; and

A Warrant for Removal allowing the landlord to take possession of the property may be issued after **04/12/2025**

**/s/ Michelle Smith**

Clerk of the Superior Court

**NOTE**: Landlords cannot evict tenants themselves; Special Civil Part Officers are the only individuals authorized to evict tenants. Tenants cannot be evicted on a weekend or legal holiday.

**If the tenant does not voluntarily leave, the steps required for eviction are as follows:**

**Step 1 - Entry of Judgment for Possession.** When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the premises. This may happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "Default," or if the landlord and tenant agree to the entry of a judgment for possession.

**Step 2 - Issuance of Warrant of Removal.** Three (3) business days after the judgment for possession is entered, the landlord may ask the court to issue a warrant of removal to a Special Civil Part Officer. The warrant of removal may not be issued less than three (3) business days after the judgment for possession is entered. A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

**Step 3 - Service of the Warrant of Removal.** The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

**Step 4 –Execution of the Warrant of Removal/ Eviction**. Three (3) business days after the warrant of removal is served, a landlord may request that the Special Civil Part Officer return to the residential rental property a second time to execute the warrant of removal by delivering and posting it on the door of the rental property. **This is when the eviction (lockout) is completed.**

**Summary** - Adding the days above, a residential tenant cannot be evicted any earlier than eight (8) business days after a judgment for possession has been entered. In non-payment of rent cases, even after an eviction by a Special Civil Part Officer, a residential tenant may be able to return to stay in the rental property if the tenant pays the landlord all rent due plus proper costs up to three (3) business days after the eviction. (see options below)

**Other options After a Judgment for Possession is entered are as follows**:

A. **Agreement.** After a judgment for possession has been entered (Step 1 above), a landlord and tenant can still try to make an agreement to stop an eviction. If the landlord and the tenant agree, the agreement should be in writing and a copy of the agreement may be filed with the court.

B. **Paying all Rent Due and Owing.** By law, a tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction (Step 4 above). The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

C. **Asking the Court for Relief.** A tenant can apply for relief to the Special Civil Part Court up to ten (10) days after the date of the eviction. To do so, a tenant must file:

(1) An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

(2) A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent;

(3) An Order to Show Cause (a motion for an emergency order) under Court Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession; and/or

(4) An application for a hardship stay which delays the eviction based on the unavailability of other housing accommodations. That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.

# EXHIBIT B

APPENDIX XI-G(2) COMMERCIAL WARRANT OF REMOVAL BUR

(Una traduccion al espanol comienza en la pagina 3)

Docket No.: BUR LT-000798-25

CINNAMINSON PROPERTIES, LLC
Plaintiff(s) - Landlord(s)
- vs -
WALTER GREEN
Defendant(s) - Tenant(s)

209-211 ST. MIHIEL DRIVE
LOT 14 & LOT 15
RIVERSIDE NJ 08075

Superior Court of New Jersey
Law Division, Special Civil Part
Landlord/Tenant Section,

BURLINGTON COUNTY COURTHOUSE
MT HOLLY, NJ 08060
Telephone: (609) 288-9500

>>> COMMERCIAL WARRANT OF REMOVAL <<<

To: WALTER GREEN

You are to immediately remove all persons and property from the above premises.

You may be able to stop this warrant and remain in the property if you apply to the court for relief. You may apply for relief by delivering a written request to the Office of the Special Civil Part and to the landlord or landlord's attorney. Before stopping this warrant, the court may include certain conditions such as the payment of rent.

Date: APR 17 2025

Michelle M. Smith, Esq.
Clerk of Superior Court

MICHELLE M. SMITH

CLERK OF THE SUPERIOR COURT

(Judge)

(BELOW THIS LINE SPECIAL PART OFFICER USE ONLY)

I hereby certify that I simultaneously served and executed this warrant of removal as follows:

Date and Time Warrant Served and Executed on Tenant: 4/29/25
If Unserved, Why:
Date and Time Executed: 4/29/25 12:21 PM
Date Executed Warrant Served on Tenant:
Mileage Charge for Execution: $ 2.00
Additional Services Performed: EVICTION

Method of Service:
Must Vacate By:
Date Executed/Warrant Posted: 4/29/25
Date Executed/Warrant Served on Landlord:
Additional Services Charge: $ 75.00

Signature of Special Civil Part Officer

Kenneth Jenkins

Printed or Typed Name of Special Civil Part Officer

SERVED 209 ST
4/29/25

PAID
$85.00

# EXHIBIT C

KXJ

## Tenancy Summons and Return of Service (R. 6:2-1)

**NOTICE:** This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status.

**Plaintiff or Filing Attorney Information:**
Name: TRAVIS RICHARDS
NJ Attorney Number: 016121999
Address: 235 H ST

MOUN LLY, NJ 08060-0000
Telephone: 609-26 1

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
**BURLINGTON County**
**BURLINGTON County Courthouse**
**49 RANCOCAS ROAD**
**MOUNT HOLLY, NJ 08060-0000**

Cinnaminson Properties, LLC

Plaintiff(s)

**versus**

Walter Green

Defendant (s)

**Docket Number: BUR-LT-000798-25**
(to be provided by the court)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**
Name: Walter Green
Address: 209-211 St. Mihiel Drive
Lot 14 & Lot 15
Riverside, NJ 08075-0000
Phone:

**NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. You will be notified when a court proceeding is scheduled. Please contact the Office of the Special Civil Part at 609-288-9500 ext.38094 regarding your case. Please go to njcourts.gov for general information on landlord/tenant actions.**

If you cannot afford to pay for a lawyer, contact Legal Services at 609-261-1088 to see if you qualify for free legal advice. If you can afford to pay a lawyer but do not know one, you may call the LawyerReferral Services of your local county Bar Association at 609-261-4862

You might be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, telephone number 609-261-1000. If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**NOTIFICACIÓN AL (A LA) INQUILINO(A) El objetivo de la denuncia adjunta es desalojarle a usted y sacar sus pertenencias permanentemente del sitio alquilado. Se le notificará la fecha cuando se haya programado el procedimiento judicial. Sírvase comunicarse sobre su caso con la Oficina de la Parte Civil Especial llamando al 609-288-9500 ext.38094. Para obtener información general sobre las acciones de propietarios/inquilinos, vaya a njcourts.gov.**

Si no puede pagar los servicios de un abogado, póngase en contacto con la oficina de Servicios Legales llamando al 609-261-1088 para averiguar si reúne las condiciones para recibir asesoramiento legal gratis. Si puede pagarle a un abogado, pero no conoce a ninguno, llame al Servicio de Referencia de Abogados del Colegio de Abogados local de su condado llamando al 609-261-4862.

Es posible que reúna los requisitos para recibir ayuda con la vivienda. Para que se haga esa determinación, tiene que ponerse en contacto inmediatamente con la agencia de bienestar social de su condado en 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, número de teléfono 609-261-1000. Si necesita un intérprete o un arreglo especial por una discapacidad, tiene que notificárselo al tribunal de inmediato. acomodación para un impedimento físico, tiene que notificárselo inmediatamente al tribunal.

**Date: 02/20/2025**

/s/ Michelle M. Smith
CLERK OF THE SUPERIOR COURT

# Court Officer's Return of Service (For Court Use Only)

Docket Number: ______________ Date 3/14/25 Time ______________

WM ____ WF ____ BM ____ Other ____ Ht ____ Wt ____ Age ____ Mustache ____ Beard ____ Glasses ____

Name: ______________ Relationship ______________

Efforts Made to Personally Serve KNOCKED N/A

Description of Premises if Posted COMM. PROP.

*I hereby certify the above to be true and accurate:* ______________

Special Civil Part Officer

Docket Number: LT- ______________

# EXHIBIT D

Cinnaminson Properties, LLC
PO Box 426
Moorestown, NJ 08057-0426

Sent Certified & Regular Mail
Posted at the Property Location

January 21, 2025

Walter Green
177 Eastbrook Lane
Willingboro, New Jersey 08046

Re: 209-211 Saint Mihiel Drive, Riverside, NJ

# LEGAL NOTICE TO VACATE

Pursuant to New Jersey Court requirements, you are hereby noticed to immediately vacate the property located as listed above. Legal action will now be started to remove you off the property by the Court and Sheriff's Department. Please be advised that legal action is also being started to recover the past due rent and Lien your home & property in NJ to recover same in Superior Court in NJ.

You have been warned – please guide yourself accordingly.

Gregory D. Leonberg, Sr., Manager
Cinnaminson Properties, LLC

cc: Riverside Police Department

7016 0910 0001 9265 4713

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Willingboro, NJ 08046

**OFFICIAL USE**

| | |
|---|---|
| Certified Mail Fee | $4.85 |
| Extra Services & Fees (check box, add fee as appropriate) | $4.10 |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $ $0.73 |
| Total Postage and Fees | $ |

Postmark Here: CINNAMINSON NJ, JAN 22 2025, 0770, 01/22/2025

Sent To: Walter Green

Street and Apt. No., or PO Box No.: 177 Eastbrook Lane

City, State, ZIP+4®: Willingboro, NJ 08046

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Walter Green
177 Eastbrook Lane
Willingboro NJ 08046

9590 9402 5074 9092 7600 36

2. Article Number (Transfer from service label)

7016 0910 0001 9265 4713

PS Form 3811, July 2015 PSN 7530-02-000-9053 Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature ☐ Agent ☐ Addressee

X

B. Received by (Printed Name) C. Date of Delivery 1/24/25

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery (over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

---

**UNITED STATES POSTAL SERVICE®**

CINNAMINSON
2496 ROUTE 130 N
CINNAMINSON, NJ 08077-9996
(800)275-8777

01/22/2025 02:22 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Letter | 1 | | $0.73 |
| Willingboro, NJ 08046 | | | |
| Weight: 0 lb 0.40 oz | | | |
| Estimated Delivery Date | | | |
| Fri 01/24/2025 | | | |
| Certified Mail® | | | $4.85 |
| Tracking #: 70160910000192654713 | | | |
| Return Receipt | | | $4.10 |
| Tracking #: 9590 9402 5074 9092 7600 36 | | | |
| Total | | | $9.68 |
| U.S. Flag | 1 | $0.73 | $0.73 |
| Grand Total: | | | $10.41 |
| Debit Card Remit | | | $10.41 |

Card Name: VISA
Account #: XXXXXXXXXXXX3243
Approval #: 072373
Transaction #: 652
Receipt #: 039216
Debit Card Purchase: $10.41
AID: A0000000980840
AL: US DEBIT
PIN: Verified

Text your tracking number to 28777 (2USPS) to get the latest status. Standard Message and Data rates may apply. You may also visit www.usps.com USPS Tracking or call 1-800-222-1811.

In a hurry? Self-service kiosks offer quick and easy check-out. Any Retail Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

# EXHIBIT E

Cinnaminson Properties, LLC
PO Box 426
Moorestown, New Jersey 08057
609-560-8000

April 30, 2025

Sent Regular & Certified Mail

Walter T. Green
177 Eastbrook Lane
Willingboro, New Jersey 0804

# Notice to VACATE PROPERTY: 211 Saint Mihiel Drive, Riverside NJ

A Judgment was entered in Superior Court on April 17, 2025 for possession of the property that you rented and is listed above. The property has been posted by a Court Officer as required by the Court on April 29, 2025. You have been locked out of the property.

Please be advised that you are hereby noticed to vacate the property. You have 33 days to get your possessions off the property or after that date the vehicles will be towed and impounded and the rest of the personal property disposed of. You must make arrangements to enter the property to remove everything.

Gregory D. Leonberg, Sr. – Manager
Cinnaminson Properties, LL With

Warrant of Removal
cc: Riverside Police Department

# EXHIBIT F

CIOFFI TOWING SERVICE
309 CHAPEL AVE WEST
CHERRY HILL NJ 08002
Phone (856)662-0211-MAIN NUMBER
Phone(856)662-0348- IMPOUND LOT
MAIN FAX(856)428-2844
cioffistowingservice@comcast.net

BUSINESS NAME Cinnaminson Properties, LLC

BUSNISESS ADDRESS 211 Saint Mihiel Drive Riverside NJ

BUSINESS CITY, STATE ZIP Riverside NJ 08075

BUSINESS PHONE NUMBER 609-560-8000

CONTACT PERSON NAME Greg Leonberg

CONTACT PERSON PHONE NUMBER 609-560-8000

EMAIL ADDRESS gdleonberg@aol.com

NUMBER OF SIGNS RECEIVED 2

SIGN LOCATION

LOCATION ADDRESS 211 Saint Mihiel Drive

LOCATION CITY, STATE,ZIP Riverside, NJ 08075

SIGNATURE

DATE 06-26-2025

PLEASE EMAIL PHOTOS OF SIGNS PLACED IN THEIR LOCATIONS TO: cioffistowingservice@comcast.net

# RELEASE AND INDEMNIFICATION AGREEMENT

This Release And Indemnification Agreement Is Executed On This Date And All Parties Recite And Declares The Following:

1) Releaser Is The Owner Or Authorized Agent To Remove Certain Property Located At The Address Listed.
2) Releaser Has Determined That There Exists One Or More Abandoned Motor Vehicles On Said Property.
3) Releaser Is Willing To Release And Indemnify Release From Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment
4) Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment Listed Below.

In Consideration Of The Releasee Agreement to Remove/Dispose Of The Vehicle/Equipment Below, Releasor, Releases And Discharges Releasee From Any/All Claims And Causes Of Action That May Accrue/Result From Removal/Disposal Of Vehicle And/Or Equipment Servants And/Or Employees Of Releasee.

Releasor Further Agrees To Indemnify And Hold Releasee Harmless Against Any Loss Or Expenses, Including Attorney's Fees Arising Out Of Any/All Claims/Cause Of Action With Respect To The Vehicle/Equipment Listed Below.

Releasee:
CIOFFI'S TOWING SERVICE
309 Chapel Ave.
Cherry Hill, N.J. 08002

Releasor Name & Phone Number: Cinnaminson Properties LLC - 609-560-8000

Type of Vehicle/Equipment : Dodge Charger

License Plate Number : PA temp tag 4093-593

Address Of Vehicle/Equipment : 211 Saint Mihiel Dr - Riverside NJ

Detailed Location of Vehicle on Property: Pen area the right rear corner at property

How long has Vehicle Been Parked There? 1/2 Year

Signature Of Releasor: [signature]

Release Executed On This 27th Day Of June 2025

# RELEASE AND INDEMNIFICATION AGREEMENT

This Release And Indemnification Agreement Is Executed On This Date And All Parties Recite And Declares The Following:

1) Releaser Is The Owner Or Authorized Agent To Remove Certain Property Located At The Address Listed.
2) Releaser Has Determined That There Exists One Or More Abandoned Motor Vehicles On Said Property.
3) Releaser Is Willing To Release And Indemnify Release From Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment
4) Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment Listed Below.

In Consideration Of The Releasee Agreement to Remove/Dispose Of The Vehicle/Equipment Below, Releasor, Releases And Discharges Releasee From Any/All Claims And Causes Of Action That May Accrue/Result From Removal/Disposal Of Vehicle And/Or Equipment Servants And/Or Employees Of Releasee.

Releasor Further Agrees To Indemnify And Hold Releasee Harmless Against Any Loss Or Expenses, Including Attorney's Fees Arising Out Of Any/All Claims/Cause Of Action With Respect To The Vehicle/Equipment Listed Below.

Releasee:
CIOFFI'S TOWING SERVICE
309 Chapel Ave.
Cherry Hill, N.J. 08002

Releasor Name & Phone Number: Cinnaminson Properties LLC 609-560-8000

Type of Vehicle/Equipment: 1969 Chevy Chevelle - Red

License Plate Number: NJ- WT-437V

Address Of Vehicle/Equipment: 211 Saint Michel Dr. Riverside NJ

Detailed Location of Vehicle on Property: pen area in right rear corner of property

How long has Vehicle Been Parked There? 2 Year

Signature Of Releasor: [signature]

Release Executed On This 25th Day Of June 2025

# RELEASE AND INDEMNIFICATION AGREEMENT

This Release And Indemnification Agreement Is Executed On This Date And All Parties Recite And Declares The Following:

1) Releaser Is The Owner Or Authorized Agent To Remove Certain Property Located At The Address Listed.
2) Releaser Has Determined That There Exists One Or More Abandoned Motor Vehicles On Said Property.
3) Releaser Is Willing To Release And Indemnify Release From Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment
4) Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment Listed Below.

In Consideration Of The Releasee Agreement to Remove/Dispose Of The Vehicle/Equipment Below, Releasor, Releases And Discharges Releasee From Any/All Claims And Causes Of Action That May Accrue/Result From Removal/Disposal Of Vehicle And/Or Equipment Servants And/Or Employees Of Releasee.

Releasor Further Agrees To Indemnify And Hold Releasee Harmless Against Any Loss Or Expenses, Including Attorney's Fees Arising Out Of Any/All Claims/Cause Of Action With Respect To The Vehicle/Equipment Listed Below.

Releasee:
CIOFFI'S TOWING SERVICE
309 Chapel Ave.
Cherry Hill, N.J. 08002

Releasor Name & Phone Number: Cinnaminson Properties LLC 609-560-8000

Type of Vehicle/Equipment: Chevy Camaro - Black

License Plate Number: No Tag

Address Of Vehicle/Equipment: 211 Saint Mihiel Dr. Riverside NJ

Detailed Location of Vehicle on Property: pen area in right rear corner of property

How long has Vehicle Been Parked There? 1 year

Signature Of Releasor: [signature]

Release Executed On This 27th Day Of June 2025

# RELEASE AND INDEMNIFICATION AGREEMENT

This Release And Indemnification Agreement Is Executed On This Date And All Parties Recite And Declares The Following:

1) Releaser Is The Owner Or Authorized Agent To Remove Certain Property Located At The Address Listed.
2) Releaser Has Determined That There Exists One Or More Abandoned Motor Vehicles On Said Property.
3) Releaser Is Willing To Release And Indemnify Release From Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment
4) Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment Listed Below.

In Consideration Of The Releasee Agreement to Remove/Dispose Of The Vehicle/Equipment Below, Releasor, Releases And Discharges Releasee From Any/All Claims And Causes Of Action That May Accrue/Result From Removal/Disposal Of Vehicle And/Or Equipment Servants And/Or Employees Of Releasee.

Releasor Further Agrees To Indemnify And Hold Releasee Harmless Against Any Loss Or Expenses, Including Attorney's Fees Arising Out Of Any/All Claims/Cause Of Action With Respect To The Vehicle/Equipment Listed Below.

Releasee:
CIOFFI'S TOWING SERVICE
309 Chapel Ave.
Cherry Hill, N.J. 08002

Releasor Name & Phone Number: Cinnaminson Properties LLC 609-560-8000

Type of Vehicle/Equipment: Buick Enclave - Dark Blue

License Plate Number: No Tag

Address Of Vehicle/Equipment: 211 Saint Mihiel Dr. Riverside NJ

Detailed Location of Vehicle on Property: Pen area in right rear Corner of property

How long has Vehicle Been Parked There? 1 Year

Signature Of Releasor: [signature]

Release Executed On This 27th Day Of June 2025

# RELEASE AND INDEMNIFICATION AGREEMENT

This Release And Indemnification Agreement Is Executed On This Date And All Parties Recite And Declares The Following:

1) Releaser Is The Owner Or Authorized Agent To Remove Certain Property Located At The Address Listed.
2) Releaser Has Determined That There Exists One Or More Abandoned Motor Vehicles On Said Property.
3) Releaser Is Willing To Release And Indemnify Release From Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment
4) Any Claims Arising From The Removal/Disposal Of The Vehicle/Equipment Listed Below.

In Consideration Of The Releasee Agreement to Remove/Dispose Of The Vehicle/Equipment Below, Releasor, Releases And Discharges Releasee From Any/All Claims And Causes Of Action That May Accrue/Result From Removal/Disposal Of Vehicle And/Or Equipment Servants And/Or Employees Of Releasee.

Releasor Further Agrees To Indemnify And Hold Releasee Harmless Against Any Loss Or Expenses, Including Attorney's Fees Arising Out Of Any/All Claims/Cause Of Action With Respect To The Vehicle/Equipment Listed Below.

---

Releasee:-
CIOFFI'S TOWING SERVICE
309 Chapel Ave.
Cherry Hill, N.J. 08002

Releasor Name & Phone Number: Cinnaminson Properties, LLC 609-560-80[illegible]

Type of Vehicle/Equipment : Dodge Ram 3500 Tow Truck

License Plate Number : NJ - 46LME

Address Of Vehicle/Equipment : 211 Saint Mihiel Dr. Riverside NJ

Detailed Location of Vehicle on Property Rear corner of property in [illegible] area

How long has Vehicle Been Parked There? 1 year or more

Signature Of Releasor: [signature]

Release Executed On This 27th Day Of June 2025

# EXHIBIT G


NOTICE
Authorized Parking ONLY
Commercial and Illegal Vehicles Prohibited
Unauthorized Parking is Prohibited and unauthorized vehicles will be towed at the owner's expense.
Enforced 24 Hours a Day in Accordance with
Cioffi's Towing
303 WEST CHAPEL AVE. CHERRY HILL, NJ 08002
856-662-0348
TOWING: $176 PLUS FEES
STORAGE: $35 PER DAY
Sabados
8:30 AM a
Viernes

# EXHIBIT H

Prepared by the Court

| | |
|---|---|
| WALTER GREEN<br><br>Plaintiff(s),<br><br>vs.<br><br>GREGORY LEONBERG<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>DOCKET NO.: BUR-DC-008988-25<br><br>Civil Action<br><br>**ORDER** |

**THIS MATTER** having been opened before the Court by Plaintiff; and for good cause shown;

**IT IS** on this 11th day of September 2025, **ORDERED** as follows:

1. Plaintiff's Application is **DENIED**, and the case is **DISMISSED**.
2. Plaintiff's counsel to prepare a detailed Order.
3. Plaintiff is to serve a copy of the Order upon all parties within 5 days of the date of its entry.

/s/John E Harrington
~~Hon. John E. Harrington, J.S.C., Ret. Recall~~
Hon. John E. Harrington J.S.C. Recall

JEH/cb

Prepared by the Court

| | |
|---|---|
| WALTER GREEN<br><br>Plaintiff(s),<br><br>vs.<br><br>GREGORY LEONBERG<br><br>Defendant(s). | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br><br>DOCKET NO.: BUR-DC-008988-25<br><br>Civil Action<br><br>**ORDER** |

**THIS MATTER** having been opened before the Court by Plaintiff; and for good cause shown;

**IT IS** on this 11th day of September 2025, **ORDERED** as follows:

1. Plaintiff's Application is **DENIED**, and the case is **DISMISSED**.
2. Plaintiff's counsel to prepare a detailed Order.
3. Plaintiff is to serve a copy of the Order upon all parties within 5 days of the date of its entry.

/s/John E Harrington
~~Hon. John E. Harrington, J.S.C. Ret Recall~~
Hon. John E. Harrington J.S.C. Recall

JEH/cb

Matthew A. Zabel, Esquire (Attorney ID: 015331985)
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Plaintiff

| | |
|---|---|
| WALTER GREEN,<br><br>Plaintiff(s)<br><br>vs.<br><br>GREGORY LEONBERG,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: DC-008988-25<br><br>Civil Action<br><br>**CONSENT ORDER** |

THIS MATTER having being opened to the Court by Matthew A. Zabel, Esquire, attorney for Plaintiff, and with the consent of Defendant's counsel, and it appearing to the Court that the parties agreed to the entry of this Order and for good cause shown;

It Is on this _____ day of ______________________, 2025, ORDERED:

This matter is hereby dismissed with prejudice and with tenant having removed all of his property on or before September 15, 2025.

_______________________________________
HONORABLE JOHN E. HARRINGTON, J.S.C.

The undersigned hereby consents to the form and entry of the within Order.

/s/Nicolas G. Rotsides, Esq.
_______________________________________
NICHOLAS G. ROTSIDES, ESQUIRE
Date: October 3, 2025

_______________________________________
MATTHEW A. ZABEL, ESQUIRE
Date: 09/26/2025

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Walter Green

**(b)** County of Residence of First Listed Plaintiff ______
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

Gregory Leonberg

County of Residence of First Listed Defendant ______
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [X] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 7

Brief description of cause: Defendant broke lease + wrongfully stole pieces

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 100,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE ______ SIGNATURE OF ATTORNEY OF RECORD ______

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

Walter Tyrone Green

*(In the space above enter the full name(s) of the plaintiff(s).)*

**- against -**

Gregory Leonberg

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**COMPLAINT**

Jury Trial: ☐ Yes ☒ No

(check one)

**I. Parties in this complaint:**

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| | | |
|---|---|---|
| Plaintiff | Name | Walter Tyrone Green |
| | Street Address | 177 East brook Lane |
| | County, City | Willingboro, NJ BurlingtonCounty |
| | State & Zip Code | NJ 08046 |
| | Telephone Number | 609-880-3473 |

B. List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1
Name Gregory Leonberg
Street Address ______
County, City Burlington County, Hooreston
State & Zip Code NJ 08057

Defendant No. 2
Name ______
Street Address ______
County, City ______
State & Zip Code ______

Defendant No. 3
Name ______
Street Address ______
County, City ______
State & Zip Code ______

Defendant No. 4
Name ______
Street Address ______
County, City ______
State & Zip Code ______

## II. Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. There are four types of cases that can be heard in federal court: 1) Federal Question - Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case; 2) Diversity of Citizenship - Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case; 3) U.S. Government Plaintiff; and 4) U.S. Government Defendant.

A. What is the basis for federal court jurisdiction? *(check all that apply)*

- [X] Federal Questions
- [ ] Diversity of Citizenship
- [ ] U.S. Government Plaintiff
- [ ] U.S. Government Defendant

B. If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? Case dismissed at state level & Changed to criminal theft

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this_____day of_______________________________________, 20_____.

Signature of Plaintiff ______________________________

Mailing Address ______________________________

______________________________

______________________________

Telephone Number ______________________________

Fax Number *(if you have one)* ______________________________

E-mail Address ______________________________

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint.

Signature of Plaintiff: ______________________________

**IV. Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

None, economic only

**V. Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

losses monetarially

C. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship Citizen

Defendant(s) state(s) of citizenship Citizen

**III. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. Where did the events giving rise to your claim(s) occur? Theft of personal property as a result of wrongful eviction

B. What date and approximate time did the events giving rise to your claim(s) occur? Theft occured 6/1/2025

What happened to you?

C. Facts:

Who did what?

Was anyone else involved?

Who else saw what happened?

**Judiciary eCourts System - Special Civil Part**

**CASE JACKET**

# Docket Number: BUR LT 000798 - 25

Back

**Case Caption:** Cinnaminson Properti Vs Green Walter

**Court:** Special Civil Part | **Venue:** Burlington | **Case Initiation Date:**

**Case Type:** Commercial Non-Payment | **Case Status:** Closed | **Demand Amount:** $0.

**Case Track:** | **Judge:** | **Jury Demand:** None

**Case Disposition:** Settled Without Settlor | **Statewide Lien:**

**Plaintiffs (1)** | Defendants (1) | Case Proceedings (2) | ACMS Documents (12) | Fees (13)

Cinnaminson Properti Es, Llc (Party No. 1)

**Case Actions**

| Filed Date | Filings | Docket Text | |
|---|---|---|---|
| 02/20/2025 | | Complaint submitted by RICHARDS, TRAVIS , GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of CINNAMINSON PROPERTI ES, LLC against WALTER GREEN, assigned to court officer JENKINS, KENNON, D. | SCI |
| 03/04/2025 | | The "Trial" Proceeding for BUR-LT-000798-25 has been scheduled for 04/08/2025. | SCI |
| 03/04/2025 | | LT Trial Notice submitted by Case Management Staff. | SCI |
| 03/14/2025 | | Proof Of Service submitted by Staff | SCI |
| 04/07/2025 | | CORRESPONDENCE submitted by RICHARDS, TRAVIS of GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of CINNAMINSON PROPERTIES, LLC against WALTER GREEN | SCI |
| 04/09/2025 | | Judgment For Possession By Default Submitted by Case Management Staff. | SCI |
| 04/11/2025 | | WARRANT OF REMOVAL submitted by RICHARDS, TRAVIS of GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of CINNAMINSON PROPERTIES, LLC against WALTER GREEN | SCI |
| 09/02/2025 | | MOTION TO VACATE DEFAULT JUDGMENT & RESTORE submitted by ZABEL, MATTHEW, A of ZABEL & ASSOCIATES LLC on behalf of WALTER GREEN against CINNAMINSON PROPERTIES, LLC | SCI |
| 09/05/2025 | | CLERK NOTICE: re: MOTION TO VACATE DEFAULT JUDGMENT & RESTORE [SCP20253681533] -Please be advised that a motion hearing is scheduled for Monday, September 15, 2025, at 1:30 pm in person. Please report to courtroom 1COB. Thank you. | SCI |
| 09/06/2025 | | Generic Proceed Notice submitted by Case Management | SCI |

| Filed Date | Filings | Docket Text | |
|---|---|---|---|
| 09/15/2025 | | Other Court Initiated Order - Denied by Judge HARRINGTON, JOHN, E | SCI |
| 09/16/2025 | | CORRESPONDENCE submitted by RICHARDS, TRAVIS of GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC on behalf of CINNAMINSON PROPERTIES, LLC against WALTER GREEN | SCI |
| 09/16/2025 | | Other Court Initiated Order - Denied by Judge HARRINGTON, JOHN, E | SCI |
| 10/08/2025 | | CORRESPONDENCE submitted by ZABEL, MATTHEW, A of ZABEL & ASSOCIATES LLC on behalf of WALTER GREEN against CINNAMINSON PROPERTIES, LLC | SCI |
| 10/14/2025 | | Other Court Initiated Order - Granted by Judge HARRINGTON, JOHN, E | SCI |

Showing 1 to 15 of 15 entries

 © Copyright NJ Judiciary 2016

GREENBLATT, LIEBERMAN,
RICHARDS & WEISHOFF LLC
ATTORNEY ID (016121999)
203 HIGH STREET
MOUNT HOLLY, N. J. 08060
Tel. (609) 267-1301
Attorney for Plaintiff

SUPERIOR COURT OF NEW JERSEY
LAW DIV. - SPECIAL CIVIL PART

Burlington County

DOCKET NO.

CIVIL ACTION

VERIFIED COMPLAINT
LANDLORD/TENANT

Name of Plaintiff(s)/Landlord(s):

Cinnaminson Properties, LLC,

vs.

Name of Defendant(s)/Tenant(s):

Walter Green

_X_ Non-Payment of Rent
___ Other (Required Notices Attached)
___ Residential
_X_ Commercial

Address of Rental Premises: 209-211 St. Mihiel Drive Lot 14 & Lot 15, Riverside, NJ 08075
Tenant's Phone Number: (609) 880-3443
Tenant's Email:

1. The owner of record is: Cinnaminson Properties, LLC.

2. Plaintiff is the agent of the owner.

3. Landlord ___did _X_did not acquire ownership of the property from the tenant(s).

4. The landlord ___has _X_has not given the tenant(s) an option to purchase the property.

5. The tenant(s) now reside(s) in and has (have) been in possession of these premises since 1/1/2024, under a verbal agreement.

6. The tenancy is not subsidized under a federal or state program or public housing.

7. The landlord has registered the leasehold and notified tenant as required by N.J.S.A. 46:8-27.

8. The _X_monthly or ___weekly amount that must be paid by the tenant(s) for these premises is $900, payable on the 1st day of each _X_month or ___week in advance.

**COMPLETE PARAGRAPHS 9A AND 9B IF COMPLAINT IS FOR NON-PAYMENT OF RENT**

9A. There is due, unpaid and owing from tenant(s) to landlord(s) $3657 rent and additional rent, as follows:

| | |
|---|---|
| $900 | Base rent for December 2024 |
| $900 | Base rent for January 2025 |
| $900 | Base rent for February 2025 |
| $50 | Late charges for December 2024 |
| $50 | Late charges for January 2025 |
| $50 | Late charges for February 2025 |
| $750 | Attorney fees |
| $57 | Filing Fee |
| **$3657** | **TOTAL** |

The late charges, attorney fees and other charges are permitted to be charged as rent for purposes of this action by federal, state and local law (including rent control and rent leveling) and by the lease.

9B. The date that the next rent is due is: 3/1/2025

If this case is scheduled for trial before that date, the total amount you must pay to have this complaint dismissed is $3657 (total from 9A).

If this case is scheduled for trial on or after that date, the total amount you must pay to have this complaint dismissed is $4557 (total from line 9A plus the next month's rent), plus any other accruing charges.

These amounts do not include late fees or attorney fees for Section 8 and public housing tenants. Payment may be made to the landlord or the clerk of the court at any time before the trial date, but on the trial date payment must be made by 4:30 p.m. to get the case dismissed.

**CHECK PARAGRAPHS 10 AND 11 IF THE COMPLAINT IS FOR OTHER THAN OR IN ADDITION TO NON-PAYMENT OF RENT. ATTACH ALL NOTICES TO CEASE AND NOTICES TO QUIT/DEMANDS FOR POSSESSION.**

10. ___ Landlord(s) seek(s) a judgment for possession for the additional or alternative reasons(s) stated in the notices attached to this complaint. STATE REASONS:

11. ___ The tenant(s) has (have) not surrendered possession of the premises and tenant(s) hold(s) over and continue(s) in possession without the consent of landlord(s).

WHEREFORE, landlord(s) demand(s) judgment for possession against the tenant(s) listed above, together with costs.

DATED: 2/19/2025

*/s/ Greg Leonberg*

TRAVIS J. RICHARDS

**LANDLORD VERIFICATION**

1. I certify that I am the ___ landlord, _X_ agent of the owner, ___ general partner of the partnership, or ___ authorized officer of a corporation or limited liability company that owns the premises in which tenant(s) reside(s).

2. I have read the Verified Complaint and the information contained in it is true and based on my personal knowledge.

3. The matter in controversy is not the subject of any other court action or arbitration proceeding now pending or contemplated and no other parties should be joined in this action except (list exceptions or indicate none): _____none_____________________.

4. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-70 (b)

5 The foregoing statements made by me are true and I am aware if any of the foregoing statements by me willfully false, I am subject to punishment.

At the trial plaintiff will require:

| | | | |
|---|---|---|---|
| An interpreter | Yes | xx No | Indicate language |
| An accommodation for a disability | Yes | xx No | Required accommodation |

Dated: 2/19/2025 ________/s/ Greg Leonberg________________
(Signature of Landlord, Landlord's Agent, Partner or Officer)

________Greg Leonberg__________
(Printed Name of Landlord, Landlord's Agent, Partner or Officer)

Name: Travis J. Richards, Esq.
Attorney ID Number: 016121999
Address: 203 High Street, Mt. Holly, NJ 08060

Telephone Number: 609-267-1301 ext.
Email Address: glrwnotices@gmail.com

Superior Court of New Jersey
Law Division, Special Civil Part
Landlord-Tenant
Burlington County
Docket Number:

Cinnaminson Properties, LLC
Plaintiff/Landlord

v.

Walter Green
Defendant/Tenant(s)

# Certification of Lease and Registration Statement

☐ **Residential** ■ **Commercial**

Travis J. Richards, (Esq.) of full age, being duly sworn according to law, certify and say (select one option for each of the following):

1. I am: ☐ the plaintiff/landlord ■ an attorney at law duly licensed to practice in the state of New Jersey in the above-captioned landlord tenant action.

2. The lease that is the subject of this action is: ☐ attached in full ☐ attached in pertinent part and the full lease document is in excess of 10 pages ■ not the subject of a written agreement.

3. ☐ I have attached a copy of any registration statement for the residential rental property required by the Landlord Registration Act N.J.S.A. 46:8-27.
   ■ The property is exempt from registration pursuant to N.J.S.A. 46:8-28.5(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

2/19/2025
Dated

s/ Travis J. Richards
(Signature of Attorney/Self-Represented Landlord)

Travis J. Richards
(Printed Name of Attorney/Self-Represented Landlord)

Landlord: Cinnaminson Properties, LLC

Tenant(s): Walter Green

Balance Due & Owing:

| Month/Year | Rent | Late Fees | Other Charges | Paid | Unpaid |
|---|---|---|---|---|---|
| December 2024 | $900.00 | $50.00 | | | $950.00 |
| January 2025 | $900.00 | $50.00 | | | $950.00 |
| February 2025 | $900.00 | $50.00 | | | $950.00 |
| | | | | | |
| | | | | | |

Total:

$2,850.00

# Tenancy Summons and Return of Service (R. 6:2-1)

**NOTICE:** This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status.

**Plaintiff or Filing Attorney Information:**
Name: TRAVIS RICHARDS
NJ Attorney ID Number: 016121999
Address: 203 HIGH ST

MOUNT HOLLY, NJ 08060-0000
Telephone: 609-267-1301

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
**BURLINGTON County**
**BURLINGTON County Courthouse**
**49 RANCOCAS ROAD**
**MOUNT HOLLY, NJ 08060-0000**

Cinnaminson Properties, LLC

Plaintiff(s)

**versus**

Walter Green

Defendant (s)

**Docket Number: BUR-LT-000798-25**
(to be provided by the court)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**
Name: Walter Green
Address: 209-211 St. Mihiel Drive
Lot 14 & Lot 15
Riverside, NJ 08075-0000
Phone:

**NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. You will be notified when a court proceeding is scheduled. Please contact the Office of the Special Civil Part at 609-288-9500 ext.38094 regarding your case. Please go to njcourts.gov for general information on landlord/tenant actions.**

If you cannot afford to pay for a lawyer, contact Legal Services at 609-261-1088 to see if you qualify for free legal advice. If you can afford to pay a lawyer but do not know one, you may call the LawyerReferral Services of your local county Bar Association at 609-261-4862

You might be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, telephone number 609-261-1000. If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**NOTIFICACIÓN AL (A LA) INQUILINO(A) El objetivo de la denuncia adjunta es desalojarle a usted y sacar sus pertenencias permanentemente del sitio alquilado. Se le notificará la fecha cuando se haya programado el procedimiento judicial. Sírvase comunicarse sobre su caso con la Oficina de la Parte Civil Especial llamando al 609-288-9500 ext.38094. Para obtener información general sobre las acciones de propietarios/inquilinos, vaya a njcourts.gov.**

Si no puede pagar los servicios de un abogado, póngase en contacto con la oficina de Servicios Legales llamando al 609-261-1088 para averiguar si reúne las condiciones para recibir asesoramiento legal gratis. Si puede pagarle a un abogado, pero no conoce a ninguno, llame al Servicio de Referencia de Abogados del Colegio de Abogados local de su condado llamando al 609-261-4862.

Es posible que reúna los requisitos para recibir ayuda con la vivienda. Para que se haga esa determinación, tiene que ponerse en contacto inmediatamente con la agencia de bienestar social de su condado en 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, número de teléfono 609-261-1000. Si necesita un intérprete o un arreglo especial por una discapacidad, tiene que notificárselo al tribunal de inmediato. acomodación para un impedimento fisico, tiene que notificárselo inmediatamente al tribunal.

**Date: 02/20/2025**

/s/ Michelle M. Smith
CLERK OF THE SUPERIOR COURT

# Court Officer's Return of Service (For Court Use Only)

Docket Number: ______________________ Date ____________ Time __________

WM _____ WF _____ BM _____ Other _____ Ht _____ Wt _____ Age _____ Mustache _____ Beard _____ Glasses _____

Name: ______________________ Relationship ______________________

Efforts Made to Personally Serve ______________________

______________________

Description of Premises if Posted ______________________

______________________

I hereby certify the above to be true and accurate: ______________________

Special Civil Part Officer

Docket Number: LT- ______________________

# Landlord Case Information Statement

Case Details: BURLINGTON - Special Civil Part Docket# BUR-LT-000798-25
**Caption:** Cinnaminson Properties, LLC VS Green Walter

## Plaintiff/Landlord

**Name of Plaintiff/Landlord:** Cinnaminson Properties, LLC

**Email Address:**
**Home/Office Phone:**
**Cell Phone:**

**Attorney Name and Firm:** TRAVIS RICHARDS , GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC
**Email Address:** TRAVIS.RICHARDS@YAHOO.COM
**Office Phone:** 609-267-1301
**Cell Phone:**
**Attorney/Plaintiff Mailing Address:** 203 HIGH ST MOUNT HOLLY NJ 08060

## Defendant/Tenant

**Name of Defendant/Tenant(s):** Walter Green
**Rental Property Address:** 209-211 St. Mihiel Drive Lot 14 & Lot 15 Riverside NJ 08075
**Municipal Code:** 0331

**Email Address:**
**Home/Office Phone:**

**Cell Phone:**

**Type of Tenancy:** [ ] Residential [ X ] Commercial

**Cause of Action:** [ X ] Non-Payment
[ ] Other (Holdover for Cause)

**Holdover Cause of Action:**

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

[ ] Subsidized Housing

Type: [ ] Public Housing [ ] Section 8 Voucher [ ] Section 8 HAP Contract [ ] Other Subsidy Program

[ ] Notice(s) that are required for Holdover, Public Housing and/or Subsidized Housing are attached to the complaint.
[ ] Rental property is not a covered property under the Federal CARES Act, 15 U.S.C. § 9057(f) or 9058(a).
[ ] The tenancy is subject to a municipal rent control ordinance.

The total number of months of unpaid rent is: 3
The first month of unpaid rent was: December 2024
The amount due and owing by the tenant in this case is: $ 3657.00

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

I certify that the foregoing statements made by me are true to the best of my knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 02/20/2025 Attorney/Plaintiff Signature: /S/ TRAVIS RICHARDS

New Jersey Courts

# Landlord
# Civil Case Information Statement
# (LCIS)

## Holdover Causes of Action

| Residential Tenancy | | |
|---|---|---|
| 1 | Disorderly Tenant | N.J.S.A. 2A:18-61.1(b) |
| 2 | Willful or Gross Negligent Damage to Premises | N.J.S.A. 2A:18-61.1(c) |
| 3 | Violation of Rules and Regulations | N.J.S.A. 2A:18-61.1(d) |
| 4 | Violation of the Lease Covenants | N.J.S.A. 2A:18-61.1(e) |
| 5 | Violation of the Lease Covenants Under the Control of a Public Housing Authority or Redevelopment Agency | N.J.S.A. 2A:18-61.1(e) |
| 6 | Failure to Pay Rent After Increase | N.J.S.A. 2A:18-61.1(f) |
| 7 | Demolish/Board Up Premises | N.J.S.A. 2A:18-61.1(g) |
| 8 | Permanently Retiring Residential Building/Mobile Home Park from Residential Use | N.J.S.A. 2A:18-61.1(h) |
| 9 | Reasonable Changes to Lease at End of Lease Term that Tenant Refuses to Accept | N.J.S.A. 2A:18-61.1(i) |
| 10 | Habitual Late Payment of Rent | N.J.S.A. 2A:18-61.1(j) |
| 11 | Converting Property to Condominium or Cooperative Ownership | N.J.S.A. 2A:18-61.1(k) |
| 12 | Personal Occupancy by Owner or Purchaser of Unit (property converted to condo/cooperative or fee simple ownership) | N.J.S.A. 2A:18-61.1(l)(1) |
| 13 | Personal Occupancy by Owner or Purchaser of Unit (owner of a building with 3 or fewer condo/cooperative units. | N.J.S.A. 2A:18-61.1(l)(2) |
| 14 | Personal Occupancy by Owner or Purchaser of Unit (building with 3 or fewer residential units) | N.J.S.A. 2A:18-61.1(l)(3) |
| 15 | Rental is Conditioned on Tenant's Employment by Landlord | N.J.S.A. 2A:18-61.1(m) |
| 16 | Convicted or Pleaded Guilty to Offenses under the 1987 Comprehensive Drug Reform Act, or Harbors such Person | N.J.S.A. 2A:18-61.1(n) |
| 17 | Convicted or Pleaded Guilty to Assault/Threats against Landlord, Landlord's Family or Employee, or Harbors such Person | N.J.S.A. 2A:18-61.1(o) |
| 18 | Tenant or Tenant Harbors such Person previously found Liable in a Civil Action for Certain Criminal Acts on the Rental Premises | N.J.S.A. 2A:18-61.1(p) |
| 19 | Tenant or Tenant Harbors Such Person who pleaded or was convicted of theft of property from the Landlord, the Rental Premises, or Other Tenants | N.J.S.A. 2A:18-61.1(q) |
| 20 | Tenant or Tenant Harbors such Person previously found Liable in a Civil Action for Human Trafficking on the Rental Premises | N.J.S.A. 2A:18-61.1(r) |
| 21 | Residents at Residential Health Care Facilities (non-payment or holdover) | N.J.S.A. 30:11A-1 *et. seq.* |

| Commercial Tenancy; Owner-Occupied Premises with Two or Less Residential Units; Rental Unit Held in Trust on behalf of Immediate Family Member Who Permanently Occupies the Unit not Developmentally Disabled | | |
|---|---|---|
| 22 | Tenant Stays after Expiration of Lease Term | N.J.S.A. 2A:18-53 |
| 23 | Tenant Disorderly as to Destroy Peace and Quiet | N.J.S.A. 2A:18-53 |
| 24 | Tenant Willfully Destroys, Damages or Injures the Premises | N.J.S.A. 2A:18-53 |
| 25 | Tenant Constantly Violates Landlord's Written Rules and Regulations | N.J.S.A. 2A:18-53 |
| 26 | Tenant Breaches/Violates any Agreement in Lease that Provides for Right of Reentry | N.J.S.A. 2A:18-53 |
| 27 | Violation of Alcoholic Beverages Laws by Commercial Tenant | N.J.S.A. 33:1-54 |

New Jersey Courts
Independence • Integrity • Fairness • Quality Service

**New Jersey Judiciary**
**Superior Court of New Jersey**
**Law Division, Special Civil Part**

# Landlord Tenant Procedures

The following procedures apply in cases where a landlord is trying to evict (also known as "lockout") a tenant. Please take the time to read this information and visit the Judiciary website at njcourts.gov for more information about landlord tenant rules and procedures. Both landlords and tenants can ask questions of court staff at any point during the process, but court staff ***cannot*** provide legal advice.

## 1. Complaint filed and served

The landlord must file a complaint, summons, Landlord Case Information Statement (LCIS), copy of the lease (or, if the lease exceeds 10 pages, the relevant portions of the lease), registration statement, if applicable, and Certification of Lease and Registration Statement. Those documents will explain why the landlord is seeking to evict the tenant(s) and will be served on the tenant(s).

Tenants must complete a Tenant Case Information Statement (TCIS). The TCIS will explain the tenant's position. The tenant should file this with the court electronically (or by mail as soon as possible after receipt of the complaint, otherwise it will be required at the trial.

Court forms for both landlords and tenants are available at njcourts.gov under "Forms Catalog".

## 2. Settlement Conference

Prior to being sent for trial, the landlord and tenant will be asked to talk to each other to try to settle their case. Trained neutral court staff will help both sides try to settle their case. If the case does not settle prior to trial, the case will proceed to trial before a judge. ***Neither the landlord nor the tenant is required to settle their case and both have the right to a trial.***

### Settlement Agreements

If both landlord and tenant agree to settle their case, the court or court staff will review the terms of the settlement agreement. Some agreements will require the judge to review and approve the agreement and some will also require the landlord and tenant to testify about the terms of the agreement on the record in open court. All settlement agreements will be written (or placed on the record), with a copy provided to the parties, and added to the court's electronic file.

If you settle your case, please note:

- You should settle only if you agree with the terms. Both landlord and tenant must agree to the terms for a settlement.

- Court staff can provide an agreement form which can be completed virtually (by video) or in person. If completed in person, the signed agreement should be provided to the court.
- Court staff can also provide forms for any certification from the landlord and/or the landlord's attorney.
- The wording of the settlement form can be changed depending on the terms you have agreed upon.
- Make sure that you understand the words in the settlement because if you are a tenant and agree to entry of a judgment for possession and do not comply with the terms of the settlement, you can be evicted.
- Any agreement that says a judgment for possession will or can be entered must be approved by a judge if a residential tenant does not have an attorney.

3. **Trial**
If you are a tenant and you disagree with what your landlord claims, such as the amount of the rent that is owed, you have the right to explain your position at trial. Most trials will be conducted in person. In some cases, trial may be conducted virtually, by video, if prior approval is obtained from the court. If the tenant does not appear, the case can be marked "DEFAULT." This means the landlord can apply for a judgment against the tenant and the tenant can be evicted if the judgement is granted. If the landlord does not appear, the case can be "DISMISSED." This means the case will not proceed.

4. **Entry of Judgment for Possession**
At the conclusion of a trial or where a tenant does not appear at trial and the landlord proves their case, the court will enter a judgment for possession. A judgment for possession is a written document that contains the result of the case and explains the basis for the court's decision. The judgment for possession also explains the next steps in the process.

When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the rental property. This can happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "DEFAULT," or if the landlord and tenant agree to the entry of a judgment for possession.

5. **Application for and Issuance of a Warrant of Removal**
After the judgment for possession is entered, the landlord can ask the court to issue a warrant of removal to a Special Civil Part Officer. The warrant of removal allows the Special Civil Part Officer to proceed with the process of evicting a tenant from the property. The warrant of removal cannot be issued less than three (3) business days after the judgment for possession is entered. A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

6. **Service of the Warrant of Removal**

The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

7. **Execution of the Warrant of Removal/Eviction**
   Three (3) business days after the warrant of removal is served, a landlord can request that the Special Civil Part Officer return to the residential rental property a second time to ***execute the warrant of removal*** by requiring the tenant to vacate the premises and permitting the landlord to change the locks. This is when the eviction (lockout) is completed.

   **NOTE: Landlords cannot evict tenants by themselves. Special Civil Part Officers are the *only* individuals authorized to evict tenants. Tenants cannot be evicted on a weekend or holiday.**

## Illegal Evictions

A landlord cannot evict tenants from a rental property; only a Special Civil Part Officer can perform an eviction. In order to have a Special Civil Part Officer evict a tenant, a landlord must first get a judgment for possession and then a warrant of removal from the court. ***It is illegal for the landlord to force a tenant out by changing the locks, padlocking the doors, by shutting off gas, water or electricity***. Landlords can only remove a tenant's belongings after an eviction as permitted by the Abandoned Tenant Property Act N.J.S.A. 2A:18-72 (unless otherwise provided for in a non-residential lease).

Tenants who have been locked out of their homes illegally should call the police. The New Jersey Office of the Attorney General has released guidance on illegal lockouts and the role of law enforcement agencies in preventing them. More information is available at the following link: https://nj.gov/oag/dcj/agguide/directives/ag-Directive-2021-2_Illegal_Evictions.pdf.

Tenants who have been locked out of their rental property illegally can also file a civil complaint at the county courthouse. For more information on illegal evictions (lockouts) go to njcourts.gov.

## Other Options After a Judgment for Possession is Entered

1. **Agreement**. After a judgment for possession has been entered, a landlord and tenant can still try to make an agreement to stop an eviction. If the landlord and the tenant agree, the agreement should be in writing and a copy of the agreement can be filed with the court.

2. **Paying all Rent Due and Owing**. By law, a residential tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction. The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

3. **Asking the Court for Relief**. A tenant can apply for relief to the court. To do so, a tenant must file:

a. An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

b. A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent; and/or

c. An application for a hardship stay, which delays the eviction based on the unavailability of other housing accommodations. That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.

A tenant can also file a motion under Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession. For more information visit the landlord tenant page at njcourts.gov.

Contact the Office of the Special Civil Part Office as soon as possible to apply for any of the above. Go to njcourts.gov and search for "Directory of Superior Court Special Civil Part Offices".

## Available Resources

Housing, Legal and Utilities Assistance. Court staff can give the parties a list of agencies that might be able to assist with rent, temporary shelter, or legal services.

The Department of Community Affairs (DCA) has information regarding legal, rental and other assistance programs available online at https://www.nj.gov/dca/divisions/dhcr/.

Information about legal resources also is available online at njcourts.gov. You can also contact the Legal Services of New Jersey hotline at 1-888-576-5529. LSNJ's Tenants' Rights Manual is available at https://proxy.lsnj.org/rcenter/GetPublicDocument/Sites/LAW/Documents/Publications/Manuals/TenantsRights.pdf

The Ombudsman in your county might be able to provide information regarding organizations and resources that may be available to you. For a list of ombudsmen, go to njcourts.gov and search for "Ombudsman Directory".

If you have additional questions or issues regarding the information above, please send an email to BURCivil.mbx@njcourts.gov or call the Special Civil Part Office at 609-288-9500 ext.38094. Please note that Judiciary staff cannot provide legal advice.

**Poder Judicial de Nueva Jersey**
**Tribunal Superior de Nueva Jersey**
**División de Derecho, Parte Civil Especial**

# Procedimientos para Propietarios Inquilinos

Landlord Tenant Procedures

Los siguientes procedimientos corresponden en los casos en que un propietario está tratando de desalojar a un inquilino (también conocido como "lockout" o cierre). Dedíquele tiempo a leer esta información y visite la página web del Poder Judicial en njcourts.gov para obtener más información sobre las reglas y procedimientos para propietarios e inquilinos. Tanto los propietarios como los inquilinos pueden hacer preguntas al personal judicial en cualquier momento durante el proceso, pero el personal judicial ***no puede*** proporcionar consejos legales.

1. **Denuncia presentada y entregada**
   El propietario tiene que presentar una denuncia, una citación, una declaración informativa del propietario, llamada en inglés Landlord Case Information Statement (LCIS), copia del contrato de arrendamiento (o, si el contrato de arrendamiento tiene más de 10 páginas, las partes pertinentes del contrato), la declaración de registro, si corresponde, y la Certificación del contrato de arrendamiento y de la declaración de registro. Esos documentos explicarán por qué el propietario trata de desalojar al inquilino (a los inquilinos) y se le entregarán al inquilino (a los inquilinos).

   Los inquilinos tienen que llenar una declaración informativa sobre el caso, llamada en inglés Tenant Case Information Statement (TCIS). La TCIS explicará la posición del inquilino. El inquilino debe presentarla al tribunal por vía electrónica (o por correo) lo antes posible después de recibida la demanda, de lo contrario será requerida en el juicio.

   Los formularios judiciales, tanto para los propietarios como para los inquilinos, están disponibles en njcourts.gov bajo el título "Forms Catalogue" (Catálogo de Formularios).

2. **Conferencia de conciliación**
   Antes de ser enviados al juicio, se le pedirá al propietario y al inquilino que hablen entre sí para tratar de conciliar su causa. Un personal judicial neutral y capacitado ayudará a ambas partes a intentar resolver su caso. Si el caso no se resuelve antes del juicio, el caso se llevará a juicio ante un juez. ***Ni el propietario ni el inquilino tiene la obligación de llegar a un acuerdo en su causa y ambos tienen derecho a un juicio.***

3. **Acuerdos de conciliación**
   Si tanto el propietario como el inquilino llegan a un acuerdo en su causa, el juez o el personal judicial repasará las condiciones del acuerdo de conciliación. Algunos acuerdos requerirán que el juez los repase y apruebe y algunos también requerirán que el propietario y el inquilino testifiquen sobre las condiciones del acuerdo para que consten en las actas de una audiencia pública. Todos los acuerdos de conciliación se escribirán (o constarán en las actas), con copia para proporcionárselas a las partes, y para añadirlas al archivo electrónico del tribunal.

Si usted llega a un acuerdo en su causa, tenga en cuenta que:

- Debe llegar a un acuerdo solamente si le resultan aceptables las condiciones. Ambos, el propietario y el inquilino, tienen que aceptar las condiciones para que haya una conciliación.
- El personal judicial puede proporcionar un formulario de acuerdo que se puede llenar virtualmente (por video) o en persona. Si se completa en persona, el acuerdo firmado se le debe entregar al tribunal.
- El personal judicial también puede proporcionar formularios para cualquier certificación del propietario o del abogado del propietario o de ambos.
- La redacción del formulario de acuerdo se puede cambiar según las condiciones que se hayan acordado.
- Asegúrese que usted comprende las palabras del acuerdo porque si usted es un inquilino y acepta que se asiente un fallo de posesión y no cumple con las condiciones del acuerdo de conciliación, puede ser desalojado/a.
- Cualquier acuerdo que diga que se asentará o que es posible que se asiente un fallo de posesión tiene que ser aprobado por un juez si el inquilino que reside en la vivienda no tiene abogado.

**4. Juicio**

Si usted es un inquilino y no está de acuerdo con lo que afirma el propietario, tal como la cantidad de alquiler que se debe, usted tiene derecho a explicar su posición en el juicio. La mayoría de los juicios se celebrarán en persona. En algunos casos, el juicio podrá celebrarse virtualmente, por vídeo, si se obtiene la aprobación previa del tribunal. Si el inquilino no comparece, el caso se puede marcar "DEFAULT" [*en rebeldía*]. Eso significa que el propietario puede solicitar un fallo en contra del inquilino y el inquilino puede ser desalojado si se otorga el fallo. Si el propietario no comparece, el caso puede ser "DISMISSED" [*desestimado*]. Eso significa que el caso no continuará.

**5. Asiento de un Fallo de Posesión**

Al terminar el juicio, o cuando el inquilino no comparece para el juicio y el propietario prueba su causa, el juez asentará un fallo de posesión. Un fallo de posesión es un documento por escrito que contiene el resultado de la causa y explica el fundamento para la decisión del juez. El fallo de posesión también explica los próximos pasos en el proceso.

Cuando el juez asienta un fallo de posesión, el juez le está otorgando al propietario el derecho legal a la posesión de la propiedad alquilada. Esto puede ocurrir si el propietario puede probar su caso el día del juicio, si el inquilino no comparece y el caso se marca "DEFAULT" [*en rebeldía*] o si el propietario y el inquilino aceptan que se asiente un fallo de posesión.

6. **Solicitud y emisión de una orden de desalojo**
   Después que se haya anotado un fallo de posesión, el propietario puede pedirle al juez que emita una orden de desalojo a un Oficial de la Parte Civil Especial. La orden de desalojo permite que el Oficial de la Parte Civil Especial proceda con el proceso de desalojar al inquilino de la propiedad alquilada. La orden de desalojo no se puede emitir antes de tres (3) días laborales de la anotación del fallo de desalojo. Un Oficial de la Parte Civil Especial es la persona que notifica (entrega) la orden de desalojo al inquilino.

7. **Notificación de la orden de desalojo**
   La orden de desalojo la tiene que notificar el Oficial de la Parte Civil Especial entregándosela al inquilino en persona o poniéndola en la puerta de la propiedad alquilada.

8. **Ejecución de la orden de desalojo/Desahucio**
   Tres (3) días laborales después de notificada la orden de desalojo, un propietario puede pedir que un Oficial de la Parte Civil Especial regrese por segunda vez a la propiedad residencial alquilada para ***que se ejecute la orden de desalojo*** exigiendo que el inquilino desocupe el sitio y permita que el propietario cambie las cerraduras. En ese momento se completa el desalojo (lockout/cierre).

   **NOTA: Los propietarios no pueden desalojar a los inquilinos ellos mismos. Los Oficiales de la Parte Civil Especial son los *únicos* autorizados para desalojar a los inquilinos. No se puede desalojar a los inquilinos los fines de semana ni los días feriados.**

## Desalojos ilegales

Un propietario no puede desalojar a los inquilinos de una propiedad alquilada, solo un Oficial de la Parte Civil Especial puede llevar a cabo un desalojo. Para que un Oficial de la Parte Civil Especial pueda desalojar a un inquilino, el propietario tiene que obtener del juez primero un fallo de posesión y después una orden de desalojo. ***Es ilegal que el propietario obligue a salir a un inquilino porque ha cambiado las cerraduras, puesto candados en las puertas, o desconectado el gas, el agua o la electricidad.*** Los propietarios solo pueden sacar las pertenencias de un inquilino después de un desalojo según lo permita la ley sobre la propiedad abandonada de un inquilino *Abandoned Tenant Property Act* N.J.S.A 2A:18-72 (a menos que el contrato de arrendamiento no residencial lo disponga de otro modo).

Los inquilinos a los que se les ha cerrado ilegalmente el acceso a su vivienda deben llamar a la policía. La Oficina del Procurador General de Nueva Jersey ha comunicado orientación sobre los cierres ilegales y el papel de las agencias del orden público para prevenirlos. Hay más información a su disposición en el siguiente enlace: https://nj.gov/oag/dcj/agguide/directives/ag-Directive-2021-2_Illegal_Evictions.pdf

Los inquilinos a los que se les haya cerrado ilegalmente el acceso a la propiedad alquilada también pueden presentar una demanda civil en el tribunal del condado. Para obtener más información sobre los desalojos ilegales (lockouts), visite njcourts.gov.

## Otras opciones después de anotado un fallo de posesión

1. **Un acuerdo.** Después de anotado un fallo de posesión, el inquilino y el propietario todavía pueden tratar de llegar a un acuerdo para detener el desalojo. Si llegan a un acuerdo, el propietario y el inquilino deben poner el acuerdo por escrito y se puede presentar una copia del acuerdo al tribunal.

2. **El pago de todo el alquiler vencido y adeudado.** Según la ley, el inquilino de una residencia puede pagar todo el alquiler vencido y adeudado más los costos apropiados hasta tres (3) días laborales después del desalojo. El dueño tiene que aceptar ese pago y/o cooperar con un programa de ayuda con el alquiler o con una organización benéfica confiable que se haya comprometido a pagar el alquiler.

3. **Solicitud de amparo al juez.** Un inquilino puede solicitar una protección judicial al tribunal. Para hacerlo, el inquilino tiene que presentar:
   a. Una solicitud para un traslado ordenado en la que pida hasta siete (7) días calendario más para mudarse, si existe un buen motivo;
   b. Un pedimento en el que solicite que se desestime con prejuicio la acción por falta de pago del alquiler debido a que el inquilino de la residencia pagó todo el alquiler vencido y adeudado más los costos apropiados, o porque el propietario rehusó aceptar el pago del inquilino de la residencia dentro de los tres (3) días laborales siguientes al desalojo; o una orden para que se presente fundamentación jurídica debido a que el propietario rehusó colaborar con un plan de ayuda con el alquiler o con una organización benéfica confiable que se ha comprometido a pagar el alquiler; y/o
   c. Una solicitud de estancia por dificultades (*stay*), la cual retrasará el desalojo sobre la base de una falta de otros alojamientos. Este retraso no puede ser más de seis (6) meses a partir del asentamiento del fallo de posesión y el inquilino tendrá que pagar todo el alquiler y los costos apropiados.

Un inquilino también puede presentar un pedimento según la Regla 4:50-1 pidiendo que el fallo de posesión se rescinda (se revoque) y se desestime la demanda, si el inquilino puede mostrar un motivo justificado, tal como un error o negligencia excusable, fraude, representación falsa u otra conducta indebida por una parte contraria, una prueba recién descubierta o cualquier otra razón que justifique una protección contra el fallo de posesión. Para obtener más información visite la página de propietarios e inquilinos en njcourts.gov.

Póngase en contacto con la Oficina de la Parte Civil Especial lo antes posible para solicitar cualquiera de lo anterior. Visite njcourts.gov y busque el "Directory of Superior Court Special Civil Part Offices".

# Recursos disponibles

Ayuda para Vivienda, Servicios legales y Servicios públicos. El personal del tribunal puede darles a las partes una lista de agencias que es posible que puedan ayudar con el alquiler, un albergue temporal, o servicios legales.

El Departamento de Asuntos Comunitarios (DCA) dispone de información sobre programas de ayuda legal, de alquiler y otro tipo de programas de asistencia disponibles en línea en https://www.nj.gov/dca/divisions/dhcr/.

También hay información sobre recursos legales disponible en njcourts.gov. También puede ponerse en contacto con los servicios legales de Nueva Jersey (*Legal Services of New Jersey*) llamando a la línea directa: 1-888-576-5529. ay un Manual de los Servicios Legales de Nueva Jersey sobre los derechos de los inquilinos (*LSNJ Tenant's Rights Manual*) disponible en: https://proxy.lsnj.org/rcenter/GetPublicDocument/Sites/LAW/Documents/Publications/Manuals/TenantsRights.pdf

Es posible que el Defensor del Pueblo de su condado pueda proporcionarle información sobre las organizaciones y los recursos que pueden estar disponibles en su condado. Visite njcourts.gov busque el "Ombudsman Directory" .

Si tiene preguntas o asuntos adicionales relacionados con la información anterior, sírvase enviar un correo electrónico a BURCivil.mbx@njcourts.gov o llame a la Oficina de la Parte Civil Especial al 609-288-9500 ext.38094.Tenga en cuenta que el personal del Poder Judicial no puede dar consejos legales.

# SUPERIOR COURT OF NEW JERSEY – BURLINGTON COUNTY
# SPECIAL CIVIL PART – LANDLORD TENANT
# IN PERSON TRIAL NOTICE

CASE CAPTION: CINNAMINSON PROPERTI VS GREEN WALTER

DOCKET NUMBER: BUR LT 000798-25

A trial has been scheduled in this case to take place on 04/08/2025 at 09:00 AM at 49 RANCOCAS ROAD, MOUNT HOLLY, NJ, 08060-0000.

**YOU ARE REQUIRED TO ATTEND THE TRIAL, IN PERSON. IF YOU DO NOT ATTEND THE TRIAL, OR CONTACT THE COURT IN ADVANCE TO RESCHEDULE:**

- **TENANTS: THE COURT WILL ENTER DEFAULT. IF THE LANDLORD PROVES THEIR CASE, THE LANDLORD CAN APPLY FOR A JUDGMENT OF POSSESSION TO EVICT YOU FROM THE PROPERTY.**

- **LANDLORDS: THE COURT WILL DISMISS YOUR CASE.**

If you need an interpreter or an accommodation for a disability, you must notify the court immediately: (609) 288-9500 Extension 38094.

Si necesita un intérprete o algún arreglo por una discapacidad, tiene que notificárselo inmediatamente al tribunal: (609) 288-9500 Extension 38094.

**If you need to request an adjournment (postponement) or permission to attend virtually, please contact the court at least 5 days before your trial date. All requests are subject to court approval, and you will be notified whether your request is approved.**

## Available Resources

Court staff can give you a list of agencies that might be able to assist with rent, temporary shelter, or legal services. Information about rental assistance and legal

resources is posted online at NJ Department of Community Affairs (www.nj.gov/dca/divisions/dhcr/).

You can also contact the Legal Services of New Jersey hotline 1-888-576-5529. Legal Services of New Jersey in your county can be reached at (609) 261-1088.

General Trial Information: Information about the Landlord Tenant Court and what to expect when you appear for trial, is contained in the Landlord Tenant Trial Information document (Harris Announcement) included with this notice and also available online at Landlord Tenant Trial Information-Harris Announcement (www.njcourts.gov/sites/default/files/forms/10887_precalinst_harris.pdf).

You can also watch a video, using the link below, in which a judge will provide more information. The video is available in both English and Spanish at the Judiciary's website LT Information video (www.youtube.com/watch?v=San8u3IV5-k).

You can reach the court by calling: (609) 288-9500 Extension 38094.

New Jersey Courts
Independence • Integrity
Fairness • Quality Service

## Appendix XI-S
## New Jersey Judiciary
## Superior Court of New Jersey
## Law Division, Special Civil Part

## Landlord Tenant Trial Information

The following information is a **brief** overview of landlord tenant court procedures. Please read these instructions carefully. This information is not intended to take the place of legal advice, but it will provide you with a general understanding of the process. If a party needs an interpreter, they should contact the court by phone or email.

A landlord has filed a lawsuit against a tenant to regain possession of their property, meaning a landlord wants to evict (also known as "lockout"), a tenant. In order to evict a tenant, the landlord must first get a judgment for possession. Before that can happen, tenants have a right to a trial. If a trial occurs, a judge will decide whether a judgment for possession should be entered. A judgment for possession allows a landlord to request a warrant of removal from the court. If a judgment is entered, the court will provide a written document to the landlord and tenant that explains the basis for the court's decision and what will happen next. The warrant of removal allows a Special Civil Part Officer to proceed with a tenant's eviction from the property.

**Illegal Evictions:** A landlord cannot evict tenants from a rental property, only a Special Civil Part Officer can perform an eviction. In order to have a Special Civil Part Officer evict a tenant, a landlord must first get a judgment for possession and then a warrant of removal from the court. It is illegal for the landlord to force a tenant out by changing the locks, padlocking the doors, or shutting off gas, water or electricity. Landlords can only remove a tenant's belongings after an eviction as permitted by the Abandoned Tenant Property Act N.J.S.A. 2A:18-72 (unless otherwise provided for in a non-residential lease).

Tenants who have been locked out of their homes illegally should call police. The New Jersey Office of the Attorney General has released guidance on illegal lockouts and the role of law enforcement agencies in preventing them. More information is available at the following link: https://www.nj.gov/oag/dcj/agguide/directives/ag-Directive-2021-2_Illegal_Evictions.pdf

Tenants who have been locked out of their rental property illegally can also file a civil complaint at the county courthouse. For more information on illegal evictions (lockouts) go to www.njcourts.gov.

**Available Resources:** Court staff can give the parties a list of agencies that may be able to assist with rent, temporary shelter, or legal services. Information about rental assistance programs – including those related to the COVID-19 pandemic – is available online at www.njcourts.gov. Information about legal resources also is posted online: https://www.njcourts.gov/selfhelp/selfhelp_landlordtenant.html#tenants.

**1. Appearing on Your Trial Date**

Trials may be conducted virtually, by video, or in person if the parties are unable to participate virtually. On the scheduled trial date, a list of cases will be scheduled to be heard. If both the landlord and the tenant are present, the case will be marked READY for trial. If the tenant is not present, the case may be marked "DEFAULT." If the landlord is not present or if both parties do not appear, the case may be "DISMISSED." You will have a chance to ask questions of court staff.

**2. Settlements**

Settlement conferences will be offered before the trial. Those conferences generally will be conducted virtually (by video). Parties will have the opportunity to meet with court staff for these conferences.

The parties should talk to each other to try to settle their case. Neutral court staff will help the parties try to settle their case. Parties are not required to settle their case and have the right to a trial.

You should settle only if you understand the terms of the agreement and they are acceptable to you. If you are a tenant and do not comply with the settlement agreement, you can be evicted. If the parties agree on a settlement, parties can complete a settlement agreement form which can be completed virtually or in person. A copy of any settlement agreement will be sent to the parties. You are not limited to the contents of the settlement forms. Note, any settlement involving an unrepresented residential tenant that seeks to enter a consent judgment for possession must be approved by the court.

**3. Right to a Trial**

If you are a tenant and you disagree with what your landlord claims, such as the amount of the rent that is owed, you have the right to explain your position, before and at trial.

**4. Waiting for Trial**

If you do not settle, a judge will hear your case. Most trials will be conducted virtually, by video. Parties can use courthouse technology rooms to participate, if necessary. In some cases, the trial may be conducted in person. The court expects to reach all cases on the scheduled trial date; however, if your case cannot be reached that day, you will have your case rescheduled and have to appear either virtually or in person another day. If you are a tenant and you request to adjourn (postpone) the trial date, the judge may first require you to deposit some or all of the rent due with the court. If a deposit is required, it can be paid in cash, money order or bank cashier's check made payable to the Treasurer, State of New Jersey. If the rent is not deposited as directed, a default will be entered in favor of the landlord. That means the landlord will be able to take steps to have you evicted.

**5. Non-Payment of Rent Cases**

The following information applies in cases where a landlord claims the tenant owes rent:

A. **Dismissal of Case Upon Payment or Deposit.** If you are a tenant, the case against you will be dismissed if you pay all of the rent that is due plus court costs to the landlord or to the court on or before the date a judge enters a judgment for possession. If your case is tried remotely, the court will delay entry of the judgment until the following business day. Note: The tenant may still make payments after a judgment for possession is entered.

B. **Fees or Other Charges as Additional Rent.** Attorney's fees, late fees and/or other charges are only allowed if there is a lease that calls these items "additional rent." Even if the lease does say that, the amount due as rent may be limited by rent control, or if there is public assistance, the rent may be limited by local, state, or federal law. For example, if a tenant receives Section 8 assistance, the landlord cannot include a late charge in the amount that the tenant owes.

**6. Holdover Cases**

If the eviction case is for a reason other than nonpayment of rent, the landlord should have served the tenant with written notice(s) before filing the complaint for eviction and attached these notice(s) to the complaint when filed.

**7. Limitation on Court's Powers**

A judge cannot force the parties to settle. A settlement is entirely voluntary. For example, a tenant may want more time to pay rent owed or to pay in installments. Unless the landlord agrees to such terms, the court must enter a judgment for possession, which then allows the landlord to take steps to gain possession of the property and evict the tenant.

**8. Eviction Procedures/Steps**

**Step 1 - Entry of Judgment for Possession.** When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the premises. This may happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "Default," or if the landlord and tenant agree to the entry of a judgment for possession.

**Step 2 - Issuance of Warrant of Removal.** After the judgment for possession is entered, the landlord may ask the court to issue a warrant of removal to a Special Civil Part Officer. The warrant of removal may not be issued at least three (3) business days after the judgment for possession is entered. A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

**Step 3 - Service of the Warrant of Removal.** The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

**Step 4 –Execution of the Warrant of Removal/ Eviction.** Three (3) business days after the warrant of removal is served, a landlord may request that the Special Civil Part Officer return to the residential rental property a second time to execute the warrant of removal by requiring the tenant to vacate the premises and permitting the landlord to change the locks. This is when the eviction (lockout) is completed.

**NOTE**: Landlords cannot evict tenants themselves Special Civil Part Officers are the only individuals authorized to evict tenants. Tenants cannot be evicted on a weekend or holiday.

**Summary** - A residential tenant cannot be evicted until the landlord follows the steps above. A residential tenant may not be evicted any earlier than eight (8) calendar days after a judgment for possession has been entered. In non-payment of rent cases, even after an eviction by a Special Civil Part Officer, a residential tenant may be able to return to stay in the rental property if the tenant pays the landlord all rent due plus proper costs up to three (3) business days after the eviction. (See 9.B. Paying all Rent Due and Owing, below)

**9. Options After a Judgment for Possession**

A. **Agreement.** After a judgment for possession has been entered (Step 1 above), a landlord and tenant can still try to make an agreement to stop an eviction. If the landlord and the tenant agree, the agreement should be in writing and a copy of the agreement should be filed with the court.

B. **Paying all Rent Due and Owing.** By law, a tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction (Step 4 above). The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

C. **Asking the Court for Relief.**

A tenant can apply for relief to the court even after an eviction. To do so, a tenant must file:

(1) An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

(2) A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent; and/or

(3) An application for a hardship stay which delays the eviction based on the unavailability of other housing accommodations. That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.

A tenant can also file a motion under Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession. **Court staff can provide tenants with the forms needed to ask for any of the above types of relief.**

KXJ

**Tenancy Summons and Return of Service (R. 6:2-1)**

**NOTICE:** This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status.

**Plaintiff or Filing Attorney Information:**
Name: TRAVIS RICHARDS
NJ Attorney ID Number: 016121999
Address: 2.5 H ST

MOUN LLY, NJ 08060-0000
Telephone: 609-26 1

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
**BURLINGTON County**
**BURLINGTON County Courthouse**
**49 RANCOCAS ROAD**
**MOUNT HOLLY, NJ 08060-0000**

Cinnaminson Properties, LLC

Plaintiff(s)

**versus**

Walter Green

Defendant (s)

**Docket Number: BUR-LT-000798-25**
(to be provided by the court)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**
Name: Walter Green
Address: 209-211 St. Mihiel Drive
Lot 14 & Lot 15
Riverside, NJ 08075-0000
Phone:

**NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. You will be notified when a court proceeding is scheduled. Please contact the Office of the Special Civil Part at 609-288-9500 ext.38094 regarding your case. Please go to njcourts.gov for general information on landlord/tenant actions.**

If you cannot afford to pay for a lawyer, contact Legal Services at 609-261-1088 to see if you qualify for free legal advice. If you can afford to pay a lawyer but do not know one, you may call the LawyerReferral Services of your local county Bar Association at 609-261-4862

You might be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, telephone number 609-261-1000. If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**NOTIFICACIÓN AL (A LA) INQUILINO(A) El objetivo de la denuncia adjunta es desalojarle a usted y sacar sus pertenencias permanentemente del sitio alquilado. Se le notificará la fecha cuando se haya programado el procedimiento judicial. Sírvase comunicarse sobre su caso con la Oficina de la Parte Civil Especial llamando al 609-288-9500 ext.38094. Para obtener información general sobre las acciones de propietarios/inquilinos, vaya a njcourts.gov.**

Si no puede pagar los servicios de un abogado, póngase en contacto con la oficina de Servicios Legales llamando al 609-261-1088 para averiguar si reúne las condiciones para recibir asesoramiento legal gratis. Si puede pagarle a un abogado, pero no conoce a ninguno, llame al Servicio de Referencia de Abogados del Colegio de Abogados local de su condado llamando al 609-261-4862.

Es posible que reúna los requisitos para recibir ayuda con la vivienda. Para que se haga esa determinación, tiene que ponerse en contacto inmediatamente con la agencia de bienestar social de su condado en 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, número de teléfono 609-261-1000. Si necesita un intérprete o un arreglo especial por una discapacidad, tiene que notificárselo al tribunal de inmediato. acomodación para un impedimento físico, tiene que notificárselo inmediatamente al tribunal.

**Date: 02/20/2025**

/s/ Michelle M. Smith
CLERK OF THE SUPERIOR COURT

# Court Officer's Return of Service (For Court Use Only)

Docker Number: ______________ Date 3/14 PT Time ______

WM ____ WF ____ BM ____ Other ____ Ht ____ Wt ____ Age ____ Mustache ____ Beard ____ Glasses ____

Name: ______________ Relationship ______________

Efforts Made to Personally Serve KNOCKED N/A

Description of Premises if Posted COMM. PROP.

I hereby certify the above to be true and accurate: ______________

Special Civil Part Officer

Docket Number: LT- ______________

Landlord: Cinnaminson Properties, LLC

Tenant(s): Walter Green

Balance Due & Owing:

| Month/Year | Rent | Late Fees | Other Charges | Paid | Unpaid |
|---|---|---|---|---|---|
| December 2024 | $900.00 | $50.00 | | | $950.00 |
| January 2025 | $900.00 | $50.00 | | | $950.00 |
| February 2025 | $900.00 | $50.00 | | | $950.00 |
| March 2025 | $900.00 | $50.00 | | | $950.00 |
| April 2025 | $900.00 | $50.00 | | | $950.00 |

Total: $4750.00

+ $125 trial fee

+ $807 atty. fee

$ 5682.00

**PREPARED BY THE COURT**

CINNAMINSON PROPERTI ES, LLC,

Plaintiff,

v.

WALTER GREEN,

Defendant (s)

SUPERIOR COURT OF NEW JERSEY
SPECIAL CIVIL PART
BURLINGTON COUNTY

DOCKET No. BUR LT 000798-25
COMMERCIAL NON-PAYMENT

*CIVIL ACTION*

**JUDGMENT FOR POSSESSION BY DEFAULT**

This matter having been brought by verified complaint by the Plaintiff Landlord CINNAMINSON PROPERTI ES, LLC, represented by TRAVIS RICHARDS, in an action for possession of the premises for: Non-payment of Rent, against Defendant/Tenant(s) WALTER GREEN, and the Defendant/Tenant(s) having been noticed of and having failed to appear on the date of trial on 04/08/2025 and the Plaintiff/Landlord having submitted the appropriate proofs by way of a Landlord's Certification and a Certification by the Landlord's Attorney, if any, as required by R. 6:6-3(b), that a judgment for possession should be entered by default in this case;

And the landlord having shown that there is rent due and owing to the Landlord in the amount of $5682 and a judgment for possession should enter in this case;

On this 9th day of April 2025,

Default Judgment for Possession is hereby entered in favor of the Plaintiff/Landlord for the property at issue in the Complaint; and

A Warrant for Removal allowing the landlord to take possession of the property may be issued after **04/12/2025**

/s/ **Michelle Smith**

Clerk of the Superior Court

**NOTE**: Landlords cannot evict tenants themselves; Special Civil Part Officers are the only individuals authorized to evict tenants. Tenants cannot be evicted on a weekend or legal holiday.

**If the tenant does not voluntarily leave, the steps required for eviction are as follows:**

**Step 1 - Entry of Judgment for Possession.** When the court enters a judgment for possession, the court is granting the landlord the legal right to possession of the premises. This may happen if the landlord can prove their case on the day of trial, if the tenant fails to appear and the case is marked as "Default," or if the landlord and tenant agree to the entry of a judgment for possession.

**Step 2 - Issuance of Warrant of Removal.** Three (3) business days after the judgment for possession is entered, the landlord may ask the court to issue a warrant of removal to a Special Civil Part Officer. The warrant of removal may not be issued less than three (3) business days after the judgment for possession is entered. A Special Civil Part Officer is the person who serves (delivers) the warrant of removal on the tenant.

**Step 3 - Service of the Warrant of Removal.** The warrant of removal must be served by the Special Civil Part Officer on the tenant by delivering or posting the warrant of removal on the door of the rental property.

**Step 4 –Execution of the Warrant of Removal/ Eviction**. Three (3) business days after the warrant of removal is served, a landlord may request that the Special Civil Part Officer return to the residential rental property a second time to execute the warrant of removal by delivering and posting it on the door of the rental property. **This is when the eviction (lockout) is completed.**

**Summary** - Adding the days above, a residential tenant cannot be evicted any earlier than eight (8) business days after a judgment for possession has been entered. In non-payment of rent cases, even after an eviction by a Special Civil Part Officer, a residential tenant may be able to return to stay in the rental property if the tenant pays the landlord all rent due plus proper costs up to three (3) business days after the eviction. (see options below)

**<u>Other options After a Judgment for Possession is entered are as follows</u>**:

A. **Agreement.** After a judgment for possession has been entered (Step 1 above), a landlord and tenant can still try to make an agreement to stop an eviction. If the landlord and the tenant agree, the agreement should be in writing and a copy of the agreement may be filed with the court.

B. **Paying all Rent Due and Owing.** By law, a tenant can pay all rent due and owing plus proper costs up to three (3) business days after the eviction (Step 4 above). The landlord must accept this payment and/or cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent.

C. **Asking the Court for Relief.** A tenant can apply for relief to the Special Civil Part Court up to ten (10) days after the date of the eviction. To do so, a tenant must file:

(1) An application for orderly removal requesting up to seven (7) more calendar days to move out if there is a good reason;

(2) A motion requesting dismissal with prejudice of the nonpayment of rent action because the residential tenant paid all rent due and owing plus proper costs, or because the landlord refused to accept the residential tenant's payment, within three (3) business days following the eviction; or an order to show cause because the landlord refused to cooperate with a rental assistance program or bona fide charitable organization that has committed to pay the rent;

(3) An Order to Show Cause (a motion for an emergency order) under Court Rule 4:50-1 requesting that the judgment for possession be vacated (reversed) and the complaint dismissed, if the tenant can show good reason such as mistake or excusable neglect, fraud, misrepresentation or other misconduct by an adverse party, newly discovered evidence or any other reason justifying relief from the judgment for possession; and/or

(4) An application for a hardship stay which delays the eviction based on the unavailability of other housing accommodations. That delay cannot be for more than six (6) months from entry of the judgment for possession, and the tenant will have to pay all rent and proper costs.

GREENBLATT, LIEBERMAN,
RICHARDS & WEISHOFF LLC
ATTORNEY ID (016121999)
141 HIGH STREET
MOUNT HOLLY, N. J. 08060
Tel. (609) 267-1301
Attorney for Plaintiff

Name of Plaintiff(s)/Landlord(s):

Cinnaminson Properties, LLC

vs.

Name of Defendant(s)/Tenant(s):

Walter Green

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
BURLINGTON COUNTY
LANDLORD-TENANT DIVISION
DOCKET NO. BUR-LT-000798-25

**Civil Action**
**Request for Residential Warrant of Removal**

I, Travis J. Richards, Esq., am requesting a Warrant of Removal be issued in this matter and hereby certify and say:

1. I am the authorized officer or agent of a corporation or limited liability company or individual that owns the premises in which tenant(s) resides in this matter.

2. On 2/20/2025 a landlord/tenant summary dispossession action was filed in the Special Civil Part of the Law Division.

3. A Judgment for Possession was issued on this action by default on 4/8/2025.

4. I am aware that I have a continuing obligation under Rule 1 :4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates that any of the above may be incorrect.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 4/10/2025

Travis J. Richards

**APPENDIX XI-T – CERTIFICATION BY LANDLORD**

| | |
|---|---|
| **Cinnaminson Properties, LLC** Plaintiff(s) | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION, SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br>LANDLORD-TENANT DIVISION |
| v. | DOCKET # BUR-LT-000798-25 |
| **Walter Green** Defendant(s) | CERTIFICATION BY LANDLORD |

**YOU SHOULD COMPLETE PART A, PART B, OR BOTH (IF BOTH APPLY). CROSS OUT ANY PARAGRAPHS IN THOSE PARTS THAT DO NOT APPLY IN THIS CASE. PART C APPLIES TO ALL CASES AND MUST BE COMPLETED.**

**A. WHEN THE EVICTION IS BASED ON UNPAID RENT**

1. The tenant has failed to pay rent now due and owing in the amount of $**5682**. That amount consists of basic rent of $**4875**, late charges of $**0**, legal fees relating to this action for eviction of $**750**, and filing fees and costs of $57.
2. All of the items listed above are included in the lease agreement as rent.
3. All of those items are permitted by applicable federal, state and local laws (including rent control or rent leveling, if applicable) to be charged as rent for purposes of this action.

**B. WHEN THE EVICTION IS BASED ON OTHER GROUNDS**
Eviction is sought because ______________________________________________

______________________________________________

**C. IN ALL CASES:**

1. I have attached a copy of all notices that have been served on the defendant.
2. These notices were served on the tenant (check one or more) ___X___ by ordinary mail, ________ by certified mail, ______ personally, on ______________________________________________
3. All of the facts stated in the notices are true.
4. If I proceed without an attorney, I certify that I own the property in my own name or in the name of a general partnership of which I am a partner.
5. I have complied with the registration requirements of *N.J.S.A. 46:8-27* et seq.
6. The tenant did not transfer ownership to me and I have not given the tenant an option to buy the property.
7. The tenant is not in the military service of the United States nor any of its allies, nor is the premises used for dwelling purposes of the spouse, a child or other dependent of a person in the military service of the United States.

**I, THE LANDLORD, CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULLY FALSE, I AM SUBJECT TO PUNISHMENT.**

DATE: 4/8/2025 Gregory D. Leonberg, Sr. (Print Name) */s/ Gregory D. Leonberg, Sr.* (Landlord)

## APPENDIX XI-U – CERTIFICATION BY LANDLORD'S ATTORNEY

| | | |
|---|---|---|
| **Cinnaminson Properties, LLC** | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION, SPECIAL CIVIL PART |
| | : | BURLINGTON COUNTY |
| Plaintiff(s) | : | LANDLORD-TENANT DIVISION |
| v. | : | |
| | : | |
| | : | DOCKET NO. BUR-LT-000798-25 |
| Walter Green | : | |
| | : | CERTIFICATION BY LANDLORD'S ATTORNEY |
| | : | |
| Defendant(s) | : | |

1. I am the attorney for the landlord in this matter and make this certification pursuant to *Rule* 6:6-3(b) or *Rule* 6:6-4.

2. The landlord has asserted that the tenant has failed to pay rent now due and owing in this matter.

3. I have reviewed the applicable federal, state and local law and the written lease between the parties, and in my opinion the charges and fees sought, other than the base rent, are permitted to be included in the rent for purposes of this action.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: 4/8/2025

Travis J. Richards
Attorney for Landlord

GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF

Michael S. Greenblatt, Esq.
Travis J. Richards, Esq.
Peter N. Fish, Esq.

203 High Street
Mt. Holly, NJ 08060
T-609-267-1301
F-609-267-1305

Jules A. Lieberman, Esq.
Robert P. Weishoff, Esq.
Nicolas G. Rotsides, Esq.

**4/10/2025**

Clerk, New Jersey Superior Court
Burlington County
Special Civil Part
49 Rancocas Road
Mt. Holly, New Jersey 08060

RE: **Cinnaminson Properties, LLC v. Green, Walter**
Docket No.: **BUR-LT-000798-25**

Dear Clerk:

Please be advised that Judgment for Possession was entered in the above-referenced matter and the Warrant of Removal has been requested.

Kindly have the Court Officer schedule the lockout as soon as possible. The Officer may contact **Cinnaminson Properties, LLC** at **(609) 560-8000** to arrange a time and date.

If you have any questions, please contact our office.

Very truly yours,

TRAVIS J. RICHARDS, ESQUIRE

Matthew A. Zabel, Esquire
Attorney ID: 015331985
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Defendant Green

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC,<br><br>Plaintiff(s)<br><br>vs.<br><br>WALTER GREEN,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: LT-000798-25<br><br>Civil Action<br><br>**NOTICE OF MOTION TO VACATE JUDGMENT OF POSSESSION** |

TO: TRAVIS J. RICHARDS, ESQUIRE
GREENBLATT, LIEBERMAN, RICHARDS & WEISHOFF, LLC
141 HIGH STREET
MOUNT HOLLY, NJ 08060

**PLEASE TAKE NOTICE** that the undersigned will apply to the above named Superior Court, at the Courts Facility, 49 Rancocas Road, Mt. Holly, New Jersey 08060 as soon thereafter as counsel may be heard the for an Order Vacating Judgment of Possession.

Reliance will be placed upon the attached Certification of Matthew A. Zabel, Esquire and Certification of Defendant, Walter Green.

PLEASE TAKE FURTHER NOTICE that pursuant R. 1:6-2, oral argument is hereby waived unless opposition is filed, and consents to the disposition on the papers submitted.

A Proposed Form of Order is Annexed hereto.

ZABEL & ASSOCIATES, LLC

Dated: 09/02/2025

Matthew A. Zabel, Esquire
Attorney for Defendant, Walter Green

NOTICE: IF YOU WANT TO RESPOND TO THIS MOTION YOU MUST DO SO IN WRITING. Your written response must be in the form of a certification or affidavit. That means that the person signing it swears to the truth of the statements in the certification or affidavit and is aware that the court can punish him or her if the statements are knowingly false. You may ask for oral argument, which means you can ask to appear before the court to explain your position. If the court grants oral argument, you will be notified of the time, date and place. Your response, if any, must be in writing even if you request oral argument. Any papers you send to the court must also be sent to the opposing party's attorney, or the opposing party if not represented by an attorney.

If you do not notify the Clerk and the undersigned in writing within ten (10) days of service of the motion that you object to entry of the order sought, the court, in its discretion, may enter the order against you without a hearing.

Matthew A. Zabel, Esquire
Attorney ID: 015331985
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Defendant Green

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC,<br><br>Plaintiff(s)<br><br>vs.<br><br>WALTER GREEN,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: LT-000798-25<br><br>Civil Action<br><br>**ATTORNEY'S CERTIFICATION** |

I, Matthew A. Zabel, Esquire hereby certifies as follows:

1. On or about February 20, 2025, the Plaintiff Cinnaminson Properties, LLC filed an Eviction Complaint against Defendant.

2. Plaintiff inputted an erroneous address of Defendant Walter Green into eCourts. The Plaintiff was aware that the address of 209-211 St. Mihiel Drive, Lots 14 and 15 , in Riverside, New Jersey was a vacant lot. As can be seen by the attached proof of service marked as Exhibit "A", the court officer noted "N/A " to the word knocked. There was no mailbox on this property.

3. The Plaintiff was aware that the Defendant resided at 177 East Brook Lane in Willingoboro, New Jersey 08046. On January 21, 2025, Plaintiff had served a Notice to Quit letter on Defendant at his residence via certified and regular mail. See letter of January 21, 2025, marked as Exhibit "B". However, Plaintiff chose to use a

vacant lot to attempt to serve the Defendant with the Summons and Complaint. Therefore, Defendant never received the Summons and Complaint.

4. The trial in this matter was scheduled for April 8, 2025. Defendant never received notice of the trial due to Plaintiff using an erroneous address for service and mail delivery. Defendant would have appeared at trial had he received notice.

5. A Default Judgment of Possession was entered on April 9, 2025. Defendant was never served with the Judgment of Possession. It should be noted that all Court proceeding notices were sent to the wrong address. It is obvious that Plaintiff was aware of the correct address for service on the Defendant by his letter of January 21, 2025, to the Defendant. However, Plaintiff failed to serve the Defendant at his correct address.

6. There was no written lease between the parties and all communications were made by cell phone or direct contact. At the time of this tenancy, the Defendant Walter Green states that his agreement was to pay $500.00 per month and late charges according to the representation made in the original Complaint. There was never an agreement for him to pay $900.00. The additional $400.00 that Plaintiff was seeking was if the adjacent lot was taken by Mr. Green which never occurred since the vacant lot was occupied by other abandoned vehicles.

7. Subsequently, Defendant had the vehicles towed to Cioffi's Towing Service and also removed a landscaper's trailer with two operating commercial mowers and placed them at his own property without Defendant being aware where they were.

8. A Certification of Defendant Walter Green is also being filed with this Motion.

9. Pursuant to NJ Court Rule 4:50.1, §(d), the judgment or order is void if the order has been based on mistake, inadvertence, surprise, or excusable neglect and/or newly discovered evidence which would probably alter the judgment or order which by do diligence could not have been discovered for a new trial. However, this Motion is timely under the Rule and we ask for it to be granted vacating the Judgment of Default and reverting this back to a hearing on the merits.

10. For the aforementioned reasons, I ask the Court to grant my Motion to Vacate the Judgment of Possession.

I certify the foregoing to be true to the best of my knowledge and belief and am aware that if any statement is willfully false, I am subject to punishment.

ZABEL & ASSOCIATES, LLC

Dated: 09/02/2025

Matthew A. Zabel, Esquire
Attorney for Defendant, Walter Green

# EXHIBIT "A"

KXJ

## Tenancy Summons and Return of Service (R. 6:2-1)

**NOTICE:** This is a public document, which means the document as submitted will be available to the public upon request. Therefore, do not enter personal identifiers on it, such as Social Security number, driver's license number, vehicle plate number, insurance policy number, active financial account number, active credit card number or military status.

**Plaintiff or Filing Attorney Information:**
Name: TRAVIS RICHARDS
NJ Attorney [illegible] Number: 016121999
Address: 7,25[illegible] [illegible]H ST

MOUN[illegible] [illegible]LLY, NJ 08060-0000
Telephone: 609-26[illegible] [illegible]1

**Superior Court of New Jersey**
**Law Division, Special Civil Part**
**BURLINGTON County**
**BURLINGTON County Courthouse**
**49 RANCOCAS ROAD**
**MOUNT HOLLY, NJ 08060-0000**

Cinnaminson Properties, LLC

Plaintiff(s)

**versus**

Walter Green

Defendant (s)

**Docket Number: BUR-LT-000798-25**
(to be provided by the court)

**Civil Action**
**SUMMONS**
**LANDLORD/TENANT**

**Defendant Information:**
Name: Walter Green
Address: 209-211 St. Mihiel Drive
Lot 14 & Lot 15
Riverside, NJ 08075-0000
Phone:

**NOTICE TO TENANT: The purpose of the attached complaint is to permanently remove you and your belongings from the premises. You will be notified when a court proceeding is scheduled. Please contact the Office of the Special Civil Part at 609-288-9500 ext.38094 regarding your case. Please go to njcourts.gov for general information on landlord/tenant actions.**

If you cannot afford to pay for a lawyer, contact Legal Services at 609-261-1088 to see if you qualify for free legal advice. If you can afford to pay a lawyer but do not know one, you may call the Lawyer Referral Services of your local county Bar Association at 609-261-4862

You might be eligible for housing assistance. To determine your eligibility, you must immediately contact the welfare agency in your county at 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, telephone number 609-261-1000. If you need an interpreter or an accommodation for a disability, you must notify the court immediately.

**NOTIFICACIÓN AL (A LA) INQUILINO(A) El objetivo de la denuncia adjunta es desalojarle a usted y sacar sus pertenencias permanentemente del sitio alquilado. Se le notificará la fecha cuando se haya programado el procedimiento judicial. Sírvase comunicarse sobre su caso con la Oficina de la Parte Civil Especial llamando al 609-288-9500 ext.38094. Para obtener información general sobre las acciones de propietarios/inquilinos, vaya a njcourts.gov.**

Si no puede pagar los servicios de un abogado, póngase en contacto con la oficina de Servicios Legales llamando al 609-261-1088 para averiguar si reúne las condiciones para recibir asesoramiento legal gratis. Si puede pagarle a un abogado, pero no conoce a ninguno, llame al Servicio de Referencia de Abogados del Colegio de Abogados local de su condado llamando al 609-261-4862.

Es posible que reúna los requisitos para recibir ayuda con la vivienda. Para que se haga esa determinación, tiene que ponerse en contacto inmediatamente con la agencia de bienestar social de su condado en 795 WOODLANE RD., MOUNT HOLLY, NJ, 08060-3335, número de teléfono 609-261-1000. Si necesita un intérprete o un arreglo especial por una discapacidad, tiene que notificárselo al tribunal de inmediato. acomodación para un impedimento físico, tiene que notificárselo inmediatamente al tribunal.

**Date: 02/20/2025**

/s/ Michelle M. Smith
CLERK OF THE SUPERIOR COURT

BUR-LT-000798-25 02/20/2025 9:33:35 AM Pg 2 of 2 Trans ID: SCP2025738667

## Court Officer's Return of Service (For Court Use Only)

Docket Number: ____________ Date 3/14/25 Time ____________

WM ____ WF ____ BM ____ Other ____ Ht ____ Wt ____ Age ____ Mustache ____ Beard ____ Glasses ____

Name: ____________ Relationship ____________

Efforts Made to Personally Serve KNOCKED N/A

Description of Premises if Posted COMM. PROP.

I hereby certify the above to be true and accurate: ____________
Special Civil Part Officer

Docket Number: LT- ____________

# EXHIBIT "B"

Cinnaminson Properties, LLC
PO Box 426
Moorestown, NJ 08057-0426

Sent Certified & Regular Mail
Posted at the Property Location

January 21, 2025

Walter Green
177 Eastbrook Lane
Willingboro, New Jersey 08046

Re: 209-211 Saint Mihiel Drive, Riverside, NJ

# LEGAL NOTICE TO VACATE

Pursuant to New Jersey Court requirements, you are hereby noticed to immediately vacate the property located as listed above. Legal action will now be started to remove you off the property by the Court and Sheriff's Department. Please be advised that legal action is also being started to recover the past due rent and Lien your home & property in NJ to recover same in Superior Court in NJ.

You have been warned – please guide yourself accordingly.

Gregory D. Leonberg, Sr., Manager
Cinnaminson Properties, LLC

cc: Riverside Police Department

Matthew A. Zabel, Esquire
Attorney ID: 015331985
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Defendant Green

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC,<br><br>Plaintiff(s)<br><br>vs.<br><br>WALTER GREEN,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: LT-000798-25<br><br>Civil Action<br><br>**CERTIFICATION OF DEFENDANT WALTER GREEN** |

I, Walter Green, hereby certifies as follows:

1. Subsequent to this notice, I never received any written notification of any Court dates and I did not know an action had been filed against me.

2. The Defendant knew my personal address because he had come to my residence on numerous occasions to either pick up money or for some other communications. He knew the exact address of my residence in Willingboro, New Jersey. Defendant never notified me of the Eviction Complaint. I never received the Eviction Complaint prior to the trial or a trial notice.

3. I noticed that subsequent to his Judgment of Possession, Defendant submitted an exhibit stating that I owed rent for December 2024, January, February, and March 2025 of $900.00 monthly. I have never paid $900.00 in rent monthly nor did I owe that much. My monthly rent was $500.00 per month. The additional

$400.00 in rent was for an adjacent lot that I would have taken if he cleared other tenants' items. The transactions as conducted were that he would notify me when rent was due or I would sent him the money or meet him somewhere to give him cash or I would bring a cashier's check and pay several months in advance of this time. At the most, this could have been when he filed, if he's correct in his numbers, it would have been only a $1,000.00 plus late fees which I gladly would have paid if I received that Notice or any request from him. I never received any request from him. I never received notice of the trial date from the Courts at my address. They were serving a vacant property which had no mailbox and no method for me to see.

4. The lot was blocked by Plaintiff's snow plow on January 21, 2025, as evidenced by the attached photo labeled Exhibit "A". This was done by Defendant prior to his filing of the Complaint.

5. The notice I received from Plaintiff dated January was not accurate and was mailed to my house before he ever filed the Complaint yet he neglected to serve me at my home.

I certify the foregoing to be true to the best of my knowledge and belief and am aware that if any statement is willfully false I am subject to punishment.

Dated: 09/02/2025

WALTER GREEN

# EXHIBIT "A"


2:39
Riverside
January 20 2:19 PM
LIVE

Matthew A. Zabel, Esquire
Zabel & Associates, LLC
Attorney ID: 015331985
8 West Main Street
Maple Shade, New Jersey 08052
(856)779-0060
Attorneys for Defendant

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC<br><br>Plaintiff<br><br>Vs.<br><br>WALTER GREEN,<br><br>Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION/SPECIAL CIVIL PART<br>BURLINGTON COUNTY<br>LANDLORD – TENANT DIVISION<br><br>DOCKET NO.. LT-000798-25<br><br>Civil Action<br><br>ORDER VACATING JUDGMENT OF POSSESSION |

This matter having come before the Court by Motion of Matthew A. Zabel, Esquire, attorney for Defendant, Walter Green, seeking an Order Vacating the Judgment of Possession.

IT IS on this __________ day of ________________, 2025, ORDERED THAT:

1. The Judgment of Possession is hereby vacated.
2. A new trial date has been scheduled for _________________________

_______________________________________
**HONORABLE JOHN E. HARRINGTON, J.S.C.**

Matthew A. Zabel, Esquire
Attorney ID: 015331985
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Defendant Green

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC,<br><br>Plaintiff(s)<br><br>vs.<br><br>WALTER GREEN,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LAW DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: LT-000798-25<br><br>Civil Action<br><br>**ATTORNEY'S CERTIFICATION** |

I, Matthew A. Zabel, Esquire, hereby certifies as follows:

On this 2nd of September, 2025, I caused to be filed electronically Notice of Motion Vacating Judgment of Possession, Attorney's Certification, Defendant's Certification, and Proposed Form of Order to the Clerk of the Superior Court- Burlington County via Ecourts.

MATTHEW A. ZABEL, ESQUIRE

On this 2nd day of September, 2025, I caused a copy of the Notice of Motion Vacating Judgment of Possession, Attorney's Certification, Defendant's Certification, and Proposed Form of Order to the Clerk of the Superior Court- Burlington County via Ecourts and email.

Travis J. Richards, Esquire
Greenblatt, Lieberman, Richards and Weishoff, LLC
141 High Street
Mt. Holly, NJ 08060

I hereby certify that the statements made by me are true. If any of them are willfully false, I am subject to punishment.

Dated: 09/02/2025

Patricia A. Miller

BURLINGTON SPECIAL CIVIL PART
49 RANCOCAS ROAD
COUNTY OFFICE BUILDING
MT HOLLY NJ 08060
TELEPHONE: (609) 288-9500

WALTER GREEN

209-211 ST. MIHIEL DRIVE
LOT 14 & LOT 15
RIVERSIDE NJ 08075

SEPTEMBER 05, 2025

CV0255

CASE NUMBER: BUR LT-000798-25
CINNAMINSON PROPERTI
VS
GREEN WALTER

A MOTION HEARING IS SCHEDULED FOR DOCKET NUMBER LT-000798-25 ON 09-15-2025 AT 01:30 PM

YOU MUST ATTEND IN PERSON.

PLEASE REPORT TO JUDGE JOHN HARRINGTON IN COURT ROOM 1COB

CONTACT THE COURT FOR DETAILS (609) 288-9500

BURLINGTON SPECIAL CIVIL PART
49 RANCOCAS ROAD
COUNTY OFFICE BUILDING
MT HOLLY NJ 08060
TELEPHONE: (609) 288-9500

TRAVIS RICHARDS
GREENBLATT, LIEBERMAN, RICHARD
203 HIGH ST

MOUNT HOLLY NJ 08060

SEPTEMBER 05, 2025

CV0255

CASE NUMBER: BUR LT-000798-25
CINNAMINSON PROPERTI
VS
GREEN WALTER

A MOTION HEARING IS SCHEDULED FOR DOCKET NUMBER LT-000798-25 ON 09-15-2025 AT 01:30 PM

YOU MUST ATTEND IN PERSON.

PLEASE REPORT TO JUDGE JOHN HARRINGTON IN COURT ROOM 1COB

CONTACT THE COURT FOR DETAILS (609) 288-9500

Prepared by the Court

CINNAMINSON PROPERTIES, LLC

Plaintiff(s)

-vs-

WALTER GREEN

Defendant(s)

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION – BURLINGTON COUNTY

DOCKET NO.: BUR-LT-798-25

**CIVIL ACTION**

**ORDER**

**THIS MATTER** having been opened before the Court by Defendant; and for good cause shown;

**IT IS** on this 15 day of September 2025, **ORDERED:**

1. The application for the Order to Show Cause is hereby DENIED for the reason set forth on the record.
2. The plaintiff's attorney will provide the appropriate order.

Hon. John E. Harrington J.S.C. Recall

**PREPARED BY THE COURT**

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC Plaintiff,<br><br>v.<br><br>WALTER GREEN,<br><br>Defendant (s) | SUPERIOR COURT OF NEW JERSEY SPECIAL CIVIL PART BURLINGTON COUNTY<br><br>DOCKET No. BUR LT 000798-25<br><br>CIVIL ACTION<br><br>RESIDENTIAL NON-PAYMENT MOTION TO VACATE DEFAULT JUDGMENT |

THIS MATTER having been brought via motion by Matthew A. Zabel on behalf on Defendant, WALTER GREEN seeking a motion to vacate a default judgment granting Plaintiff, CINNAMINSON PROPERTIES, LLC. The court having read and considered the certifications, and other papers filed herein and having heard oral arguments of Counsel and for good cause shown;

It is on this ______ day of September 2025, ORDERED:

1. The Court hereby dismisses the Defendant's motion to vacate the Judgment of Possession as this issue was adequately addressed and is identical to the issue in the related DC matter.
2. Tenant shall remain out of possession of the relevant property.
3. The matter is dismissed with prejudice.

Dated: September 15, 2025

______________________

Judge Harrington, J.S.C

*New Jersey Division of Revenue & Enterprise Services*
*Certificate Of Amendment To The Certificate Of Incorporation By The Incorporator(s)*
*NJSA 14A:9-1 et seq.*
*New Jersey Profit Corporation Act*

Department of the Treasury
Division of Revenue & Enterprise Service
Business Amendments
Filed

Validation Number: 4321407544
05/20/26 19:07:54

*Verify this certificate online at*
*https://www1.state.nj.us/TYTR_StandingCert/JSP/Verify_Cert.j*

The Undersigned Incorporator(s), for the purpose of amending the original Certificate of Incorporation, does (do) hereby execute the following Certificate of Amendment, pursuant to the provisions of NJSA 14A:9-1 et seq..

1. Name of Corporation: NKB LIQUORS INC

2. Corporation Number: 0451459338

3. Amendments:

Article 8, the Officers and Directors are amended to the following:

JAGDEEP KAUR BHATIA, OTHER
145 MOLLY PITCHER WAY
DEPTFORD, NJ 08096

HARPREET SINGH BHATIA, OTHER
145 MOLLY PITCHER WAY
DEPTFORD, NJ 08096

4. The foregoing amendment was adopted by the unanimous consent of the Incorporator(s) before the organization meeting of the first Board of Directors/Trustees.

The undersigned represent(s) that this filing complies with State law as detailed in NJSA 14A:9-1 et seq. and that they are authorized to sign this form on behalf of the NJ Domestic For-Profit Corporation on May 20, 2026.

**Signature**

HARPREET BHATIA

**PREPARED BY THE COURT**

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC Plaintiff,<br><br>v.<br><br>WALTER GREEN,<br><br>Defendant (s) | SUPERIOR COURT OF NEW JERSEY SPECIAL CIVIL PART BURLINGTON COUNTY<br><br>DOCKET No. BUR LT 000798-25<br><br>CIVIL ACTION<br><br>RESIDENTIAL NON-PAYMENT MOTION TO VACATE DEFAULT JUDGMENT |

THIS MATTER having been brought via motion by Matthew A. Zabel on behalf on Defendant, WALTER GREEN seeking a motion to vacate a default judgment granting Plaintiff, CINNAMINSON PROPERTIES, LLC. The court having read and considered the certifications, and other papers filed herein and having heard oral arguments of Counsel and for good cause shown;

It is on this 19th day of September 2025, ORDERED:

1. The Court hereby dismisses the Defendant's motion to vacate the Judgment of Possession as this issue was adequately addressed and is identical to the issue in the related DC matter.
2. Tenant shall remain out of possession of the relevant property.
3. The matter is dismissed with prejudice.

Dated: September 15, 2025

/s/John E Harrington
Hon. John E. Harrington,J.S.C., Ret Reca
Judge Harrington, J.S.C

Matthew A. Zabel, Esquire (Attorney ID: 015331985)
**Zabel and Associates, LLC**
8 West Main Street
Maple Shade, NJ 08052
(856)779-0060
Attorneys for Defendant Green

| | |
|---|---|
| CINNAMINSON PROPERTIES, LLC,<br><br>Plaintiff(s)<br><br>vs.<br><br>WALTER GREEN,<br><br>Defendant(s) | SUPERIOR COURT OF NEW JERSEY<br>SPECIAL CIVIL PART<br>LANDLORD/TENANT DIVISION<br>BURLINGTON COUNTY<br><br>Docket No: LT-000798-25<br><br>Civil Action<br><br>**CONSENT ORDER** |

THIS MATTER having being opened to the Court by Matthew A. Zabel, Esquire, attorney for Defendant, and with the consent of Plaintiff's counsel, and it appearing to the Court that the parties agreed to the entry of this Order and for good cause shown;

It Is on this __________ day of ____________________________, 2025,

ORDERED:

Plaintiff/Landlord shall vacate the Judgment of Possession with Defendant/Tenant to never return to the property.

___________________________________________
HONORABLE JOHN E. HARRINGTON, J.S.C.

The undersigned hereby consents to the form and entry of the within Order

/s/Nicolas G. Rotsides, Esq.
___________________________________
NICHOLAS G. ROTSIDES, ESQUIRE
Date: October 3, 2025

___________________________________
MATTHEW A. ZABEL, ESQUIRE
Date: 09/26/2025

**Promises by Grantor.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**Signatures.** The Grantor sign this Deed as of the date at the top of the first page. If the Grantor is a corporation, this Deed is signed and attested to by its proper corporate officers and its corporate seal is affixed.

Witnessed or Attested by: JOSEPH M. CHIACCO, INC.

Margaret Powell, Secretary

By: Faye Marinelli, President

Unofficial Document

ACKNOWLEDGMENT

STATE OF NEW JERSEY :
:SS
COUNTY OF BURLINGTON :

BE IT REMEMBERED that on this 12th day of June, 2002, before me, a Notary Public, Faye Marinelli personally appeared before me and stated under oath to my satisfaction:

(a) this person was the subscribing witness to the signing of the attached Deed;
(b) this Deed was signed by Faye Marinelli, who is President, JAMES M. CHIACCIO, INC. named in this DEED and was fully authorized to and did execute this Deed on its behalf;
(c) made this Deed for $300,000.00 as the full and actual consideration paid or to be paid for the transfer of title. (Such consideration is defined in N.J.S.A. 46:15-5); and
(d) the subscribing witness signed this proof under oath to attest to the truth of these facts.

Notary Public

KAREN S. MINGIN HUDNELL
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires July 15, 2004

RECORD AND RETURN TO:

H:\WPFiles\Chiaccio Inc\5665DEED.wpd

ISSUED BY: **Delaware Valley Abstract Corporation**

AGENT FOR COMMONWEALTH LAND TITLE INSURANCE COMPANY OF NEW JERSEY

COMMONWEALTH
LANDAMERICA

File No.: **DV-T-13555**

**EXHIBIT "A"**

**ALL THAT CERTAIN tract or parcel of land and premises situate in the Township of Riverside, County of Burlington and STate of New Jersey, more particularly described as follows:**

**TRACT #1:**

**BEGINNING at a stone in the Northerly line of the road leading from Riverside to Riverton, also known as St. Mihiel Drive, corner to land of one Shinn and extends; thence**

**(1) along the line of the same North 24 degrees 15 minutes West, 263.45 feet to a stone corner to land formerly of William F. Taubel, Incorporated; thence**

**(2) along the line of the same North 89 degrees 5 minutes and 30 seconds East, 21.78 feet to a stone in the line of said Taubel and corner to land of said Walter R. Ziegler; thence**

**(3) along the line of said Ziegler's land South 24 degrees 15 minutes East, 255.53 feet to a point in the Northerly line of the aforesaid road leading from Riverton to Riverside; thence**

**(4) Southeastwardly along th Northerly side of said road 20 feet to the place of Beginning.**

**TRACT #2:**

**BEGINNING at a stone in the North line of Saint Mihiel Drive distant 109.04 feet West of the West line of Fairview Street and extends; thence**

**(1) WEstwardly along North line of Saint Mihiel Drive, 40 feet to a stake for a corner; thence**

**(2) At right angles to Saint Mihiel Drive Northwardly 95.05 feet to a stake for a corner; thence**

**(3) Eastwardly and at right angles to Fairview Street 75.97 feet to a stake for a corner; thence**

**(4) Southwardly and parallel to Fairview Street, 71.27 feet to the place of Beginning.**

**TRACT #3:**

**BEGINNING at a stone distant 100 feet measured at right angles to and West of the West property line of Fairview Street and 81.27 feet measured parallel to Fairview Street and North of the North property line of St. Mihiel Drive and extends; thence**

**(1) South 89 degrees 05 minutes 30 seconds West, 501.05 feet to a monument; thence**

**(2) North 24 degrees 15 minutes West, 252 feet to a monument; thence**

**(3) South 89 degrees 53 minutes 00 seconds East, 543.40 feet to a corner; thence**

**(4) South 00 degrees 05 minutes 30 seconds West, 183.35 feet to a corner; thence**

**(5) South 89 degrees 53 minutes 00 seconds East, 61.3 feet to a corner; thence**

**(6) South 00 degrees 05 minutes 30 seconds West, 35.38 feet to the point of Beginning.**

**TRACT #4:**

**BEING Lots 6 nd 7 on Bechtold's Plan of the Town of Progress, being a rectangular lot of land situate on the Westerly side of Fairview Street, North of St. Mihiel Drive (formerly Lafayette Street) having a frontage on Fairview Street of 40 feet and a depth WEstwardly of 100 feet.**

ALTA Commitment
Exhibit "A"

DB5971 PG120



Unofficial Document

ISSUED BY: COMMONWEALTH LAND TITLE INSURANCE COMPANY

COMMONWEALTH
LANDAMERICA

Commitment No.
File No.: **DV-T-13555**

**EXHIBIT "A"
CONTINUED**

**TRACT #5:**

**BEGINNING at a stone distant 100 feet Westwardly of the Westerly property line of Fairview Street and 106.65 feet Northwardly of the Northerly property line of St. Mihiel Drive and extends; thence**

**(1) South 89 degrees 05 minutes 30 second West 61.3 feet to a stake for a corner; thence**

**(2) North 00 degrees 05 minutes 30 seconds East, 183.35 feet to a stake for a corner; thence**

**(3) North 89 degrees 53 minutes East, 61.3 feet to a stake for a corner; thence**

**(4) south 00 degrees 05 minutes 30 seconds West, 183.35 feet to the place of Beginning.**

**The above five tracts comprising Tax Lots 3, 14 and 15, Block 502.**

**ALSO BEINGknown as 211 St. Mihiel Drive, Riverside, New Jersey.**

Unofficial Document

# Case Report

## Summary

gency: Riverside Township Police Department
gency #: NJ0033100

**Print Date/Time:** 04/15/2026 12:41

### General Information

| | | | |
|---|---|---|---|
| **ase Number:** | 2025-00008485 | **Reporting Officer:** | 07044 - JOO, KEVIN |
| **ccurred ocation:** | 1 W Scott ST, RIVERSIDE TWP, NJ 08075 | **Reported Date:** | 10/20/2025 15:28 |
| | | **Incident Type:** | Theft-Larceny |
| **isposition:** | | **Occurred From:** | 06/26/2025 15:39 |
| **isposition Date:** | | **Occurred Through:** | |

### Offenses

| # | Statute Group | Group Agency | Crime Code | Statute | Description | Offense Date |
|---|---|---|---|---|---|---|
| 1 | State | | 23H - Larceny All Other | 2C:20-3A | THEFT BY UNLAWFUL TAKING | 06/26/2025 |
| 2 | State | | 90Z - All Other Offenses (Except Traffic or Warrants) | 2A:10-1C | CONTEMPT - DISOBEDIENCE TO THE ORDER OF THE COURT | 06/26/2025 |

### Subjects

| Number | Type | Name | Address | Contact Information | Race | Sex | DOB |
|---|---|---|---|---|---|---|---|
| 1 | Suspect | LEONBERG, GREGORY DENISON | | 00 | White | Male | /1958 |
| 2 | Victim | Green, Walter T | 211 RIVER RD, WASHINGTON TWP, NJ 08215 | OTHER - (609) 880-3443 | Black | Male | 07/26/1957 |

### Properties

| Date | Type | Property Loss Type | Description | Name | Subject Role |
|---|---|---|---|---|---|

### Vehicles

| mber | Role | Type | Make/Model | Color | Plate/Registration | Year | State |
|---|---|---|---|---|---|---|---|

### Evidence

| nter | Evidence Type | Code | Description | Current Location | Date Received | Make/Model |
|---|---|---|---|---|---|---|

### Associated Arrest Records

### Summary Narrative

RIVERSIDE POLICE NJ

# Case Report

## Summary

**gency:** Riverside Township Police Department
**gency #:** NJ0033100

**Print Date/Time:** 04/15/2026 12:41

**Narratives**

**lame:** 7044 Narrative **Author:** 07044 - JOO, KEVIN **Supervisor:** **Date Created:** 11/22/2025 09:09

**escription:**

n 11/21/2025 at approximately 0930 hours, Greg Leonberg came to the station and requested to speak with me. I met with him, and we began peaking in the department vestibule. He explained that he wanted to speak to me because I am the supervisor to Officer Lutz. He recently requested iscovery and was provided this incident and found that he was the suspect. He wished to show me civil court documents that he believed showed that Valter Green forfeited his property and therefore, he cannot be charged with theft. He provided these documents to Officer Lutz and was happy to xplain that he recently met with Officer Lutz and berated her for not knowing what she was doing. He stated that he planned on suing the Riverside ownship, Riverside Township Police Department, Officer Lutz, and myself for harassment and defamation of character unless he was removed from ne system as a suspect. I advised him that I would review the matter and determine if he should not have been listed as a suspect in the incident.

made contact with Walter Green's attorney, Matthew Zabel, to get more clarification about paperwork he may have regarding the eviction being uled on. He stated that Docket LT-000798-25 explained that the Landlord (Leonberg) shall vacate the Judgement of Possession (Eviction) and Green hall never return to the property. The other document, Docket DC-008988-25 explained that the matter is dismissed with prejudice meaning there was o ruling, and Leonberg cannot be sued again for this same matter. Zabel mentioned that due to the civil case being vacated, Leonberg should have eturned the property.

then made contact with Walter Green who explained that he had been waiting for transcripts from the court where the judge told Leonberg not to nove any of the property. Green additionally mentioned that the court advised him that he could proceed with criminal complaints. He planned on ringing that paperwork in to assist in our investigation. When he came with the paperwork, I requested that he fill out a formal statement of loss form nd provide any receipts or proof of ownership he may have.

contacted our township administrator and spoke to her and the township solicitor in reference to the potential lawsuit. I explained the situation egarding Leonberg being listed as a suspect in the matter and they did not believe there were any legal implications with Leonberg being listed as a uspect. I confirmed with them that no criminal charges have been filed yet and the matter is still being investigated.

---

**lame:** 7044 Supp **Author:** 07044 - JOO, KEVIN **Supervisor:** **Date Created:** 04/01/2026 15:23

**escription:**

n 4/1/2026 at approximately 1200 hours, Walter Green contacted out department and spoke to our secretary about a complaint. He requested to peak to me about a prior case. He told the secretary that he spoke to the BCPO and was told that we have to let him sign a complaint, but we were efusing to allow him to. I spoke with DSgt. Snow who confirmed that the last time he talked to him, Green was supposed to turn in a proper Statement f Loss form and never did. He was also never told that he could not sign complaints by myself or Dsgt. Snow. I attempted to contact Green two eparate times, but he did not answer the phone. I could not leave a voicemail due to the mailbox being full.

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

Case: 2025-8485 Date: 11/21/25

On the above listed date and time I had a conversation with Sgt. Joo in reference to a possible theft which was part of an ongoing legal dispute in civil court between Gregory Leonberg who is the owner of Cinnaminson Properties LLC. and Walter Green who was a tenant of Leonberg's. Sgt. Joo advised he had received legal paperwork from Leonberg which was filed in civil court in reference to the matter and that he did nothing criminal. Ptl. Lutz had also received paperwork from Green and told Ptl. Lutz that he was wrongfully evicted from the property and was advised to report the theft of the items to Riverside Twp. Police Dept.

I reviewed a stack of legal documents which were filed in civil court and are outlined as follows:

On 06/02/2025 Walter Green completed and filed a "Form A" with the Superior Court Burlington County in reference to a verified complaint for wrongful distraint seeking return of personal property and restraints. Mr. Green filed a "form B" which was an order to show cause for return of personal property and restraints. Mr. Green also filed a "form C" which is a certification in support of order to show cause for return of personal property and restraints. All forms filed had Mr. Green listed as the plaintiff and Leonberg was listed as the defendant. Mr. Green made payment and the paperwork which was entered on 07/02/2025. On the "form A" Mr. Green indicated his landlord changed the locks and started selling his property which he valued at $75,000.00. The "form c" indicated Mr. Green was illegally locked out and the personal property was confiscated by the defendant/landlord and had not been returned. There was no pending landlord/tenant action in the Special Civil Part court allowing for the eviction or taking of the property. There was no TRO or FRO in place allowing the eviction or the changing of the locks. He had been unsuccessful in his attempts to regain my personal belongings since the lockout. He had suffered and will continue to suffer hardships because of the personal belongings having being kept from him.

On 07/23/2025 Superior Court of NJ Burlington County docket no. DC-8988-25 The Hon. John E. Harrington ordered the defendant Gregory Leonberg appear on 08/07/2025 and show cause.

On 08/07/2025 another order to show cause was entered by the Hon. John E. Harrington with both parties to appear on 08/15/2025.

On 08/11/2025 paperwork was filed with the court from Nicholas Roadside Esq. who was representing Leonberg in the matter. The paperwork stated the defendant denied all counts and allegations set forth in the Plaintiff's complaint and provided all of the defenses to same. It also listed a counter claim which stated on or about 2019 the parties entered into an oral lease agreement whereby Green would rent from Leonberg the real property located at 209-211 Saint Mihiel Drive in Riverside. The property was supposed to be for Green's commercial use, however he was never able to obtain proper permitting so the property was rented primarily to store vehicles and other items on the property. It was stated at or around October of 2024 the rent was $900.00 per month. It was stated on or about 04/29/2025 Green was locked out of the property by an officer of the special civil part and Green continued to utilize the property to store items. It also indicated as of the filing Green owed Leonberg $9,000.00 in unpaid rent for the months of November 2024 through August of 2025.

RIVERSIDE POLICE NJ

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

On 08/15/2025 an amended order to show cause-ejectment was filed ordering the defendant to appear and show cause before the Hon. John E. Harrington on 09/04/2025.

On 08/20/2025 a certification of counsel was sent in for the order of show cause by Nicolas Roadside Esq. representing Leonberg in the matter scheduled for 09/04/2025. This document outlined the events of the dispute as well as provided attachments backing up the events. Roadside put in the document Green was legally evicted and the vehicles involved in this dispute were towed from the property on or about 06/27/2025 by Cioffi's towing after conclusion of a lawful eviction action. Roadside indicated Leonberg was in compliance with both the NJ Abandoned Property Act and NJ involuntary towing law. Roadside also indicated Leonberg had waited months for Green to voluntarily remove the vehicles. Roadside indicated the lawful eviction that removed Green from the property was filed in Burlington County on or about 02/20/2025 under LT-798-25 Cinnaminson Properties V. Walter Green. Roadside stated on or about 04/09/2025 a default judgement for possession of the property was entered in favor of Leonberg in the eviction. Roadside indicated a warrant of removal was then executed on or about 04/29/2025 by Officer Jenkins with the Burlington County Special Civil Part at the property. Roadside stated at the time of the document no Rule 4:50-1 motion was filed to vacate the judgement for possession entered in the eviction. Roadside provided "Exhibit C" showing proof of service that Officer Jenkins properly posted the eviction pleadings to the property on or about 03/14/2025. Roadside provided "Exhibit D" which was correspondence Leonberg sent to Green's residence via regular and certified mail on or about 01/21/2025 advising of the forthcoming eviction action. Roadside put in the document Green was provided with ample notice and placed on alert that there was a dispute as to the rent due and legal action was pending which could threaten removal of the vehicles from the property.

Roadside stated after conclusion of the lawful eviction lockout on or about 04/30/2025. Leonberg sent Green an abandoned property letter advising Green he had thirty three days to remove his vehicles, or else they would be abandoned. Roadside indicated Leonberg was under no obligation to provide Green with an abandoned property act notice prior to having his vehicles towed, however did so anyway out of an abundance of caution. Leonberg had the vehicles removed on or about 06/27/2025, during which time Roadside stated Leonberg attempted to contact Green repeatedly to advised the vehicles needed to be removed to which he stated he received no response. Roadside also indicated he ask Green show proof of ownership of the vehicles which were towed from the property as information and belief Green was storing the vehicles on the property pursuant to an unlicensed towing operation and believed some or all of the vehicles did not belong to Green. Roadside also placed in the paperwork the action was brought against Leonberg personally and it should have actually been brought against Cinnaminson Properties LLC which is the entity that actually owns the property.

On 10/14/2025 paperwork from Superior Court of NJ Landlord/Tenant Division Burlington County Docket# LT-000798-25 listing Cinnaminson Properties LLC as the Plaintiff and Walter Green as the defendant. This consent order document ordered Cinnaminson Properties LLC shall vacate the judgement of possession with Green to never return to the property.

On 10/15/2025 paperwork from Superior Court of NJ Special Civil Part Law Division Burlington County Docket# DC-008988-25 listing Walter Green as the plaintiff and Gregory Leonberg as the defendant. This

RIVERSIDE POLICE NJ

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

consent order document ordered the matter was dismissed with prejudice and with Green having removed all of his property on or before 09/15/2025. This completes the outline of the paperwork provided to Riverside Twp. Police Dept.

11/24/2025 at 15:51 hours

I sent an email to Burlington County Assistant Prosecutor K. Bastedo requesting how I could get in touch with someone in civil court for the purpose of obtaining the transcripts between Green and Leonberg.

11/25/2025

I received a call back from AP Bastedo and she provided me with a phone number to call in order to request the transcripts from civil court. I also ran the details of the case by her and she indicated it did not sound like a criminal matter at this time. AP Bastedo advised to call her back if I reviewed the transcripts and believed anything had changed.

I contacted the civil court records dept. and spoke with Administrative Specialist Rebecca Guzman. I provided her with names and docket numbers for the case I was requesting. Mrs. Guzman forwarded my information via email to the transcripts email mailbox.

I also contacted Green in reference to obtaining a proper statement of loss form for the property he is claiming was stolen by Leonberg, however did not receive a call back.

11/26/2025 at 11:49 hours

I received an email from Administrative Specialist Kristen Franck. Mrs. Franck provided me with the forms to complete and submit for the transcripts.

16:47 hours

I sent the completed forms via email for the transcripts.

12/01/2025 at 08:52 hours

I was copied on an email from Mrs. Franck to three other employees of the court indicating I was looking for transcripts where both parties were present and the Honorable Judge Harrington made rulings in the cases.

12/02/2025 at 14:55 hours

I received an email from Mrs. Franeck advising to resubmit the paperwork with updated dates based off an email from the Honorable John Harrington's secretary who indicated the LT-798-25 was only there one time and only Leonberg was present. She also stated in the matter of DC-8988-25 both parties were only present on 07/23/25 and 09/04/25 and that there was a ruling made on both dates.

15:21 hours

I resubmitted the transcript request as advised.

16:13 Hours

I received the audio recordings for LT-798-25 Cinnaminson Properties LLC V. Walter Green dated 09/15/25 as well as DC-8988-25 Green V. Leonberg on 07/23/25 and 09/04/25. I reviewed the audio recordings which were saved to the dept. server.

In the matter of Walter Green V. Gregory Leonberg that took place on 07/23/25 the recording is 00:20:21 long. The following is a summary of what was said. The Honorable John Harrington confirmed both parties were present and sworn in. Leonberg's attorney identified himself as a representative with Robert Bowman Greenblatt Lieberman Richards & Weishoff representing the defendant. Judge Harrington advised he did not see any paperwork filed by the defense, but would speak with them in a minute. Judge Harrington advised it was a wrongful distraint meaning Green wanted some property back. Judge asked if Green was a tenant and asked if he left on his own. Green confirmed he was a tenant and was locked out. Judge Harrington asked if he was in court for the lockout to which he stated no and he was just served with a letter approximately 01/2025. Green was asked when he left the property and he stated approximately January of 2025 Green claimed he left the property after he got his plow truck out and paid the rent. Green claimed Leonberg plowed all the snow up in front of the gate not allowing him to get his vehicles out of the lot. Green states he was renting the lot up until he was locked out. Green also claimed he did not owe Leonberg any money. Green claimed he was shut down in January of 2025 when he was taking over one of the other sections of the yard from another renter and was supposed to pay $900.00 a month.

Judge Harrington stated Green filed the paperwork in July and asked what happened from January to July. Green claimed he kept going back to get his stuff out and Leonberg was selling off his property and moving it out. Green claimed he kept paying rent. Green stated Leonberg told him he had served him and put something on the gate which he claimed Leonberg never did. Judge Harrington asked where the tow truck and other property was currently and he stated it should still be in the lot. Judge Harrington asked Leonberg's counsel where the tow truck and other property was. Leonberg advised the vehicles were all towed by Cioffi's Towing in Merchantville and if any other property remained that was trash it was disposed of. Leonberg stated he went through the entire eviction process. Judge Harrington asked if Green was familiar with the Cioffi's to which he stated he was not. Judge Harrington asked Leonberg's attorney to provide Cioffi's information to Green. Judge Harrington asked when it was taken to Cioffi's and requested a date. Leonberg then stated Green was served on 01/29/25 via certified mail that the eviction process was going to start. Leonberg claimed Green had not made any payments from 11/24 to date. Leonberg stated 03/17/25 a judgment issued by Judge Harrington in landlord tenant. Leonberg stated on 03/29/25 a warrant of removal was executed by Officer Jenkins. Judge Harrington asked if Leonberg sent the thirty day letter to which Leonberg stated he did send it via regular mail. Leonberg stated he let the thirty three days expire meanwhile nothing was moved from the property. Leonberg stated he found Cioffi's who was willing to tow the vehicles and the 06/27/25 the vehicles were towed. Judge Harrington asked Leonberg if he sent written notice to Green of the vehicles being impounded or removal. Leonberg stated Green was on the property and he was advised by Riverside Police. Judge Harrington asked again if he sent a letter to Green notifying him of the impoundment of the vehicles

and to sell them under the lean act. Judge Harrington was advised the vehicles were under the possession of Cioffi's and that Leonberg did not have any control of the vehicles.

Judge Harrington stated he was not going to listen anymore and there were two parts to this case. Judge Harrington told Green he had to outline his damages complaint more and he had to show Leonberg had not authority to lock him out. Judge Harrington also stated he had to deal with the LT docket where a judgement was issued by him permitting to lock him out. Judge Harrington told Green if the lockout was improper he had to go back to landlord tenant and seek a reversal of the decision. Judge Harrington stated the third problem that exists in the case is that even though the property was left there most commercial leases have paragraphs which are different from residential settings that deal with goods left at the premises. Judge Harrington stated there was a statute that gives the owners of the property a lien for unpaid rent in the commercial setting. Judge Harrington stated it would be a statutory lien which they would have to enforce by proper noticing. Judge Harrington stated Green needed to get someone to help him and stated if he assumed everything he told him was right and everything Leonberg said was wrong, but he had to prove his case with the right documentation. Judge Harrington then told both parties he wanted every single piece of paper both parties had to prove their case in chronological order and exchanged with each other. Judge Harrington also told Leonberg's attorney he wanted their answer and counter-claim. Judge Harrington then read Green's complaint to the attorney stating the complaint wanted the return of the personal property awarding damages if they were done in twice the amount if they were done illegally as well as any other relief the judge felt necessary. Judge Harrington stated he wanted the towing company stopped and not to sell anything. He advised the attorney to tell Leonberg he is to contact the towing company and they are not to do anything with the property. Judge Harrington then advised Green he needed to name the towing company as a defendant to prevent them from selling his property without getting an opportunity to get his property. Judge Harrington also advised Green to get an attorney to help him. Judge Harrington stated in a few weeks everything will be exchanged and they will mediate the case. Judge Harrington advised Green if he can prove to him that he paid all the rent and Leonberg was not telling him the truth then that was part one. Judge Harrington went on to say if he could not prove that and Leonberg was telling the truth then landlord tenant case was running contrary to his case. Judge Harrington stated the landlord tenant case where there was nonpayment of rent judgements issued by himself and warrants issued by himself that was proper but it was based on the foundation that it was improper then Green had to prove that. Judge Harington stated if he could not then Leonberg acted properly. Judge Harrington stated Green had to demonstrate he was entitled to the appropriate notice for his enforcement of the lien for the nonpayment of rent in the commercial context. Judge Harrington ordered both parties to exchange all the information before the following Friday and they would come back on 08/06/25.

Judge Harrington advised both parties if they do not do what he told them to do he would not hear any of it as it was not a TV show. Someone from the court then interrupted and stated that day he already had five cases. They then decided to set it for that following Thursday but never said the date I believe it was for 08/14/25 which would have been that Thursday. Judge Harington then instructed Green to get his goods away from the storage company so he can start his business back up. Judge Harrington then explained the tort claim where he claimed Leonberg interfered with his business. Judge Harrington then again instructed Green he had to get his property. Judge Harrington then told Green he owed Leonberg money from his perspective. Judge Harrington stated he was telling Leonberg's attorney to have Greens property ready to be picked up by him. Judge Harrington stated if he left the property there it was on Green. Judge Harrington went on to say Green had to make sure he was to get his stuff and to get it out within the next 48 hours. Judge Harrington stated Cioffi's

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

spent time and money to get the property and told Green he may have to pay to get the property out but he would have to go after Leonberg for damages. Judge Harrington stated he wanted an order stating this was a complaint for distraint seeking damages and Green needed provide additional data and also the defendant must file an answer and a counter claim. Judge Harrington stated they are to exchange all information by the following Friday that support their relative positions. The Judge Harrington also ordered Leonberg to contact Cioffi's to have the vehicles available to Green to be removed within 48 hours, and that Green get an attorney. The judge then moved on to the next case.

In the matter of Walter Green V. Gregory Leonberg that took place on 09/04/25 the recording is 00:24:21 long. The following is a summary of what was said. The Honorable Judge Harrington addressed Green's attorney who was identified as Matthew Zabel Esq. Judge Harrington asked Zabel if he was representing someone in reference to an ejectment. Mr., Zabel stated it was actually for an order to show cause for an illegal lock out and he indicated he filed a motion the day before to vacate the judgement of possession based on service. Judge Harrington introduced the case on the record. Zabel stated last time they were there he needed to get more stuff together and indicated he filed the motion to vacate the judgement of possession because he believed the lockout was never legitimate due to not receiving proper notice and service. Roadside interjected and stated the dispute was originally an LT case. Roadside stated there was a question as to the belongings at the property and stated he would like to cut to the chase. Roadside stated Green and Zabel were arguing the eviction was void for various reasons and should be vacated. Roadside stated the argument was mute because Green does not want to be at the property and Leonberg does not want him at the property. He stated there was some trailers and personal items still at the property and Leonberg was fine with him coming to get the property. Roadside went on to say there were four or five vehicles that were towed from the property and in impound. Roadside stated Green was welcome to go get them out of impound and neither party wanted the vehicles back on the property. Roadside stated if there is a money damage claim later on he would have to file a separate lawsuit later on. Roadside stated reopening the LT docket would be counterintuitive.

Judge Harrington stated it was not even before him and in an indirect way wanted to get to the bottom line. Judge Harrington stated when they last met Green was to have access to the property to remove anything he still had there and if he did not do it he had the opportunity to submit a damage claim. Judge Harrington asked what he wanted him to do today. Zabel stated Greens property was removed after Leonberg was told by Judge Harrington in court not to remove the property that it was all removed and placed at Cioffi's. Zabel stated it cost approximately seven or eight thousand dollars. Leonberg can be heard saying that was not true. Judge Harrington then stopped Zabel and asked what property he was referring too. Zabel stated he was talking about a tow truck, four other vehicles and a trailer with two commercial lawn mowers that he claimed was moved to another property. Zabel then stated Roadside stated the trailer is at another location. Zabel stated the vehicles at Cioffi's are accruing costs at approximately eight thousand. Judge Harrington asked where the vehicles were and they stated Cioffi's the towing company. Judge Harrington stated when they were there a while ago he told Green to go get the vehicles. Green stated he was here when Judge Harrington told Leonberg not to remove anything. Judge Harrington interrupted and stated he believed they were here afterword. Zabel stated they were here approximately two weeks ago. Zabel stated he and Roadside then they put it off for two weeks. Judge Harrington stated let's make the assumption that Zabel is absolutely one thousand percent correct. Judge Harrington stated he was not awarding damages here and that if green wanted

RIVERSIDE POLICE NJ

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

to go get his vehicles, pay the money, and then sue them for damages due to the unlawful removal pursuant to his court order or the fact that the LT was improper then that was up to him. Judge Harrington stated there are processes for that. Zabel stated he wanted Judge Harrington to tell Green that because Green is angry at him thinking this was all tied there to this case. Judge Harrington stated he did not know why Green would be angry at Zabel and that he was doing what he was supposed to do. Judge Harrington stated Green had to mitigate his damages meaning once he found out the vehicles were impounded he should have gone and gotten them. Judge Harrington stated they even talked about that. Judge Harrington stated if he did not do it that was okay, however that would be something they would have to deal with in the case when he sues for damages. Judge Harrington stated they would have to figure out if he was entitled to the full eight thousand or whether his failure to mitigate is an impediment. Judge Harrington stated he did not know the answer to that in the abstract, but there was no question whether he was evicted properly or not the landlord put aside the challenge to the eviction. Judge Harrington stated the landlord has the right to assemble all of the property, notify the people that he was going to put it somewhere, and that their duty is to go there and pay the moving and storage cost. Judge Harrington stated he did not know when the notice came, but they were there some time ago. Zabel stated he was not involved until June.

Judge Harrington asked if any of the issues came up in the landlord tenant case. Zabel stated Green never showed up because he was never noticed or served due to Leonberg serving a fence with empty mailboxes instead of his residence. Judge Harrington asked Zabel if he had another case DC docket. Zabel stated they had this DC docket and the LT docket which he just filed a motion to vacate. Judge Harrington stated this DC docket was filed in July and he filed an order to show cause. Judge Harrington stated he did it again because there is always an issue of service with self-represented parties. Judge Harrington asked where this property was and Zabel stated it was in Riverside. Judge Harrington asked if it was lot fourteen and fifteen, which they confirmed. Judge Harrington asked who was Jasmine Scrutchins and then stated it must have been a misprint. Judge Harington stated there was then a notice of appearance by one of the council on 07/30. Judge Harrington stated there was a submittal on 08/06 for an order to show cause. One of the council stated he needed more documentation and requested an adjournment. Judge Harrington stated on 08/07 he did an order to show cause naming Leonberg for an illegal lockout and to appear on 08/15. Judge Harrington stated on 08/15 there was a request for adjournment. Judge Harrington stated he had an affirmative defense and counter claim filed by them. Judge Harrington stated the counter claim indicated they had an oral lease for the property for Green's commercial use, the rent was $900.00 a month, and that Green owed them approximately nine thousand dollars. Judge Harrington stated he was not saying Leonberg was right, however it was just stating what the counter complaint was. Judge Harrington went on to say Leonberg wanted damages for that. Judge Harrington stated on that same day they decided to come back today. Judge Harrington stated possession is not an issue and Zabel was claiming that he wanted him to compel them to return the vehicles and property to Green and their answer is they have already done that and they have put it in storage and whatever was left on the property to come get it. Zabel stated there are some things that are not on either and have been moved. Judge Harrington stated if that is true and it is not in storage or on the property then top write a list like they do in all property cases and that becomes part of the case for damages. Zabel stated he would have to file an answer to the counter claim and possibly move it to Superior Court to deal with the damages or start a whole new action.

RIVERSIDE POLICE NJ

RIVERSIDE TOWNSHIP POLICE DEPARTMENT
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

Judge Harrington stated he tried to look at things from a practical stand point. He went on to say the practical answer to all this is Green should go get the property from impound that he claims is eight thousand dollars and Leonberg claims Green owes him nine thousand. Judge Harrington stated Green has to owe Leonberg something and that it can't be zero. Zabel stated it actual may be but he did not have all of the proofs in front of him. Judge Harrington then went on to say they have competing damage claims and meanwhile to mitigate damages what Green needs to do is go get the materials that are still at the property, go to get the stuff out of impound, and pay the fee. Judge Harrington stated this will become part of his damage claim when he files a complaint in special civil part claiming he was unlawfully evicted and this was the cost to him. Judge Harrington stated remember Leonberg has answers and counter claims.

Judge Harrington asked Zabel if his client had any objection to going and getting the stuff that's at the property. Green asked do what now? Judge Harrington stated you will go to his property and get the stuff that's on the property. Green stated his stuff was at Leonberg's house and the impound lot. Green stated the last time he was here and Judge Harrington told him to hire an attorney he told Leonberg not to move the property. Judge Harrington told Green that was enough and asked Roadside where all of the property was. Green then stated it was in two different places. Roadside then answered there was a trailer, a camper trailer, and some other personal items at the original tenancy lot. Roadside said there are four or five vehicles at the impound lot. Judge Harrington stated the things that are at the original property Green should go pick up that day or the day after at the latest. Judge Harrington asked if there was anything at Leonberg's home that Green is claiming is his. Roadside and Leonberg both stated there was nothing at his home. Zabel stated Roadside told him something different the last time they were there. Judge Harrington stated then they will talk. Zabel stated then that would have to become part of the damage complaint. Judge Harrington stated then it would be like any other damage claim which would be here's what I had when I left, here is what I was able to secure, here's what is missing, and here is how I determine valuation. Judge Harrington stated here's my proof of value because if it's an old truck proof of value is what I paid for the truck and what the value of the truck is today. The difference in the value is what you get. Judge Harrington stated this sometimes requires experts, but he was not saying he had to do that. Judge Harrington stated they had to take the time and show everything to maybe come up with an agreement. Judge Harrington then went on to say right now Green needs to go get the items out of impound and to the extent that violated any of his orders or was unlawfully taken there because of an unlawful LT case is the subject matter of what damages he was seeking plus the fees which he would be seeking in a separate lawsuit.

Judge Harrington stated he thought that is what Green should do because he cannot order them to do something they tell him they don't have. Judge Harrington stated he can order them to cooperate. Judge Harrington stated let's say by noon time tomorrow he comes with all he needs to remove whatever is left on the property and then goes to the storage place and gets the stuff out of impound. Green then stated the things Leonberg had impounded he impounded from someone else picking up from another storage yard and they went to then went to that storage yard and got it released form the place Leonberg had it impounded too. Green stated the people that owe him money for it. Zabel then stated that's a part of the lawsuit for damages. Green stated damages or not it got him in a situation because the same thing Cioffi's does he does. Green stated now they have removed it and taken it to a storage lot where the vehicles are no longer there. Judge Harrington then asked if he could ask a different question in his way. Judge Harrington then went on to ask the vehicles that are in storage at this place were removed. Green stated so far one of the vehicles was

RIVERSIDE POLICE NJ

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

removed which was the largest ticket he had and it was removed for peanuts. Green stated he had the vehicle for a year and a half. Judge Harrington stated the person who owes him the money for that still owes him the money for it. Judge Harrington stated for whatever reason he impounded it they still owe him the money for it. Green stated they are not going to pay him the money when he doesn't have the vehicle as the vehicle is in their possession now. Judge Harrington stated he cannot try that case like this and he was only explaining say Green needs to go get the vehicles out of impound so it does not happen again. Judge Harrington stated if Green believed he was deprived of something by assuming liability he would have to prove the damages he suffered by Leonberg unlawfully taking his property and putting it in storage. Judge Harrington stated he may not know this but the person who came to get the vehicle out of storage that Green impounded must have paid the storage fees which applied to the vehicle at the current lot. Green stated the fees there were half of his and that they owed him forty-five hundred and they paid maybe eighteen hundred. Judge Harrington stated he had to listen to him if it's no longer eight thousand dollars it's a lesser amount and that you have to show it and put it together.

Judge Harrington said his lawyer is very good at what he does, he understands this perfectly, and he wants him to understand it. Judge Harrington stated he will echo what he says because this is the law. The law is you are entitled to reclaim your property in storage. To the extent that some has already been removed that is subject to a separate lawsuit down the road. To the extent such stuff has been removed they paid the storage fees to that vehicle and you only pay the storage fees of the remaining vehicles. If those vehicles are not your vehicles you have the ability to mitigate your damages and get the money from the people you took them from. There is a lot of things you can do put today you are not being but back on the property. They put your property in storage, you can redeem it, and sue for whatever it cost for you to redeem it. They have to give you your property tomorrow by noon time. Judge Harrington stated he did not know how Green was going to do it whether that be by moving van, cars, or trucks. There were then whispers that are somewhat difficult to make out, however Green can be heard saying he would not be able to do it that fast. Zabel then stated Green would need a little more time. Judge Harrington asked when he would be able to do it. Green stated he will not be able to do it until like the fifteenth. Roadside stated Leonberg was not going to be able to do it that day as he is a state official with the fire dept. and would be at the state convention. Roadside requested they get him a list of stuff that is there at the original lot. Judge Harrington stated he gets what you want them to do, but he gets out of the chair today, talks to you for a while, drives to the lot, and looks at it taking photos himself. Judge Harrington stated it is not that hard to do.

Zabel stated if it is not that much he can get it out sooner than later. Zabel stated he would work out the arrangement. It was then agreed upon they would to the fifteenth. Judge Harrington stated Green was going to go over there today to get out of this what's there story. Judge Harrington stated he was going to go over and look which would also help him get together his complaint of whatever else is missing. Zabel then stated that may be someone else and not him as he is thinking of putting Green with a litigator. Judge Harrington stated if it is self-represented it is very complicated and may need experts. Judge Harrington stated he has to think about what he owns and doesn't own before he brings that suit. Judge Harrington then stated the order is to be as follows application denied case dismissed subject to the following terms:

A. Green is permitted to review the property today and tomorrow to see what is on the property. Green is to remove anything on the property by 09/15.

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

B. Green may at any time redeem the vehicles taken to the storage area at his cost without prejudice to including that as a damage claim in any subsequent proceedings with respect to the allegation that the LT complaint was improper.

There was then some fumbling of words and Zabel stated that motion was still pending. Judge Harrington stated that was in LT land and that he was telling him to the extent if. Roadside then asked if they could resolve that LT right now. Judge Harrington stated since he is no longer here even if he gives them what he wants in LT he still won't go back to the property. Zabel then stated he just wanted the order with the judgement of possession vacated. Judge Harrington then stated Travis. You can then here whispering between Roadside and Leonberg and Leonberg stated whatever you want me to do to Roadside. Roadside stated if it was okay with the court they would vacate the judgement for possession off of his record subject to him surrendering possession here under which resolves everything. Judge Harrington stated good point we will put that as a paragraph. Judge Harrington stated that takes care of a lot and Zabel did a lot today. Judge Harrington stated finally application denied Travis to do the order. The recording then ends.

In the matter of Cinnaminson Properties LLC V. Walter Green that took place on 09/15/2025 the recording is 00:05:52 long. The following is a summary of what was said. Leonberg and his counsel were present in front of the Honorable John Harrington who swore in Leonberg and asked if the tenant vacated the property. Leonberg stated Green was supposed to vacate the property by today and everything was to have been removed off the property by today. Leonberg stated Green had not removed everything off of the property, Green made no attempt to remove anything off of the property, and believed he had not removed anything from impound which he was supposed to do. Judge Harrington asked Leonberg if he made a judgment in this case prior and they stated he did. Judge Harrington asked what his judgment was. Leonberg's attorney advised the judgement of possession be vacated and Green agreed to remain out of possession. Leonberg's attorney stated he was informed that matter was mute because the judgment of possession was vacated and green had vacated the premises with the only remaining issue being the property. Judge Harrington interrupted indicating there was a companion DC docket and he stated he was denying the motion because the matter was resolved in a DC docket. Judge Harrington told the attorney to file an order indicating same.

19:58

I received estimates for the cost of the transcripts was estimated at $511.53. I advised them not to proceed with transcribing the records.

12/16/2025

I spoke with Sgt. Joo who advised he was sin contact with Green and Green wanted to know what was going on with the case.

12/17/2025 at 07:25 hours

I was forwarded a voicemail from Green requesting a call back. I again attempted to contact Green on the number he called me at unsuccessfully, and I left a voicemail to call me back again requesting a proper statement of loss form for the property he is claiming was stolen.

**RIVERSIDE TOWNSHIP POLICE DEPARTMENT**
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

2/18/2025 at 11:15 hours

I contacted Burlington County Assistant Prosecutor K. Bastedo in reference to the case. I advised her after reviewing all of the documents received and listening to the audio recordings I did not see any evidence of a criminal offense occurring. I advised her I still believed everything to be civil however I know Green is adamant that he would like to sign a complaint in the matter. I asked AP Bastedo if she could review my report to see if she believed there was any criminality. AP Bastedo advised she would look it over and to email it to her. I emailed her a copy of my report.

12:13 Hours

AP Bastedo called me back advising she believed the matter was all civil as well. AP Basetdo advised if Green still wanted to sign a complaint then he could do so and it would be forwarded to their office for probable cause determination.

04/02/2026 at 12:14 hours

I was notified Green had been calling the station and requesting to sign a complaint against Leonberg. I contacted Green via phone and he answered. I spoke with Green and advised him he would need to come to the station to pick up an affidavit of probable cause form as well as a statement of loss form to complete for what was taken. Green was advised everything would be left in a folder for him to come pick up when he was available. Green advised he would pick the forms up as he wished to pursue complaints at this time because his insurance company would not accept his claim without complaints.

04/09/2026 at 10:03 hours

I received a forwarded voicemail message from our secretary from Green requesting a call back. I was out of the area and unable to call him back at this time.

04/13/2026 at 13:23 hours

I forwarded Green's probable cause statements, his statement of loss forms, and my report to the on duty Burlington County Assistant Prosecutor, AP Courtney O'Brien for review.

13:26 hours

I contacted Green and confirmed the vehicles he was claiming on his statement of loss form were the ones that were towed to Cioffi's. Green did confirm they were towed there. Green was advised I would be completing the complaint, which would then be forwarded to the prosecutor's office for probable cause determination. Green was advised if I needed anything else I would contact him. Green was also provided with the case number.

04/14/2026 at 14:18 hours

RIVERSIDE TOWNSHIP POLICE DEPARTMENT
1 West Scott Street, Riverside, NJ 08075 (856) 461-8820

I received a voicemail from Shakia Lane who advised she was an insurance adjuster with Progressive. She advised she had received claim# 25-263967847 involving a Walter Green and was requesting information.

04/15/2026 at 12:29 hours

I contacted Lane in reference to the Green claim. I advised her I had completed a detailed report in reference to this case and provided her with the records email to request a copy of the police report.

04/22/2026 at 14:05 hours

I spoke with AP O'Brien about the case. AP O'Brien advised they would be denying the complaint and sending Green a denial letter. AP O'Brien advised once I was able to generate the complaint to let her know and she would take care of the complaint and denial letter.

04/24/2026 at 10:25 hours

I entered Green's citizen complaint as a to be determined complaint for theft against Leonberg under complaint number 0331-2026-000093. I advised AP O'Brien via email and she was provided with Green's address. A copy of the complaint can be found within the case folder.

Submitted by,

037

DSgt. S. Snow #37